Pro Se 4 (Rev. 12/16) Complaint for a Civil Case Alleging Breach of Contract

FILED          LODGED
RECEIVED       COPY

MAY 2 6 2020

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

# UNITED STATES DISTRICT COURT

### for the

### District of Arizona

### Prescott Division

Brian Erskine

_____
**Plaintiff(s)**
*(Write the full name of each plaintiff who is filing this complaint.
If the names of all the plaintiffs cannot fit in the space above,
please write "see attached" in the space and attach an additional
page with the full list of names.)*

**-v-**

Forrest Fenn

_____
**Defendant(s)**
*(Write the full name of each defendant who is being sued.  If the
names of all the defendants cannot fit in the space above, please
write "see attached" in the space and attach an additional page
with the full list of names.)*

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.   **CV20-08123-PCT-DMF**

*(to be filled in by the Clerk's Office)*

Jury Trial:  *(check one)*   ☐ Yes   ☑ No

## COMPLAINT FOR A CIVIL CASE ALLEGING BREACH OF CONTRACT
### (28 U.S.C. § 1332; Diversity of Citizenship)

**I.    The Parties to This Complaint**

**A.    The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if
needed.

| | |
|---|---|
| Name | Brian Erskine |
| Street Address | 1338 Sabatina Street |
| City and County | Prescott, Yavapai County |
| State and Zip Code | AZ 86301 |
| Telephone Number | 949 424 4294 |
| E-mail Address | kattigara@gmail.com |

**B.    The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an
individual, a government agency, an organization, or a corporation.  For an individual defendant,
include the person's job or title *(if known)*.  Attach additional pages if needed.

SCANNED

Page 1 of 5

**Defendant No. 1**

| | |
|---|---|
| Name | Forrest Fenn |
| Job or Title *(if known)* | Artist, Author, Conservationist, Maj. (USAF) Ret. |
| Street Address | 1021 Old Santa Fe Trail |
| City and County | Santa Fe, Santa Fe County |
| State and Zip Code | NM 87505 |
| Telephone Number | 505 982 8520 |
| E-mail Address *(if known)* | forrestfenn@gmail.com |

**Defendant No. 2**

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

**Defendant No. 3**

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

**Defendant No. 4**

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Pro Se 4 (Rev. 12/16) Complaint for a Civil Case Alleging Breach of Contract

## II.    Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power).  Under 28 U.S.C. § 1332, federal courts may hear cases in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000.  In that kind of case, called a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.  Explain how these jurisdictional requirements have been met.

### A.    The Plaintiff(s)

1.    If the plaintiff is an individual

The plaintiff, *(name)* Brian Erskine , is a citizen of the State of *(name)* Arizona .

2.    If the plaintiff is a corporation

The plaintiff, *(name)* _____ , is incorporated under the laws of the State of *(name)* _____ , and has its principal place of business in the State of *(name)* _____ .

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

### B.    The Defendant(s)

1.    If the defendant is an individual

The defendant, *(name)* Forrest Fenn , is a citizen of the State of *(name)* New Mexico . Or is a citizen of *(foreign nation)* _____ .

2.    If the defendant is a corporation

The defendant, *(name)* _____ , is incorporated under the laws of the State of *(name)* _____ , and has its principal place of business in the State of *(name)* _____ . Or is incorporated under the laws of *(foreign nation)* _____ , and has its principal place of business in *(name)* _____ .

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

### C.    The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

Pro Se 4 (Rev. 12/16) Complaint for a Civil Case Alleging Breach of Contract

> Please see attached Jurisdiction and Venue (2 pp.)  In summary, Plaintiff and Defendant are citizens of
> different states, the amount in controversy exceeds $75,000, and Arizona specific personal jurisdiction
> applies due to Defendant's germane activities in Arizona, purposefully availing of Arizona law's
> protection.

