James W. Armstrong (No. 009599)
james.armstrong@sackstierney.com
Brian E. Ditsch (No. 009075)
brian.ditsch@sackstierney.com
SACKS TIERNEY P.A.
4250 N. Drinkwater Blvd., Fourth Floor
Scottsdale, Arizona 85251-3693
Telephone: (480) 425-2600

*Attorneys for Defendant*

SACKS TIERNEY P.A., ATTORNEYS
4250 NORTH DRINKWATER BOULEVARD
FOURTH FLOOR
SCOTTSDALE, ARIZONA 85251-3693

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

Brian Erskine,

Plaintiff,

v.

Forrest Fenn,

Defendant.

No. 3:20-CV-08123-PCT-JJT

**MOTION TO DISMISS COMPLAINT FOR LACK OF PERSONAL JURISDICTION**

(Oral Argument Requested)

Pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, Defendant Forest Fenn hereby moves for the dismissal of this action due to the absence of *in personam* jurisdiction. As demonstrated by the attached Declaration of Mr. Fenn and the following Memorandum of Points and Authorities, the exercise of personal jurisdiction over Mr. Fenn, a 48-year continuous resident of Santa Fe, New Mexico, would clearly violate constitutional standards of due process, given the lack of "minimum contacts" between Mr. Fenn and the State of Arizona.

SACKS TIERNEY P.A., ATTORNEYS
4250 NORTH DRINKWATER BOULEVARD
FOURTH FLOOR
SCOTTSDALE, ARIZONA 85251-3693

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

This action was commenced on May 26, 2020 by Plaintiff Brian Erskine, a purported resident of Prescott, Arizona. In his largely incoherent Complaint, Mr. Erskine alleges that Mr. Fenn breached a "unilateral contract" by authoring a memoir entitled *The Thrill of the Chase* (the "Memoir") that included a poem containing clues to a hidden treasure chest (the "Chest") which Mr. Erskine purportedly "solved." More specifically, Mr. Erskine alleges that he ascertained the location of that Chest (without actually finding and retrieving it) somewhere between Silverton and Ouray, Colorado, and that Mr. Fenn owes Mr. Erskine either the Chest and its contents or some undisclosed amount of money (exceeding $75,000) for having figured out Mr. Fenn's "puzzle."

As explained in his Declaration, however, Mr. Fenn had no "contract" of any kind with Mr. Erskine (or anyone else) concerning the Chest, which Mr. Fenn hid many years ago in the Rocky Mountains with the intention that anyone who searched for and found the Chest, could keep it and the treasure it contained -- an intention made clear in the fourth stanza of the Memoir's poem

If you've been wise and found the blaze,
Look quickly down, your quest to cease,
But tarry scant with marvel gaze,
***Just take the chest*** and go in peace.

Complaint, Exh. 2 (emphasis added). Mr. Fenn has further verified that the Chest was in fact recently found by a searcher who wishes to remain anonymous (not Mr. Erskine) in the location Mr. Fenn originally hid it, far from the Colorado site alleged by Mr. Erskine.

Turning to the scope of the instant Motion, Mr. Erskine chose to sue Mr. Fenn (who is now nearly 90 years old) in the District of Arizona based solely upon Mr. Fenn's brief visit to Tucson in March of 2014 to accept an award from *True West* magazine for his contribution to and preservation of America's Western heritage as a longtime author, artist, collector and entrepreneur. *See* Complaint, Exh. 1. That brief visit, however, had no relationship whatsoever to Mr. Erskine's alleged cause of action for breach of contract, and

further given the absence of any substantial, continuous, or systematic contacts by Mr. Fenn with the State of Arizona, any exercise of personal jurisdiction over him would be constitutionally impermissible.

## II. THIS COURT LACKS PERSONAL JURISDICTION OVER MR. FENN DUE TO THE ABSENCE OF CONSTITUTIONALLY SUFFICIENT MINIMUM CONTACTS WITH THE STATE OF ARIZONA

"*In personam* jurisdiction, simply stated, is the power of a court to enter judgment against a person." *S.E.C. v. Ross,* 504 F.3d 1130, 1138 (9th Cir. 2007). "If a court lacks jurisdiction over a party, then it lacks 'all jurisdiction' to adjudicate that party's rights, whether or not the subject matter is properly before it." *Rankin v. Howard*, 633 F.2d 844, 848 (9th Cir. 1980) (citations omitted), *cert. denied*, 451 U.S. 939 (1981). The Fourteenth Amendment's Due Process Clause "sets the outer boundaries" as to a forum's authority to bind a non-resident defendant to a judgment of its courts. *Goodyear Dunlop Tires v. Brown,* 564 U.S. 915, 923 (2011); *Walden v. Fiore,* 134 S.Ct. 1115, 1121 (2014); *Cybersell, Inc. v. Cybersell, Inc,* 130 F.3d 414, 416 (9th Cir, 1987). Those who live or operate primarily outside a state have a due process right not to be subjected to the jurisdiction of that state's courts. *J. McIntyre Mach., Ltd. v. Nicastro,* 564 U.S. 873, 881 (2011).[1]

