IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Brian Erskine, | ) | |
| | ) | |
| Plaintiff; | ) | |
| v. | ) | Case No. CV-20-08123-PCT-JJT |
| | ) | |
| Forrest Fenn, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MOTION FOR SUPPLEMENTAL PLEADING PURSUANT TO F. R. C. P. 15(d) TO BE CONSOLIDATED WITH RESPONSIVE MEMORANDUM BY ORDER, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

Pursuant to Rule 15(d) of the Federal Rules of Civil Procedure, Plaintiff ("I") respectfully Moves the Court to permit, as Noticed, a Supplemental Pleading ("SP") by the plain language and context of that Rule. Grounds are set forth herein. Pending Court approval, the SP would be an Exhibit to this Motion, and itself would have Exhibits.

For efficient case resolution, I seek also to consolidate with (1) the SP: (2) a Response to the Declaration of Forrest Fenn ("Declaration"), (3) **by Order**, a Responsive Memorandum to Defendant's ("Fenn") jurisdiction Motion, and (4) a brief Conclusion (all four as Consolidated, "CSP"). Because of that consolidation, I also seek leave **reasonably** to exceed the length limitation of LRCiv 7.2(e)(1) or as applicable.

Rule, law, and precedent establish that a supplemental pleading sets forth events transpiring after the date of an earlier pleading — the original Complaint ("OC") — and is used to present new facts updating the original pleading or supporting additional relief,

1

enabling courts to award complete relief in one action.  Motions to supplement pleadings are to be freely granted when doing so will promote efficient disposition of the entire controversy between the parties, will not cause undue delay or trial inconvenience, and will not prejudice any other party to the action.  The proposed CSP's new facts, context, and evidence timely connect with the OC as key **both to Arizona jurisdiction and to case merits**.  The CSP incorporates by reference the whole OC with Affidavit and Exhibits, and terms herein and in the CSP have the same meaning as in the OC.

To summarize, I claim that the Quest Poem is the written form of an open offer unilateral contract of hidden fact, precluding hoax.  Fenn offers Box entitlement to an emergent Solver from among Participants for the act of clear Location fix.  The contract denotes conveyance by title transfer, obligating Fenn to Box custody.  Box abandonment would breach.  I evidence performance by Photo and more, dating about to two (2) years ago.  Fenn not only breaches, but seemingly also deviously hopes 'no one will believe I Solved' **by shield of breach** or mere fact of refusing to entitle, maintaining wide public misconception of the Quest as an 'unsolved' scavenger hunt (…for an 'abandoned' Box).

New events grounding the CSP include Fenn's notorious press statements, press responses to those statements, and repercussions (together, "Late Press") after June 4 service ("Service").  Particularly, Late Press includes Fenn's statements as reported June 7, June 8, and at other dates in major media; Box photo releases on or about June 16, a skeptical response to Fenn by a prominent journalist on June 19, other press doubts of Fenn's credibility due to vague Quest 'quasi-resolution,' and more as detailed in the CSP.

I seek to consolidate for three reasons: (a) because consolidated matters intertwine mutually and with Late Press implications as detailed in the CSP, (b) to facilitate **Court Order** compliance, and (c) to promote resolution both of jurisdiction and of the case on the merits.  The OC alleges sufficient facts to claim plausible relief.  Fenn has known the substance of the OC for a lengthy timespan before Service, as repeatedly informed.  Fenn affirmed comfortable prior knowledge by precipitous reactions, including both speed after Service and sensational nature of Late Press, despite the OC's length and intricate detail.  As this Motion's[1] supplemental nature implies, surely no lawyer would have advised Fenn make Late Press statements, likely instead advising quiet and deliberation.

Despite Fenn's evidently confident familiarity with the OC, the CSP exposes the sworn Declaration as not leveraging that familiarity, signally failing genuinely to oppose claims or meaningfully to raise material differences of fact.  It fails not by omission, as if Fenn might aim to address case merits later.  It fails by design of carefully nuanced semantics, purporting or pretending to address case merits under active but weak guise of bogus refutation.  Quest author Fenn's resort to evasive emptiness in a key sworn statement is mystifying.  Such damaging failure exposes Fenn's likely lack of real defense.  Given facts, evidence, context, and events detailed in the CSP, combined with the meritorious case presented in the OC — bluntly, the inescapable fact that I Solved and performed the written contractual Quest — that failure seems fatally irremediable.

