James W. Armstrong (No. 009599)
james.armstrong@sackstierney.com
Brian E. Ditsch (No. 009075)
brian.ditsch@sackstierney.com
SACKS TIERNEY P.A.
4250 N. Drinkwater Blvd., Fourth Floor
Scottsdale, Arizona  85251-3693
Telephone: (480) 425-2600

Karl H. Sommer (admitted pro hac vice)
karls@sommerkarnes.com
SOMMER KARNES & ASSOCIATES
125 Lincoln Ave, Suite 221
Santa Fe, New Mexico  87501
Telephone: (505) 989-3800

*Attorneys for Defendant*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Brian Erskine,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>Forrest Fenn,<br><br>　　　　Defendant. | No. 3:20-CV-08123-PCT-JJT<br><br>**RESPONSE TO PLAINTIFF'S MOTION FOR SUPPLEMENTAL PLEADING** |

Defendant Forrest Fenn hereby responds in opposition to the (second) "Motion for Supplemental Pleading Pursuant to F.R.C.P. 15(d) and Memorandum in Support" [Doc 22] filed by Plaintiff Brian Erskine on July 26, 2020.[1]  As explained in the following Memorandum of Points and Authorities, Plaintiff's Motion -- which fails to include any meaningful description of the content of Mr. Erskine's proposed supplemental pleading -- does not fall within the purposes of Rule 15(d) and, in any event, has no bearing upon the absence of personal jurisdiction in this case.

---

[1] Mr. Erskine's prior Motion for Supplemental Pleading [Doc 19] was withdrawn by him on July 26 [Doc 20] because it "did not comply with F.R.C.P. 11(a)," but not before counsel for Mr. Fenn spent considerable time preparing a response.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

As discussed in Mr. Fenn's pending Motion to Dismiss Complaint for Lack of Personal Jurisdiction [Doc 15], this action was commenced by Mr. Erskine on May 26, 2020. The Complaint alleges that Mr. Fenn breached a "unilateral contract" by authoring a memoir entitled *The Thrill of the Chase* (the "Memoir") that included a poem containing clues to a treasure chest hidden by Mr. Fenn in the Rocky Mountains (the "Chest") which Mr. Erskine purportedly "solved." More specifically, Mr. Erskine alleges that he ascertained the location of that Chest (without actually finding and retrieving it) somewhere between Silverton and Ouray, Colorado, and that he "performed" the contract by photographing a landscape in August 2018 purportedly matching an illustration in Mr. Fenn's Memoir. Mr. Erskine further alleges that soon afterward, he informed Mr. Fenn of the "solution" of the Memoir's "puzzle," and that Mr. Fenn breached their contract when his attorney wrote Mr. Erskine on March 6, 2020 to explain that ownership of the treasure Chest could only be attained by actually finding the Chest in the location Mr. Fenn hid it over ten years earlier -- not by allegedly "solving" or "decoding" the poem in Mr. Fenn's Memoir.[2]

The Complaint also includes an Attachment entitled "Jurisdiction and Venue," in which Mr. Erskine alleges that this Court may exercise "specific personal jurisdiction" over Mr. Fenn -- a 48-year continuous resident of Santa Fe, Mexico -- based solely upon Mr. Fenn's one-day visit to Tucson in March 2014 to accept *True West* magazine's annual "True Westerner" award in recognition for his contribution to and preservation of America's Western heritage. Mr. Fenn's pending Motion to Dismiss accordingly contends that personal jurisdiction cannot be constitutionally asserted in Arizona given the meager contacts between Mr. Fenn and this State, particularly since Mr. Fenn's brief trip to Tucson in 2014 had no relationship to the alleged creation, performance, or breach of the purported

---

[2] Counsel's letter to Mr. Erskine further explained that "Mr. Fenn has never been to and is entirely unfamiliar with the location in Colorado that you identify in your 'solve.'" Complaint, Ex. 11.

2

contract at issue in 2018.  Simply stated, Mr. Erskine does not even contend that he would not have suffered an alleged injury "but for" Mr. Fenn's forum-related conduct.  *See Menken v. Emm,* 503 F.3d 1050, 1058 (9th Cir. 2007); *Myers v. Bennett Law Offices,* 238 F.3d 1068, 1075 (9th Cir. 2001).

Turning to Mr. Erskine's instant Motion for Supplemental Pleading, the purpose of such a pleading under Rule 15(d) is well-established:

> A claim or defense set out in a pleading may be affected by events that occur after the pleading is filed. Rule 15(d) allows a court, "on motion and reasonable notice, … [and] on just terms" to permit the pleader to serve a supplemental pleading "setting out any transaction, occurrence or event that happened after the date of the pleading to be supplemented."

3 JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE – CIVIL § 15.30[1] (3d ed. 2020) [hereinafter MOORE'S].  "The rule is a tool of judicial economy and convenience," by "'enabling a court to award complete relief, or more nearly complete relief, in one action, and to avoid the cost, delay and waste of separate actions which must be separately tried and prosecuted.'"  *Keith v. Volpe,* 858 F.2d 467, 473 (9th Cir. 1988) (quoting *New Amsterdam Cas. Co. v. Waller*, 323 F.2d 20, 28-29 (4th Cir. 1963), *cert. denied*, 376 U.S. 963 (1964)); *accord Planned Parenthood of S. Ariz. v. Neely,* 130 F.3d 400, 402 (9th Cir. 1997) (goal of rule 15(d) is to "promote judicial efficiency").

