IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brian Erskine, | ) |
| | ) |
| Plaintiff; | ) Case No. CV-20-08123-PCT-JJT |
| v. | ) |
| | ) **MOTION IN THE ALTERNATIVE** |
| Forrest Fenn, | ) **TO TRANSFER JURISDICTION** |
| | ) **PURSUANT TO 28 U. S. C. § 1631** |
| Defendant. | ) |

**MOTION IN THE ALTERNATIVE TO TRANSFER JURISDICTION
PURSUANT TO 28 U. S. C. § 1631**

Plaintiff ("I, me, my") respectfully Moves — not knowing whether such a Motion is **required** to invoke protection of 28 U. S. C. § 1631 ("1631"), and reflecting the plain, repeatedly invoked intent of Plaintiff's **timely** filings — **in the alternative** to transfer jurisdiction under 1631 to the District of New Mexico, curing any want of specific personal jurisdiction in Arizona by general jurisdiction. 1631 reads:

> Whenever a civil action is filed in [Federal court] […] and that court finds that there is a want of jurisdiction, **the court shall**, if it is in the interest of justice, transfer such action or appeal to any other such court […] in which the action or appeal could have been brought [without changing the filing date].

The plain language of 1631 suggests that the Court may transfer *sua sponte*, but the purpose of this Motion is to avoid dismissal on purely technical grounds of having invoked, but not having Moved for, 1631 protection. Perhaps my concern is groundless. It would seem that defense, well ahead of deadline I agreed to extend without hesitation,

1

already would have filed to seize any such technical advantage that might exist.  Also, Courts are courts of justice, not technicalities.  But there would appear no harm or delay in respecting the Court by Moving in the alternative, particularly as the jurisdiction filing phase of the case is not yet concluded.

All my filings to date in this case are incorporated by reference.  Grounds for this motion are set forth in the short attached memorandum incorporated by reference herein.

Respectfully submitted this 19th day of August, 2020,

_____
Brian Erskine
Plaintiff
1338 Sabatina Street
Prescott, Arizona 86301-7402
(949) 424-4294
kattigara@gmail.com

## MEMORANDUM OF POINTS AND AUTHORITIES

As cited in filings, in *Fed. Home Loan Bank of Boston v. Moody's Corp.,* 821 F.3d 102 (1st Cir. 2016) the First Circuit held that 1631 plainly authorizes transfer for want of personal jurisdiction.  Because of its importance, I assume that the Court is familiar with this ruling.  Defense cannot be surprised or prejudiced by a Motion raising no new issues whose intent I have so plainly invoked, expressed, **and cited as precedent** in filings.

Other circuits, including both the Ninth and Tenth as cited in *Fed. Home Loan Bank*, agree that 1631 allows such transfer.  According to the First Circuit, Ninth Circuit precedent is *Gray & Co. v. Firstenberg Mach. Co.*, 913 F.2d 758, 761–62 (9th Cir. 1990) and in the Tenth *Ross v. Colorado Outward Bound School, Inc.*, 822 F.2d 1524 (10th Cir. 1987).  The First Circuit then suggests that all circuits concur on this question, adding, regarding the history of 1631 in *Britell v. United States,* 318 F.3d 70 (1st Cir. 2003):

> After examining much of the same legislative history […] the *Britell* panel concluded that Congress passed § 1631 to (1) make sure that "a litigant [does not] find himself without a remedy because of a lawyer's error or a technicality of procedure […] and (2) eliminate [multiple jurisdiction filing] […] Accordingly, the statute "protects litigants against both statutory imprecision and lawyers' errors" and "offers a practical alternative"—i.e., transfer when jurisdiction is wanting — […] *Id.* And, we observed, the statute "**furthers the salutary policy favoring the resolution of cases on the merits.**" *Id.* (citing cases). These considerations, we said, lead to "[t]he conclusion that **transfer, rather than dismissal**, is the option of choice...." *Id.*

In *Dornbusch v. Comm'r,* 860 F.2d 611, 612 (5th Cir.1988), the Fifth Circuit concurred that 1631's legislative history is "fully consistent with ... a broad, nontechnical reading of" statute.

The First Circuit in *Fed. Home Loan Bank* observed that transfer is not automatic, allowed only if it is in the interest of justice. Respectfully reminding the Court that dismissal by pretrial motion is extreme, based on the evident merit of my case and other matters at the Court's discretion, I leave that question to the Court.

## CONCLUSION

For the foregoing reasons, I respectfully Move the Court in the alternative, if want of Arizona jurisdiction is found, to transfer this case intact to the District of New Mexico to cure by general jurisdiction per 28 U. S. C. § 1631.

Respectfully submitted this 19th day of August, 2020,

*/s/ Brian Erskine*
_____
Brian Erskine
Plaintiff
1338 Sabatina Street
Prescott, Arizona 86301-7402
(949) 424-4294
kattigara@gmail.com

## **CERTIFICATE OF SERVICE**

I hereby certify that this date, August 19, 2020, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will simultaneously serve notice of such filing to counsel of record and the Court Monitor to their registered electronic mail addresses:

James W. Armstrong
Brian E. Ditsch
SACKS TIERNEY, P. A.

Karl Sommer
SOMMER KARNES AND ASSOCIATES LLP
*Pro Hac Vice*

*Attorneys for Defendant*

/s/ Brian Erskine
_____
Brian Erskine
Plaintiff
1338 Sabatina Street
Prescott, Arizona 86301-7402
(949) 424-4294
kattigara@gmail.com