James W. Armstrong (No. 009599)
james.armstrong@sackstierney.com
Brian E. Ditsch (No. 009075)
brian.ditsch@sackstierney.com
SACKS TIERNEY P.A.
4250 N. Drinkwater Blvd., Fourth Floor
Scottsdale, Arizona  85251-3693
Telephone: (480) 425-2600

Karl H. Sommer (admitted pro hac vice)
karls@sommerkarnes.com
SOMMER KARNES & ASSOCIATES
125 Lincoln Ave, Suite 221
Santa Fe, New Mexico  87501
Telephone: (505) 989-3800

*Attorneys for Defendant*

SACKS TIERNEY P.A., ATTORNEYS
4250 NORTH DRINKWATER BOULEVARD
FOURTH FLOOR
SCOTTSDALE, ARIZONA 85251-3693

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Brian Erskine,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>Forrest Fenn,<br><br>　　　　　　Defendant. | No. 3:20-cv-08123-PCT-JJT<br><br>**MOTION TO STRIKE IMPROPER AND UNAUTHORIZED FILINGS BY PLAINTIFF** |

On August 17, 2020, Plaintiff Brian Erskine filed a letter addressed to Judge Tuchi [Doc 28] outlining a so-called "settlement proposal" which continues Mr. Erskine's earlier personal attacks upon Defendant Forrest Fenn,[1] referring to Mr. Fenn as a fame-seeking, "evasive," and "indifferen[t]" "con artist" and a "master of calculated false impressions" whose hidden treasure chest at the center of this lawsuit constitutes a "manipulative" "swindle" upon those who sought to find it.  Two days later, Mr. Erskine filed a Motion in the Alternative to Transfer Jurisdiction [Doc 29], expanding by four pages the argument

---

[1]　*See* Defendant's (second) Motion for Supplemental Pleading [Doc 22], characterizing Mr. Fenn as, among other things, "dodgy," "stonewalling," "cognitive[ly] dissonan[t]," and "bogus."

SACKS TIERNEY P.A., ATTORNEYS
4250 NORTH DRINKWATER BOULEVARD
FOURTH FLOOR
SCOTTSDALE, ARIZONA 85251-3693

previously made in his 16-page Response [Doc 21] to Mr. Fenn's pending Motion to Dismiss [Doc 15] that this case should be transferred to the District of New Mexico under 28 USC § 1631 (rather than dismissed) if personal jurisdiction is found lacking by the Court.   Neither of these filings is authorized or proper under the governing rules of procedure, and only serve to lengthen and increase the cost of this litigation.  Both should therefore be stricken from the record and disregarded by the Court.

Mr. Erskine's bizarre letter to the Court is not captioned in compliance with LRCiv 7.1 and includes no motion or request for relief, *see* Fed.R.Civ.P. 7(b), other than a vague statement that "[w]hile waiting for Fenn to admit that I Solved the Quest," Mr. Erskine "welcome[s] conference at the Court's convenience" apparently to "resolve this case efficiently" because "I know no genuine defense exists."  Obviously, approaching the trial judge assigned to a litigant's case with a purported offer of settlement is both highly improper and an arguable violation of Federal Rule of Evidence 408(a), a tactic made even more objectionable by Mr. Erskine's continuing invectives against Mr. Fenn.

The Plaintiff's untimely Motion to transfer this case under Section 1631 likewise runs afoul of the page limitation for motion responses set forth in LRCiv 7.2(e)(1).  In his 16-page Response to Mr. Fenn's Motion to Dismiss, Mr. Erskine already made the argument and request for a transfer in lieu of dismissal, citing the same First Circuit decision (*Federal Home Loan Bank of Boston v. Moody's Corp.,* 821 F.3d 102 (1st Cir. 2016)) principally relied upon in his new 4-page Motion.[2]  Mr. Erskine is not entitled to

---

[2] As discussed on pages 7-8 of the Reply [Doc 31] filed in support of Mr. Fenn's Motion to Dismiss, *Federal Home Loan Bank* falls within a group of cases favoring a simple, text-based view of Section 1631.  "Although the courts are rather evenly divided on the subject, the better view [based on legislative history] is that Section 1631 is limited to subject matter jurisdiction defects and does not address problems with personal jurisdiction or venue." 15 CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3842 (4th ed. 2020). "Published Ninth Circuit authority suggests that the statute is limited to subject matter jurisdiction," consistent with the "better view" discussed in WRIGHT & MILLER.  *Allen v. Conagra Foods, Inc.,* No. 3:13-cv-01279, 2019 WL 5191009, at *3 (N.D. Cal. Oct. 15, 2019).

such a sur-response, particularly one that would exceed his allotted seventeen pages under LRCiv 7.2(e)(1).

Early in this case, the Court issued an Order [Doc 17] based upon Mr. Erskine's decision to proceed *pro se* that included two cautionary Rule notices with warnings of the consequences of noncompliance and advice that Mr. Erskine review certain resources for self-represented parties available on the court's website, including a handbook and the Local Rules.  In addition, as noted in Mr. Fenn's August 10 Response [Doc 26] to Mr. Erskine's (second) Motion for Supplemental Pleading, a "[p]laintiff's *pro se* status does not excuse his noncompliance with … any of the Rules of Federal Civil Procedure … ." *Mamboleo v. Wells Fargo Bank, N.A.,* No. CV-14-00648, 2015 WL 9691022, at \*2 n.4 (D.Ariz. 2015) (citing *King v. Atiyeh,* 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants.").  Mr. Erskine's recent filings demonstrate that he has taken little or no heed of these standards and the Court's warnings and advice, the result of which has been a wholly unnecessary increase in the time and resources expended by both Mr. Fenn and the Court in resolving this matter.[3]

Mr. Fenn therefore respectfully urges the Court to strike and/or disregard the letter filed by Mr. Erskine on August 17 and his Motion to Transfer Jurisdiction submitted on August 19.

DATED this 28th day of August, 2020.

SACKS TIERNEY P.A.


By: *James W. Armstrong*
James W. Armstrong
Brian E. Ditsch

---

[3] Other examples of Mr. Erkine's wasteful behavior include his abrupt Withdrawal [Doc 20] eleven days later of the first Motion for Supplemental Pleading [Doc 19] he filed on July 15 (but not before counsel for Mr. Fenn had already begun working on a response), and his needless "Notice" filings.  [Docs 16, 25]

SACKS TIERNEY P.A., ATTORNEYS
4250 NORTH DRINKWATER BOULEVARD
FOURTH FLOOR
SCOTTSDALE, ARIZONA 85251-3693

1

SACKS TIERNEY P.A., ATTORNEYS
4250 NORTH DRINKWATER BOULEVARD
FOURTH FLOOR
SCOTTSDALE, ARIZONA 85251-3693

SOMMER KARNES & ASSOCIATES

By: */s/Karl H. Sommer*
      Karl H. Sommer

*Attorneys for Defendant*

CERTIFICATE OF SERVICE

I hereby certify that on August 28, 2020, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Brian Erskine<br>
1338 Sabatina Street<br>
Prescott, Arizona 86301<br>
*Plaintiff pro se*

*/s/ Toni Cooper*

[2811654]

SACKS TIERNEY P.A., ATTORNEYS
4250 NORTH DRINKWATER BOULEVARD
FOURTH FLOOR
SCOTTSDALE, ARIZONA 85251–3693