IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Brian Erskine, | ) | |
| | ) | |
| Plaintiff; | ) | |
| v. | ) | Case No. CV-20-08123-PCT-JJT |
| | ) | |
| Forrest Fenn, | ) | **RESPONSIVE MEMORANDUM** |
| | ) | **TO MOTION TO STRIKE** |
| Defendant. | ) | |
| | ) | |

**RESPONSIVE MEMORANDUM TO MOTION TO STRIKE**

My Response to Defendant's ("Fenn") Motion to Strike (D#32) is concise. Previous filings and terms are incorporated by reference. I attach one (1) brief Exhibit, showing — relevant to Arizona jurisdiction — Bell reporting to me by reply email on December 30, 2018 that Fenn had replied to Solution delivery, as I affirmed and as Fenn seemed to deny in Item 24 of a Supplemental Declaration (D#31) filed August 24, 2020.

Plaintiff ("I") Moved in the Alternative (D#29) seeking 28 U. S. C. § 1631 relief by transfer to New Mexico to cure by general jurisdiction **should** the Court deny Arizona jurisdiction. The jurisdiction claim has two (2) main roots in Fenn's Arizona travel to attend an Event as guest of honor to accept Bell's *True West* Quest and publicity award. Roots are gain of **fame** (Tony Interview, benchmarking, *True West* feature) and contract **performance** or redemption (Bell Intermediation) Fenn linked to **fame** by preferential response to Bell, sustaining Quest and publicity contact by ignoring and breaching to me. With **fame** and **performance** the only relevant Quest goals, Arizona jurisdiction follows.

1

Claims for 1631 relief and case precedent my late Motion cites are **unchanged** from timely earlier filings.  Plain language of both 1631 and my Motion show it to be 'belt and suspenders.'  I Moved from respect for process.  Redundant nominal conference about my possibly unnecessary alternative Motion with no new content is pointless when prior conference and filings show Fenn's firm opposition (see Motion to Strike).  I readily agreed to defense time extension, have engaged conference consistently promptly, wrote Chambers with openness, and showed good faith by this quick, weekend Response.

Fenn's repeated resort to idle technicalities — Moving to Strike a clearly 'backup' Motion in the Alternative on formalities,[1] griping about LRCiv 15,[2] complaining that I complied with Rule 11, etc. — shows **fear** of merits, just as calculated false impressions by Fenn's litany of empty, semantically true statements fail defense.  **Fenn's 'problem' is Solution — contract performance by organized evidence tenaciously presented, as 'the jig is up' and I can't be bullied, blocked, or dodged.**  Press statements and verbal gyrations to pass off Wyoming Box custodian as 'sudden Solver' **after** June 4 Service so as to sustain breach are palpably incredible as Exhibited press response shows.  Had I not Solved, Fenn would not have 'Jerry Falwell Jr. reacted' to Service of known, exposing content by press release.  Evidence and Fenn's statements show willful breach.

---

[1] Ironically, my Motion targeted to be Struck by technicality cites precedent that the 1631 relief it alternatively seeks resists negation by technicality.

[2] The District of Arizona has transparent process for amending LRCiv, suggesting LRCiv 15 would mention 'supplemental pleadings' if applicable — as does for example local Rule 15 for the District of Oregon.  Perusing another District's rules to improve context clarity about LRCiv shows my respect for the **substance** of rules, orders, and procedure.

Looking ahead, I plan to seek testimony from and through Bell and from New Mexico State Police Major José Aragón to whom I prioritized presenting Solution in person on August 27, 2018 as indicated by photo Exhibit with the original Complaint. Standing to sue derives from breach and I have Moved to Supplement attendant claims, but had I not sued, police concerns, deaths, and rescues show the Quest foreseeably would have killed Participants and risked first responders indefinitely.  Fenn had to be stopped, seemingly only by suit for **credible** Quest resolution **by contract fulfillment.**

## CONCLUSION

As detailed both herein and in my Motion in the Alternative, the Motion to Strike should be denied.  Motions to Dismiss and Strike are desperation heaves, extreme remedies to make my case and evidence go away.  A technically driven Motion to Strike (a) a good faith backup Motion (b) in the Alternative for (c) already substantially timely claimed (d) statutory relief (e) by precedent resistant to technical negation, is a telling overreaction five (5) times over.  I seek justice, and resolution on the merits wherever.

Respectfully submitted this 30th day of August, 2020.

_____
Brian Erskine
Plaintiff
1338 Sabatina Street
Prescott, Arizona 86301-7402
(949) 424-4294
kattigara@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 30, 2020, I caused the foregoing to be electronically filed with the Clerk using the CM/ECF system, which will serve notice of such filing to counsel of record and the Court Monitor to their registered electronic mail addresses:

James W. Armstrong
Brian E. Ditsch
SACKS TIERNEY, P. A.

Karl Sommer
SOMMER KARNES AND ASSOCIATES LLP
*Pro Hac Vice*

*Attorneys for Defendant*

_____
Brian Erskine
Plaintiff
1338 Sabatina Street
Prescott, Arizona 86301-7402
(949) 424-4294
kattigara@gmail.com