James W. Armstrong (No. 009599)
james.armstrong@sackstierney.com
Brian E. Ditsch (No. 009075)
brian.ditsch@sackstierney.com
SACKS TIERNEY P.A.
4250 N. Drinkwater Blvd., Fourth Floor
Scottsdale, Arizona 85251-3693
Telephone: (480) 425-2600

Karl H. Sommer (admitted pro hac vice)
karls@sommerkarnes.com
SOMMER KARNES & ASSOCIATES
125 Lincoln Ave, Suite 221
Santa Fe, New Mexico 87501
Telephone: (505) 989-3800

*Attorneys for Defendant*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Brian Erskine,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>Forrest Fenn,<br><br>　　　　　Defendant. | No. 3:20-cv-08123-PCT-JJT<br><br>**REPLY IN SUPPORT OF DEFENDANT'S MOTION TO STRIKE IMPROPER AND UNAUTHORIZED FILINGS BY PLAINTIFF** |

　　　On August 28, 2020, Defendant Forrest Fenn filed a Motion to Strike [Doc 32] two improper and unauthorized filings by Plaintiff Brian Erskine, the first being an informal letter [Doc 28] addressed to Judge Tuchi suggesting a "settlement proposal" conference with the Court, and the second being a Motion to Transfer Jurisdiction [Doc 29] under 28 U.S.C. § 1631 that Mr. Erskine had already requested in his Response [Doc 21] to Mr. Fenn's pending (and now fully-briefed) Motion to Dismiss Complaint for lack of personal Jurisdiction [Doc 15]. In his Response [Doc 33] to Mr. Fenn's Motion to Strike, Mr. Erskine does not dispute that his highly irregular letter to the Court was clearly improper, and he further concedes that his Motion to Transfer was "late" and "possibly unnecessary."

Mr. Erskine likewise does not address Mr. Fenn's contention that Mr. Erskine's untimely Motion to Transfer was, in effect, an unauthorized (and unfair) "sur-response" to Mr. Fenn's Motion to Dismiss which, when added to Mr. Erskine's original 16-page Response [Doc 21], exceeded the 17-page limit of LRCiv 7.2(e)(1).

Instead, as he has done in prior motion papers, Mr. Erskine meanders from the topics at hand to, among other false irrelevancies, (i) accusations of "fear" on Mr. Fenn's part of the purported "merits" of Mr. Erskine's underlying claim, (ii) the alleged propriety of Arizona jurisdiction based upon Mr. Fenn's desire to "gain [regional and national] fame" and the "intermediation" (solicited by Mr. Erskine, *not* Mr. Fenn) of *True West* magazine's Editor in seeking "redemption" of Mr. Erskine's purported "contract performance," and (iii) the applicability of LRCiv 15.1(a), which Mr. Fenn cited for comparison purposes [Doc 26] in response to Mr. Erskine's ill-conceived (and wholly unrelated) Motion for Supplemental Pleading [Doc 22]. Enough is enough. Mr. Fenn's Motion to Strike is not a "technically driven" act of "desperation" designed to "make [Mr. Erskine's] case and evidence go away," but rather a legitimate effort to put at least a partial end to Mr. Erskine's wasteful and unproductive litigation tactics.[1] Mr. Fenn consequently urges the Court to grant his essentially unopposed Motion, in its entirety.

DATED this 3rd day of September, 2020.

SACKS TIERNEY P.A.

By: */s/ James W. Armstrong*
   James W. Armstrong
   Brian E. Ditsch

---

[1] Indeed, as demonstrated by the Reply [Doc 31] in support of Mr. Fenn's Motion to Dismiss, there simply is no competent or non-speculative evidence to sustain any portion of Mr. Erskine's frivolous breach of contract action, further warranting its dismissal rather than transfer under Section 1631. Far from evading Mr. Erskine's contract claim out of "fear" for its "merit," Mr. Fenn has therefore directly refuted it.

2

SOMMER KARNES & ASSOCIATES

By: */s/ Karl H. Sommer*
       Karl H. Sommer

*Attorneys for Defendant*

CERTIFICATE OF SERVICE

I hereby certify that on September 3, 2020, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Brian Erskine
1338 Sabatina Street
Prescott, Arizona 86301
*Plaintiff pro se*

/s/ Toni Cooper

[2817584]