## III.    Statement of Claim

Write a short and plain statement of the claim.  Do not make legal arguments.  State as briefly as possible the
facts showing that each plaintiff is entitled to the damages or other relief sought.  State how each defendant was
involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including
the dates and places of that involvement or conduct.  If more than one claim is asserted, number each claim and
write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

The plaintiff, *(name)*     Brian Erskine                                                           , and the defendant,

*(name)*     Forrest Fenn                                                      , made an agreement or contract on

*(date)*                        .  The agreement or contract was *(oral or written)*     Written                    .  Under that

agreement or contract, the parties were required to *(specify what the agreement or contract required each party to do)*
Please see attached Statement of Claim (6 pp.) In summary, Defendant sponsors a contest under unilateral
written contract (see Defendant's Poem). Plaintiff performed by Photo evidencing the Location the contract's
Directions indicate as a riverbank landscape found at (37.986555, -107.647828), confirmed by matching the
Photo by Overlay to the Drawing in the epilogue of Defendant's Memoir.  Defendant contracted to give title
(Black's: ownership, possession, custody) to the consideration, whose whereabouts are denoted irrelevant.

The defendant failed to comply because *(specify what the defendant did or failed to do that failed to comply with what the
agreement or contract required)*
Please see attached Statement of Claim (6 pp.) In summary, Defendant did not give title.  Reasonable, good-
faith efforts to connect with Defendant have failed.  Defendant is unwilling to admit the contest solved or that
"the game is up."  Note that at least one (more) contest participant is reported dead in March 2020 though
Defendant was informed long ago that Plaintiff solved, as published for well over one (1) year at https://
fennsolve.com.

The plaintiff has complied with the plaintiff's obligations under the contract.

## IV.    Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order.  Do not make legal
arguments.  Include any basis for claiming that the wrongs alleged are continuing at the present time.  Include
the amounts of any actual damages claimed for the acts alleged and the basis for these amounts.  Include any
punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or
punitive money damages.
Please see attached for Relief.  In summary, Plaintiff seeks declaratory judgment that a contract exists,
including in writing; that Plaintiff performed, that Defendant breached, and other and further relief as deemed
just.

Pro Se 4 (Rev. 12/16) Complaint for a Civil Case Alleging Breach of Contract

## V.   Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.   For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:   _26 MAY 2020_

Signature of Plaintiff   _Brian Erskine_

Printed Name of Plaintiff   Brian Erskine

### B.   For Attorneys

Date of signing:   _____

Signature of Attorney   _____

Printed Name of Attorney   _____

Bar Number   _____

Name of Law Firm   _____

Street Address   _____

State and Zip Code   _____

Telephone Number   _____

E-mail Address   _____

**FEDERAL COMPLAINT ATTACHMENT FOR *Erskine v. Fenn***

### JURISDICTION AND VENUE

Defendant's sufficient contacts confer Arizona specific personal jurisdiction ("APJ") in this suit. Defendant purposefully availed of Arizona law's protections in intentionally conducting activities related to this suit, for which APJ is fair and just. Absent Federal law in this context, Arizona law applies.

Defendant evidently attended a reception ("Event") held March 15, 2014 recognizing Defendant for authoring the Memoir and phenomenal Quest central to this suit.[1] The Event was reported in *True West* as occurring at Arizona Inn in Tucson, about one (1) mile from the University of Arizona main campus. An Event invitation appeared in *True West*, a periodical headquartered in Cave Creek and published in Arizona, whose editor and chief executive, an accomplished writer and artist, is from Kingman and is an arts graduate of the University of Arizona. The Event's reported purpose was to confer on Defendant *True West*'s annual "True Westerner" award and a bronze artwork made in Prescott Valley, making Defendant the 'guest of honor.' *True West* reported the Event as coinciding with the annual Tucson Festival of Books, held on the University of Arizona Mall, in 2014 on March 15 and 16, and that advance ticket purchase was required.

---

[1] Terms including "Memoir," "Quest," "Drawing," "Box," "Participate," and others are defined as in the Statement of Claim. See Exhibit 1 for evidence supporting APJ.