A defendant has a liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful "contacts, ties, or relations." *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 471-72 (1985). Accordingly, "[a]bsent traditional bases for personal jurisdiction (physical presence, domicile or consent) the Due Process Clause requires that nonresident defendants have certain minimum contacts with the forum

[1] A federal court may assert personal jurisdiction over a non-resident defendant only if permissible under the forum state's long-arm statute and consistent with due process. *Daimler AG v. Bauman,* 134 S.Ct. 746, 753 (2014); *Omeluk v. Langsten Slip & Batbyggeri A/S,* 52 F.3d 267, 269 (9th Cir. 1995). Arizona's long-arm statute, Rule 4.2(a), Ariz.R.Civ.P., provides for personal jurisdiction co-extensive with the limits of federal due process. *Doe v. American Nat'l Red Cross,* 112 F.3d 1048, 1050 (9th Cir. 1997).

SACKS TIERNEY P.A., ATTORNEYS
4250 NORTH DRINKWATER BOULEVARD
FOURTH FLOOR
SCOTTSDALE, ARIZONA 85251-3693

state such that the exercise of personal jurisdiction does not offend traditional notions of fair play and substantial justice." *Chandler v. Roy,* 985 F.Supp. 1205, 1210 (D.Ariz. 1997) (citing *International Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945)); *accord Schwarzenegger v. Fred Martin Motor Co.,* 374 F.3d 797, 801 (9th Cir. 2004). Moreover, due process limits on a state's adjudicative authority principally protects the liberty of the non-resident defendant -- not the convenience of plaintiffs or third parties. *Walden,* 134 S.Ct. at 1122.

Depending upon the type and extent of the defendant's contacts, a court may either assert "general" or "specific" jurisdiction over his or her person. *See Doe v. American Nat'l Red Cross,* 112 F.3d 1048, 1050-51 (9th Cir. 1997); *Shute v. Carnival Cruise Lines,* 897 F.2d 377, 380-81 (9th Cir. 1990), *rev'd on other grounds,* 499 U.S. 585 (1991). General jurisdiction allows "a defendant to be hailed into court in the forum state to answer for any of its activities anywhere in the world." *Martinez v. Aero Caribbean,* 764 F.3d 1062, 1066 (9th Cir. 2014). Specific jurisdiction exists when a case "aris[es] out of or relate[s] to the defendant's contacts with the forum." *Id.*

**A. Mr. Erskine Bears the Burden of Establishing Personal Jurisdiction**

When a non-resident defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that jurisdiction meets all constitutional requirements. *See Boschetto v. Hansing,* 539 F.3d 1011, 1015 (9th Cir. 2008); *Schwarzenegger,* 374 F.3d at 800; *Shute,* 897 F.2d at 379. Consequently, the plaintiff may "not simply rest on the bare allegations of its complaint but rather [is] obligated to come forward with facts, by affidavit or otherwise, supporting personal jurisdiction. *Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc.* 551 F.2d 784, 787 (9th Cir. 1977); *accord Repwest Ins. Co. v. Praetorian Ins. Co.,* 890 F.Supp.2d 1168, 1184 (D.Ariz. 2012); *see also MMI, Inc. v. Baja, Inc.,* 743 F.Supp.2d 1101, 1108 (D.Ariz. 2010) (plaintiff may not "fall back on conclusions of law stated in the complaint"). In other words, "[t]he mere allegations of a complaint, when contradicted by affidavits, are not enough to confer personal jurisdiction for a non-resident defendant." *Cummings v. Western Trial Lawyers Ass'n,* 133 F.Supp.2d 1144, 1154

SACKS TIERNEY P.A., ATTORNEYS
4250 NORTH DRINKWATER BOULEVARD
FOURTH FLOOR
SCOTTSDALE, ARIZONA 85251-3693

(D.Ariz. 2001).