---

[1] "The person who finds the treasure will have **studied the poem over and over**, and thought, and analyzed and **moved with confidence**.  Nothing about it will be accidental."  — Fenn; in Jenny Kile interview, February 4, 2013

3

The Declaration's pretense to defense also reveals a case idiosyncrasy. An actual controversy exists, breach evidences, and Fenn's sham denials actively avoid operative merit. Yet Fenn's curiously insubstantial sworn statements were not made offhandedly. As the CSP shows, Fenn's elaborate semantics required great care and calculated word choices — yet Fenn sustains breach. Why twist words rather than admit facts? This disconnect likely stems from Fenn's vulnerable 'folk hero' celebrity. Facts of obligated Box custody and entitlement by written contract embarrass Fenn. Publicity, such as for which Fenn accepted award in Arizona, motivated myriad people to Participate in a vast, misapprehended scavenger hunt. Fenn stonewalled Solution, falsely extending the Quest. The often dodgy Declaration aligns with stonewalling and cognitive dissonance, avoiding 'unpleasant' reality of Solution as Fenn likely rightly fears for reputation and legacy.

Weak defense and new facts, evidence, and context, including as sustaining Arizona jurisdiction while noting alternative relief in 28 U. S. C. §1631, combine to resist extremity of dismissal by Motion. The same factors also support supplemental relief aimed at case resolution. The Late Press 'ended' the Quest, 'revealing' the Box 'found' by an 'anonymous Solver' fixing to 'come forward' — evidently me. I thus demand in the CSP that Fenn cure by specific performance of Box entitlement and pay applicable statutory interest. Performance by Location fix long predates suit. Aiming to limit confrontation with Fenn, the OC left that relief implied. The absurdly nebulous Late Press all but requires explicit new relief demands. As the CSP shows, '**the jig is up**.' I Solved, already came forward, and reject seemingly being constructively misrepresented.

The SP is Noticed, and I believe is subject only to Court permission.  Fenn would endure no prejudice by SP as Fenn has shown firsthand or prior knowledge of virtually all CSP content.  Also, in conference I disclosed much of the CSP's general character in draft form.  Thus, in no plausible aspect would the CSP 'surprise' or impose undue burden on Fenn.  Rather, the CSP is in order because Fenn 'surprised the world' with Late Press.  Certainly I as valid contractual claimant was particularly surprised and frustrated by Late Press ambiguity.  If Fenn can come to Tucson for a *True West* Quest publicity award or can make a Declaration marked by inscrutable inanities rather than true defense, why not just honor the written contract, entitling the Box with interest to the Solver in Prescott?

Because of consolidation, I also ask leave to exceed the length limitation pursuant to LRCiv 7.2(e)(1) or as applicable.  **I seek leave to so exceed by only a few pages.**  The CSP as Exhibit to this Motion already is completed, **is concise**, and totals about twenty (20) pages, excluding Affidavit and CSP Exhibits.  Likely any of its unconsolidated operative parts would fit within any applicable LRCiv length limit(s).

As detailed herein, to promote efficiency and justice, and with no apparent reason to deny, I request that the Court grant the relief specified in the Proposed Order.

Respectfully submitted this 15th day of July, 2020.

_____
Brian Erskine
Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, July 15, 2020, I caused the foregoing, plus its related Proposed Order, to be electronically filed with the Clerk using the CM/ECF system, which will serve notice of such filing to counsel of record and the Court Monitor to their registered electronic mail addresses:

James W. Armstrong
Brian E. Ditsch
SACKS TIERNEY, P. A.

Karl Sommer
SOMMER KARNES AND ASSOCIATES LLP
*Pro Hac Vice*

*Attorneys for Defendant*

_____
Brian Erskine
Plaintiff