Consistent with the purpose of Rule 15(d), supplemental pleadings have been allowed (i) to "add additional facts or events relating to liability or to change the relief requested," (ii) "when certain injuries arising from the event on which the claim is based occur after the plaintiff files the complaint," and (iii) to "add new parties when subsequent events make it necessary to do so," as long as "[t]he allegations of the supplemental pleading … bear some relationship to the subject of the original pleading."  MOORE'S § 15.30[1]; *see William Inglis & Sons Baking Co. v. ITT Cont'l Baking Co.,* 668 F.2d 1014, 1057 (9th Cir. 1981) ("purpose of Rule 15(d) is to promote as complete an adjudication of the dispute between the parties as possible by allowing the addition of claims which arise after the initial pleadings are filed").  In addition, "[t]he court may permit supplementation

even though the original pleading is defective in stating a claim or defense." Fed.R.Civ.P. 15(d).

Here, Plaintiff's Motion for Supplemental Pleading does not attach a copy of Mr. Erskine's proposed supplemental complaint, *cf.* LRCiv 15.1(a), nor does it describe his supplemental allegations in any meaningful manner so as to permit a determination of whether relief under Rule 15(d) is warranted and appropriate.[3] Instead, Mr. Erskine cryptically refers to "[n]ew events grounding the [supplemental pleading]" as "includ[ing] Fenn's notorious press statements, press responses to those statements, and repercussions (together, 'Late Press') after June 4 service [of his original Complaint]." Motion at 3. Mr. Erskine similarly asserts that this "Late Press" contains undisclosed statements reported by Mr. Fenn to "major media" in early June, releases of photos of the Chest "on or about June 16," a "skeptical response to Fenn by prominent journalist Tony Dokoupil on June 19," and "other [unspecified] press doubts of Fenn's credibility due to vague Quest 'quasi-resolution' [sic] … ." *Id.*[4]

Indeed, the majority of Mr. Erskine's Motion is nothing more than an *ad hominem* attack upon the purported "evasive emptiness," "carefully nuanced semantics," and "sham denials" of Mr. Fenn's Declaration in support of his Motion to Dismiss, which Mr. Erskine further characterizes as "dodgy," "stonewalling," "cognitive[ly] dissonan[t]," "bogus," and "marked by inscrutable inanities rather than [a] true defense" of the alleged merits of his

---

[3] While Mr. Erskine expresses his "unsure[ness]" as a *pro se* litigant regarding the proper procedures to follow in this case, it is well-settled that a "[p]laintiff's *pro se* status does not excuse his noncompliance with … any of the Rules of Federal Civil Procedure … ." *Mamboleo v. Wells Fargo Bank, N.A.,* No. CV-14-00648, 2015 WL 9691022, at *2 n.4 (D.Ariz. 2015) (citing *King v. Atiyeh,* 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants.").

[4] As indicated in the Declaration submitted by Mr. Fenn in support of his pending Motion to Dismiss, in early June, Mr. Fenn confirmed that the Chest had been found in the place he originally hid it (nowhere near the location claimed by Mr. Erskine) by a person who wishes to remain anonymous. Mr. Fenn met with the finder and examined the Chest and its contents, all as reported in various news media.

original Complaint.  Moreover, Mr. Erskine makes no effort to explain how any events taking place after the filing of that Complaint give rise to new claims, additional remedies, or new parties, nor does he assert that his requested supplemental pleading will somehow cure any defects in how he originally pled the Complaint.

In fact, to the contrary, Mr. Erskine contends that "[t]he [original Complaint] alleges sufficient facts to claim plausible relief," and confirms his theory that "[*l*]*ong ago*, I evidently performed [Mr. Fenn's purported unilateral contract offer]" by providing the location of the hidden Chest, which contract Mr. Fenn allegedly "defeat[ed] … by petulantly blocking redemption" of the treasure.  Motion at 2-3 (emphasis added).  Thus, according to Mr. Erskine: "Performance by Location fix long predates suit." *Id*. at 5. Even more importantly, Mr. Erskine does not explain how his proposed supplemental pleading would aver any post-Complaint facts that would somehow bolster his claim that the exercise of specific personal jurisdiction over Mr. Fenn in Arizona would be constitutionally permissible.  None of the vaguely described "new events" in Mr. Erskine's Rule 15(d) Motion are alleged to have taken place in this State, nor do they reflect any purposeful activity directed to Arizona giving rise to Mr. Erskine's purported cause of action.

In short, Mr. Erskine's Motion for Supplemental Pleading essentially consists of a series of vitriolic arguments concerning the "merits" of the breach of contract claim alleged in his existing Complaint, and the purported failure of Mr. Fenn to "genuinely … oppose claims or meaningfully ... raise material differences of fact" in his June 25 Declaration (which, of course, was not its purpose).  Nowhere does Mr. Erskine discuss why new or additional relief under Rule 15(d) would be warranted due to events allegedly occurring after the filing of that Complaint which have no apparent Due Process connection with Arizona.  Mr. Fenn therefore respectfully urges the Court to deny Mr. Erskine's Motion in its entirety.

DATED this 10th day of August, 2020.

                                          SACKS TIERNEY P.A.

                                          By: */s/James W. Armstrong*
                                                     James W. Armstrong
                                                     Brian E. Ditsch

                                          SOMMER KARNES & ASSOCIATES

                                          By: */s/Karl H. Sommer*
                                                   Karl H. Sommer

                                          *Attorneys for Defendant*

CERTIFICATE OF SERVICE

I hereby certify that on August 10, 2020, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Brian Erskine
1338 Sabatina Street
Prescott, Arizona 86301
*Plaintiff pro per*

/s/ Toni Cooper

[2796118]