1

Also, an Oro Valley artist illustrated the Memoir, making the Drawing key to visual evidence of Plaintiff's contractual performance or Quest solution.[2]  Solution details connect the Quest with Prescott and founding events of Arizona Territory, not 'unilaterally' by Plaintiff, but as part of Quest solution in fitting riposte to Defendant's Quest challenge.  Plaintiff intends for the Box permanent conservation and display in Prescott.  Defendant's Quest extends beyond state boundaries; Arizonans other than Plaintiff presumably Participate.[3]

As Plaintiff resides in Yavapai County, Arizona; Defendant resides in New Mexico, an actual and justiciable controversy exists, and the amount in controversy upon information and belief exceeds seventy-five thousand dollars ($75,000), by APJ in combination with diversity under 28 U. S. C. 1332, Federal jurisdiction applies and Plaintiff may find venue in the District of Arizona.

---

[2] See Statement of Claim, Exhibits 3 and 5.

[3] See Exhibits 7 and 8, with focus on the state seals and mottos of Colorado (Defendant's challenge) and Arizona (Plaintiff's riposte).  See Exhibit 2 for Quest Region map.

## STATEMENT OF CLAIM

1. Plaintiff claims that in January 2010, Defendant had published a memoir ("Memoir").[4]

2. Plaintiff claims that the Memoir expresses a puzzle or contest of Defendant's design, fitting the common definition of a hidden treasure quest ("Quest"), open to participation ("Participant(s), Participate").[5]

3. Plaintiff claims that Participants aim for a Quest prize, specifically the hidden treasure comprising as publicly itemized gold, gems, coins, a manuscript autobiography, and other valuables contained in a box, crucially of unknown whereabouts ("Box").[5,6]

4. Plaintiff claims that the Quest is notorious.

5. Plaintiff claims that the Memoir contains a coded poem of six (6) stanzas centrally expressing the Quest puzzle mystery or contest challenge ("Poem").[5]

6. Plaintiff claims that decoding the Poem reveals and identifies a unique site ("Location") found within a Rocky Mountain region ("Quest Region"), amid Defendant's accurate representations that the Poem, public information (maps, dictionary, thesaurus), Defendant's works and statements, and necessary outdoor exploration comprise the knowledge and experience a Participant needs to solve the Quest.[5,6]

---

[4] *The Thrill of the Chase: A Memoir.* ISBN 9780967091785.

[5] See Exhibits 2 and 9, Burnett, J.; *NPR,* March 13, 2016; *"Seeking Adventure And Gold? Crack This Poem And Head Outdoors."*

[6] See Exhibit 9, Goldsmith, M.; *Forbes,* July 1, 2018; *"$3 Million Dollar Treasure Remains a Mystery."*

7. Plaintiff claims that the Poem constitutes the main written form of a unilateral contract integral to the Quest as both written and implied-in-fact ("Quest Contract").[7]

8. Plaintiff claims that the following summarized or excerpted statements of Defendant support or indicate so construing the Poem:

> (a) "It took me 15 years the poem [...] Each word is deliberate."[8]
> (b) "I've said before that that poem was really written by an architect. Every word is placed in there strategically, and you can't ignore any of the nouns in that poem."[8]
> (c) "the poem is straightforward [...] no tomfoolery [...] straightforward."[8]
> (d) "All someone has to do is solve [...] the poem and the [Box] can be theirs."[6]

9. Plaintiff claims the Poem's first and fifth stanzas identify Defendant as unilateral offeror ("I, my") with motivated intent regarding the Box ("treasures, riches, trove").[5]

10. Plaintiff claims the Poem's second, third, and fourth stanzas direct accepting Participants to the Location by contractual performance instructions ("Directions").[5]

11. Plaintiff claims that the Poem's sixth stanza 'ties the contract together' as a thematic, integrally purposeful whole, as Defendant addresses Participants in all four lines, emphasizes ("listen good"), reaffirms intent, and denotes the Box by a final reference ("gold") as consideration linked to performance by the Directions ("effort will be worth," the whole 'if statement' comprising the two last lines, "I give you title") — and, crucially, a specific means of conveyance.[5]

---

[7] By *contra proferentem*, ambiguities resolve in favor of Plaintiff.

[8] Interviews of Defendant by McGarrity, M.; Collected Works Bookstore, October 23, 2013; and Cole, I.; *On the Road with Charlie*, May 8, 2017; with both interviews excerpted in transcript as found at http://northofsantafe.com.