In his unverified Complaint, Mr. Erskine does not contend that this Court may exercise general jurisdiction over Mr. Fenn, but instead asserts that "Defendant's sufficient contacts confer Arizona specific jurisdiction ("APJ") in this suit. Defendant purposefully availed of Arizona law's protections in intentionally conducting activities related to this suit, for which APJ is just and fair." As the sole support for this assertion, Mr. Erkine further alleges that Mr. Fenn's attendance more than six years ago at an event in Tucson to receive *True West* magazine's annual "True Westerner" award was sufficient to connect Mr. Fenn with Arizona for jurisdictional purposes. As discussed below, however, neither Mr. Fenn's one-day visit to Tucson in March 2014 nor his otherwise meager contacts with this State satisfy the Due Process requirements of either general or specific jurisdiction.

**B. There is no General Jurisdiction Over Mr. Fenn**

The exercise of general jurisdiction allows courts to hear any type of case against a foreign defendant because the defendant's continuous corporate operations within that state are "so substantial and of such a nature as to justify suit against it on causes of action arising from dealings entirely distinct from those activities." *Daimler AG v. Bauman,* 134 S.Ct. 746, 754 (2014); *accord Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 415 (1984); *Schwarzenegger,* 374 F.3d at 801. "The idea is that a defendant so firmly entrenched in a state will reasonably expect to be sued there and can fairly be haled into court there on any basis." *Inter123 Corp. v. Ghaith,* No. CV-14-00463-PHX-DGC, 2014 WL 1343508, at *5 (D.Ariz. Apr. 4, 2014).

The level of contacts with the forum necessary to establish general jurisdiction is, however, "quite high." *Shute,* 897 F.3d at 380. "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home." *Goodyear,* 564 U.S. at 924. Thus, "[f]or general jurisdiction to obtain, the defendant's contacts must approximate ***physical presence*** in the forum." *King v. American Family Mut. Ins. Co.,* 632

SACKS TIERNEY P.A., ATTORNEYS
4250 NORTH DRINKWATER BOULEVARD
FOURTH FLOOR
SCOTTSDALE, ARIZONA 85251-3693

SACKS TIERNEY P.A., ATTORNEYS
4250 NORTH DRINKWATER BOULEVARD
FOURTH FLOOR
SCOTTSDALE, ARIZONA 85251-3693

F.3d 570, 579 (emphasis added).[2]

Here, as verified in his attached Declaration, Mr. Fenn has continuously resided in Santa Fe, New Mexico since 1972, with his wife of 66 years, Peggy. Mr. Fenn's only remotely significant presence in Arizona took place from 1959 to 1964 -- more than 45 years before the publication of his Memoir -- when he was stationed at Luke Air Force Base while serving in the military. Mr. Fenn has never participated in the distribution or sale of the Memoir, has never earned any money from the writing, publication, or sale of the Memoir, did not sell any copies of the Memoir to Mr. Erskine or enter into any oral or written contract with him concerning the Chest, and has otherwise not had any substantial, continuous, or systematic business contacts with Arizona. General jurisdiction is therefore plainly absent.

**C. There is No Specific Jurisdiction Over Mr. Fenn**

Because Mr. Fenn lacks sufficient ties with Arizona to support general jurisdiction, this Court may hear Mr. Erskine's breach of contract claim against him only if the following three-part test of specific jurisdiction has been met:

> (1) The non-resident must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
> (2) The claim must be one which arises out of or relates to the defendant's forum-related activities; and
> (3) The exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable.

*Washington Shoe Co. v. A-Z Sporting Goods, Inc.,* 704 F.3d 668, 672 (9th Cir,. 2012); *Core-Vent Corp. v. Nobel Indus. AB,* 11 F.3d 1482, 1485 (9th Cir. 1993); *Chandler,* 985 F.Supp. at 2011.

---

[2] Indeed, "[t]he Supreme Court has upheld general jurisdiction only once, in a case involving contacts significantly more comprehensive than those presented here." *Amoco Egypt Oil Co. v. Leonis Navigation Co.,* 1 F.3d 848, 851 n.3 (9th Cir. 1993) (citing *Perkins v. Benguet Consol. Mining Co.,* 342 U.S. 437 (1952)).

The plaintiff bears the burden of satisfying the first two prongs of the test. *Boschetto*, 539 F.3d at 1016; *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990). If he fails to satisfy either of these prongs, personal jurisdiction is not established in the forum state and the case against the non-resident defendant must be dismissed. *Boschetto*, 539 F.3d at 1016; *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1155 (9th Cir. 2006); *Schwarzenegger*, 374 F.3d at 802. It is only if the plaintiff meets its burden of establishing both of the first two prongs of specific jurisdiction that the defendant may come forward to demonstrate that the exercise of jurisdiction would not be reasonable. *Boschetto*, 539 F.3d at 1016.