12. Plaintiff claims that the Poem's final line "I give you title to the gold" denotes title transfer, as if by deed in a law office, as the Box's means of conveyance.

13. Plaintiff claims that by definition, "title" excludes Box abandonment by denoting Defendant's ownership, possession, and custody of the Box to be entitled; and by definition, "give" also preponderantly excludes a find of an abandoned Box.[9]

14. Plaintiff claims that the 'if statement' form of the Poem's two last lines shows that Quest Contract performance and Box conveyance are two linked, separate events, not merged as one 'self-concluding' event such as a Participant's finding an abandoned Box.

15. Plaintiff claims that as the Quest Contract excludes a find of an abandoned Box as a performance criterion and denotes Box custody as Defendant's enduring obligation, Box whereabouts are irrelevant, not key, to Quest Contract performance.

16. Plaintiff claims that as Box whereabouts are irrelevant, Participants compete for Box entitlement or obligee status, performing the Quest Contract by following the Directions to evidence the Location by 'some other means,' posing a Quest challenge of ascertaining the 'other means' and executing or following through accordingly ("Solver").[10]

17. Plaintiff claims that the Quest and Quest Contract are Defendant's intellectual work, necessarily entailing a contractual 'meeting of the minds' between Defendant and Solver.

---

[9] See Exhibit 10. Note that in the fifth stanza, it is possible to "leave" valuables secured, while "chest" in the fourth stanza refers to a Participant's bodily self.

[10] The Quest Contract is analogous to an auto insurance contract, in which an insurer unilaterally contracts with many insureds, paying a subset as evidencing valid claims; in the Quest Contract the Solver is the sole member of a similar subset. Also, "entitlement" means by title transfer as earned by performing, contrary to a 'sense of entitlement.'

18. Plaintiff claims by evidence to be the Solver.[11]

19. Plaintiff claims Quest Contract performance by photographing a particular landscape ("Photo") from a specific vantage point coded in the Poem as found at the Location,[12] and evident performance confirmation by matching the Photo to an illustration found in the Memoir's epilogue ("Drawing"), overlaying the Photo and the Drawing ("Overlay").[13]

20. Plaintiff claims that Defendant repeatedly was quoted or press cited as suggesting Participants 'turn over a log' or 'look under a log,'[14] meaning not a fallen tree but the Drawing found under the letters "L O G" of the Memoir's chapter title "E P I L O G U E" and as reprinted, conspicuously enlarged, on the Memoir's next page; with the first or smaller Drawing found above key words in the Memoir text,[15] and with the second or bigger Drawing providing visual detail, including the moon and nesting bird, man with ax, prominent stump, boots, and other Drawing features, particularly the "45°" figure 'written in the stars,' combining to validate Quest Contract performance by Overlay.[15]

---

[11] See Exhibits 4, 5, 7, and 8.

[12] Found in Colorado at (37.986555, -107.647828) on the wooded, partly boggy ('forest fen') west bank of the Uncompahgre River opposite Climax Creek. The vantage point is found by walking in a 242° direction from a campfire pit, hence "too far to walk" in the Poem's seventh line ("two, four, two, walk," in the manner of a navigating pilot).

[13] See Exhibits 3, 4, and 5.

[14] See Exhibit 6.

[15] See Exhibits 3 and 5.  Wood pulp is paper's raw material; when a page is turned, so is a 'rotten log.'  Plaintiff grew up at Willamette Falls in Oregon, has seen paper made, and saw incongruity in a Drawing of a man seemingly wearing fishing boots (solid dark color, no laces) while timbering.  This incongruity resolves, fitting the footwear, when the Overlay places the man on the Photo's (Location's) riverbank.

21. Plaintiff claims that Quest solution by Photo, confirmed by Overlay, fits both Defendant's obligation to Box custody and career in the visual arts, with the Drawing itself an alternative work of representational landscape art.

22. Plaintiff claims it irrelevant that someone other than Defendant illustrated the Memoir, as an artist can make a Drawing to specification unwitting of any secret purpose.