In this case, Mr. Erskine cannot establish either of the first two elements required for the constitutional exercise of specific jurisdiction. First, as explained by this Court in *Chandler*:

> In analyzing the "purposeful availment" requirement of the specific jurisdiction test, the Ninth Circuit performs a qualitative evaluation of the defendant's contact with the forum state to determine whether the "'defendant's conduct and connection with the forum State are such that he should reasonably anticipate being hailed into court there.'" *Core-Vent*, 11 F.3d at 1484 (quoting *World-Wide Volkswagen v. Woodson*, 444 U.S. 286, 297 (1980). The Ninth Circuit has determined that "'[p]urposeful availment requires that the defendant engage in some form of affirmative conduct allowing or promoting the transaction of business within the forum state.'" *Doe*, 112 F.3d at 1051 (quoting *Shute*[, 897 F.2d at 381]) … . This "affirmative conduct" requirement ensures that a defendant "'will not be hailed into a jurisdiction solely as a result of random, fortuitous or attenuated contacts, or of the unilateral activity of another party or third person.'" *Doe*, 112 F.3d at 1051 (quoting *Burger King*, 471 U.S. at 475) … . A defendant has engaged in affirmative conduct and thereby "purposely availed himself of the benefits of a forum if he has deliberately 'engaged in significant activities within a State or has created "continuing obligations" between himself and the residents of the forum.'" *Gray & Co. v. Firstenberg Machinery Co.*, 913 F.2d 758, 761 (9th Cir. 1990).

*Chandler*, 985 F.Supp. at 1211-12 (other citations omitted). Thus, "[e]vidence of availment is typically action taking place in the forum that invokes the benefits and protections of the laws in the forum." *Pebble Beach*, 453 F.3d at 1155. Evidence of purposeful direction "generally consists of action taking place outside the forum that is directed at the forum." *Id.*

SACKS TIERNEY P.A., ATTORNEYS
4250 NORTH DRINKWATER BOULEVARD
FOURTH FLOOR
SCOTTSDALE, ARIZONA 85251-3693

SACKS TIERNEY P.A., ATTORNEYS
4250 NORTH DRINKWATER BOULEVARD
FOURTH FLOOR
SCOTTSDALE, ARIZONA 85251-3693

In his "Statement of Claim," Mr. Erskine alleges that Mr. Fenn's "Memoir expresses a puzzle or contest of Defendant's design, ... open to participation," and that the poem in the Memoir "constitutes the main written form of a unilateral contract integral to the Quest [for the hidden treasure Chest] as both written and implied in fact ('Quest Contract')." Mr. Erskine further alleges that he accepted Mr. Fenn's offer of the Quest Contract by following the directions contained in the poem and providing "evidence" of the Chest's purported location in Colorado (without actually retrieving it).

Even assuming, *arguendo,* the truth of these, at best, far-fetched allegations, it is well-settled that a plaintiff's contract with an out-of-state party, standing alone, does not establish sufficient minimum jurisdictional contacts in the plaintiff's home forum. *Burger King,* 471 U.S. at 478; *Boschetto*, 539 F.3d at 106-17. Rather, "prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing" are the factors that must be qualitatively evaluated in determining whether the defendant purposefully established minimum contacts with the forum. *Burger King,* 471 U.S. at 479; *Gray & Co*., 913 F.2d at 760. Moreover, "the plaintiff cannot be the only link between the defendant and the forum. Rather, it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him." *Walden,* 134 S.Ct. at 1122.

Here, the "unilateral contract" alleged by Mr. Erskine has no connection with Arizona other than the residence of the Plaintiff. Mr. Erskine alleges no negotiation of that purported contract or any course of dealing or continuing contractual obligations in this State, nor does he even allege that the location of the Chest was in Arizona; indeed, he claims it was in Colorado. Moreover, Mr. Fenn's Declaration denies the existence of any contract with Mr. Erskine relating to the Chest, and demonstrates no affirmative activity on his part directed to Arizona in connection with the publication and distribution of the Memoir, much less any purposeful availment of the privilege of conducting activities in this State such as to invoke the benefits and protections of Arizona law. The first prong of the test for specific jurisdiction has therefore clearly not been met.