23. Plaintiff claims having taken the Photo in August 2018 ("Time of Performance").[16]

24. Plaintiff claims, from soon after Time of Performance, to have informed Defendant of Quest solution by multiple means, and to be able to evidence such communications.[17]

25. Plaintiff claims to have failed in reasonable efforts over time to connect with Defendant only by sociable means, and to be able to evidence such communications.[17]

26. Plaintiff denies having title to or possession of the Box.

27. Plaintiff claims that Defendant breaches, both by material breach and by anticipatory breach in Defendant's New Mexico Suit counsel's letter ("Threat Letter").[18]

28. Plaintiff claims that a response showing the Box to be elsewhere than the Location would show breach rather than nonperformance.

---

[16] See Affidavit for time stamp.

[17] Such means include: an intermediary trusted by Plaintiff and known to Defendant who is also a 'prominent Arizonan,' Plaintiff directly, Plaintiff's website https://fennsolve.com which for over one (1) year has broadcast the solution, linking documentation; and filings under Rule 24 in an earlier Federal suit initiated by a third party, later withdrawn and closed ("New Mexico Suit").

[18] See Exhibit 11.

29. Plaintiff claims 'fresh litigant' status, never having been admitted to any other suit related to the Quest or Box, including the New Mexico Suit.

30. Plaintiff claims motivation in filing and timing by: Quest Contract performance, failure of outreach to Defendant, breach, exhaustion of alternatives, public safety,[19] events related to the New Mexico Suit including the Threat Letter; — and *justice*.

31. Plaintiff claims, regarding the 'if statement' comprising the Poem's two last lines, that the Photo shows the Location to be wooded, the Overlay shows the Location to be correct, and that it might be 'brave' to sue a public figure *pro se* while exhibiting a Threat Letter from a prominent New Mexico lawyer aiming to deter the suit.[20]

32. Plaintiff claims, given this suit's notorious topic, likely press interest, nature of relief sought, and Plaintiff's interests in disclosure and efficient resolution, reason to present evidence 'up front' at initial filing.

33. Plaintiff seeks declaratory judgment under 28 U. S. C. 2201 and 2202.

34. Plaintiff has no other adequate remedy at law.

---

[19] See Exhibit 9: Oxford, A.; *Santa Fe New Mexican*, June 19, 2017; *"State Police chief to Fenn: 'Stop this nonsense'"* and Delbert, C.; *Popular Mechanics*, March 31, 2020; *"Fifth Person Dies Searching for Rumored Treasure in the Rocky Mountains."* Plaintiff presented in person for roughly 30 minutes to a senior N. M. S. P. officer one week after the Time of Performance, responding to express police concerns. Motivated by public safety, Plaintiff denies seeking police help in securing a Box or in contacting Defendant.

[20] For Plaintiff's preferred, definitive 'if statement' see Kipling, R.; *"If—"* (c. 1895; *Rewards and Fairies*, 1910).

## LIST OF EXHIBITS

1.  Main jurisdiction and venue support

2.  Defendant's Poem (Quest Contract main written form) and Quest Region map

3.  Defendant's Memoir pp. 145-146 (Drawing; repeated, enlarged)

4.  Plaintiff's Location Photo (Photo) and annotated Location area map

5.  Plaintiff's summary visual evidence of Quest solution (Drawing, Photo, Overlay, Plaintiff's annotations)

6.  *Westword* article featuring Defendant's 'log' reference with list citing other press articles making similar reference

7.  Plaintiff's illustrated, annotated Quest solution (written evidence, or how the Location is determined), with photo evidence of trip to present to N. M. S. P.

8.  Plaintiff's *True West* draft submission further expressing the solution

9.  Other press articles cited in the complaint

10. Key definitions excerpted from dictionaries: "title," "ownership," "possession," "custody," "abandonment," "give"

11. Threat Letter

## DEMAND FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendant for the following remedies and for such other and further relief as the Court may deem just and proper.

1. Judgment that the Quest Contract is valid, and specifically in written form.

2. Judgment that Plaintiff performed.

3. Judgment that Defendant breached.

4. Other and further relief as deemed just.