Under the second prong of the specific jurisdiction test, the plaintiff's claim must arise out of or relate to the defendant's forum related conduct. In determining whether Mr. Erskine's breach of contract claim arises out of Mr. Fenn's local activities, the Ninth Circuit applies a "but for" analysis; hence, Mr. Erskine must show that he would not have suffered an injury "but for" Mr. Fenn's forum-related conduct. *Menken v. Emm,* 503 F.3d 1050, 1058 (9th Cir. 2007); *Myers v. Bennett Law Offices*, 238 F.3d 1068, 1075 (9th Cir. 2001). This analysis "explores the relationship between the cause of plaintiff's harm and the defendant's acts identified as creating purposeful contacts with the forum state." *Lake v. Lake,* 817 F.2d 1416, 1421 (9th Cir. 1987). "[A] high degree of relationship is needed where there is only one contact with the forum state." *Id.* Thus, "[i]n order to support jurisdiction with only one forum state contact, the cause of action must arise out of that particular purposeful contact ... ." *Id.*

As discussed above, in his Complaint, Mr. Erskine bases his assertion of specific jurisdiction solely upon Mr. Fenn's one-day visit to Tucson to accept an award presented to him by *True West* magazine in March 2014. That visit had absolutely no relationship to Mr. Erkine's alleged contract with Mr. Fenn, the performance and breach of which Mr. Erskine alleges to have occurred no earlier than August 2018. *See* Complaint, Statement of Claim, ¶¶ 23-24. Mr. Erskine therefore cannot claim that "but for" Mr. Fenn's award acceptance in Tucson, Mr. Erkine would not have suffered his alleged injury.

Finally, although unnecessary given Mr. Erskine's failure to establish either of the first two prongs of the test for specific jurisdiction, any such exercise of jurisdiction would also clearly be unreasonable, particularly in light of the great hardship that would be consequently imposed upon Mr. Fenn and his family. *See Core-Vent,* 11 F.3d at 1487-88. As explained in his Declaration, Mr. Fenn is approaching 90 years of age, and his wife Peggy is 87 and in very poor health. Along with his two daughters, Mr. Fenn is a primary caregiver of Peggy, who is unable to travel. Forcing Mr. Fenn to defend Mr. Erskine's lawsuit in Arizona would therefore constitute a significant burden under the balancing of factors discussed in *Core-Vent.*

SACKS TIERNEY P.A., ATTORNEYS
4250 NORTH DRINKWATER BOULEVARD
FOURTH FLOOR
SCOTTSDALE, ARIZONA 85251-3693

Moreover, "the smaller the element of purposeful interjection, the less is jurisdiction to be anticipated and the less reasonable is its exercise." *Id.* at 1488. As discussed above, Mr. Fenn's purposeful contacts directed to Arizona are virtually non-existent, and the "mere preference on the part of the plaintiff for its home forum does not effect the balancing; indeed this factor is insignificant in this case." *Id.* at 1490. Subjecting Mr. Fenn to specific jurisdiction in Arizona would thus not comport with "fair play and substantial justice."

**III. CONCLUSION AND REQUEST FOR ATTORNEYS' FEES**

For all of the reasons discussed above, Mr. Fenn respectfully requests that Mr. Erskine's Complaint be dismissed, in its entirety, due to the absence of *in personam* jurisdiction. Mr. Fenn further requests that he be awarded his reasonable attorneys' fees incurred herein, as the "successful party" in an "action arising out of a contract" under A.R.S. § 12-341.01(A)-(B). *See Balestrieri v. Balestrieri,* 232 Ariz. 25, 28, ¶10 (App. 2013) (defendant who files successful motion to dismiss for lack of personal jurisdiction qualifies for fee award under Section 12-341.01(A) even though such a dismissal does not operate as an adjudication on the merits); *Nolan v. Starlight Pines Homeowners Ass'n,* 216 Ariz. 482, 490, ¶36 (App. 2007) (action arises out of a contract for purposes of Section 12-341.01(A) "if the defendant prevails on the basis that there is no contract or there has been no breach of contract").

DATED this 25th day of June, 2020.

SACKS TIERNEY P.A.

*/s/James W. Armstrong*
James W. Armstrong
Brian E. Ditsch
*Attorneys for Defendant*

SACKS TIERNEY P.A., ATTORNEYS
4250 NORTH DRINKWATER BOULEVARD
FOURTH FLOOR
SCOTTSDALE, ARIZONA 85251-3693

SACKS TIERNEY P.A., ATTORNEYS
4250 NORTH DRINKWATER BOULEVARD
FOURTH FLOOR
SCOTTSDALE, ARIZONA 85251-3693

CERTIFICATE OF SERVICE

I hereby certify that on June 25, 2019, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Brian Erskine
1338 Sabatina Street
Prescott, Arizona 86301
*Plaintiff pro per*

*/s/ Toni Cooper*

[2750113]