IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brian Erskine, ) | |
| ) | |
| Plaintiff; ) | Case No. CV-20-08123-PCT-JJT |
| v. ) | |
| ) | **RESPONSIVE MEMORANDUM** |
| Forrest Fenn, ) | **IN OPPOSITION TO** |
| ) | **MOTION TO SUBSTITUTE** |
| Defendant. ) | **DEFENDANT'S ESTATE** |
| ) | |

### RESPONSIVE MEMORANDUM IN OPPOSITION TO
### MOTION TO SUBSTITUTE DEFENDANT'S ESTATE

I extend respectful condolences to the Fenn family. My Responsive Memorandum in Opposition to Zoe Fenn Old's ("Zoe") bizarre Motion to Substitute Defendant's Estate (D#36) ("DMS") exposes the latest of many shamelessly pathetic misdirection tries. The DMS states "[**Zoe**] is therefore the 'proper party' to be substituted for [Fenn] in her capacity as the Personal Representative of Mr. Fenn's Estate" — yet aims to substitute **not Zoe, but rather "Defendant's Estate."** Whoops! That's no oversight; the DMS is another desperate dodge of my case's inconveniently truthful merits.[1]

Previous filings and terms are incorporated by reference. I attach one (1) key Affidavit and Exhibit relevant by forestalling now reasonably anticipated further such misdirection or distortion tries. These tries are repeated ("Erskine Site" rather than

---

[1] For the "proper party" courts generally look to the "legal representative" of the deceased. See *Sinito v. U.S. Dep't of Justice*, 176 F.3d 512, 516 (D.C. Cir. 1999); see also *May v. Shuttle, Inc.*, No. 94-1019, 1996 WL 774536, *1 n.1 (D.D.C. Sept. 5, 1996).

1

"Location," falsely "next to a highway," a litany of semantics, etc.) and now are pattern established.  I believe these misdirections motivated *inter alia* by lack of genuine defense and Fenn's terminally damaged credibility by evasive public statements and actions, just one 'clunker' after another, aiming and failing to defeat contract by publicly humiliating me for meritoriously suing because "obviously, someone else found the Box."

    To summarize, I sued on May 26, the Clerk recorded on May 28, and I Served Fenn on June 4.  Only after Service, Fenn by public actions belatedly represented the Quest as Solved (as true from August 2018, evidenced by my suit) and had the Box retrieved by a custodian no earlier than June 5 (as obligated), without conveying to me and hence without fulfilling contract, though without evidencing conveyance to another in violation of contract despite several seemingly peripheral or semantic misdirection efforts aimed at false impression that the custodian has clear Box title.  I colorably claimed (at least) specific personal jurisdiction, evidencing Fenn's undeniable purposeful availment of Arizona.  Defense counsel opposed jurisdiction and Moved to dismiss.  Parties traded jurisdiction filings mixed with merits content.  The Court had yet to rule on jurisdiction when a Suggestion of Death for Fenn entered on September 8.  Defendant's death eliminates personal but not subject matter jurisdiction, allowing Rule 25(a)(1) Substitution and **simultaneously creating "want of jurisdiction" by 28 U. S. C. 1631.**

    While either party may Move to Substitute, Substitution is not a 'footrace.'  It was strange for defense counsel — after filing to dismiss — speedily to request in conference that I stipulate Substitution of the same party the DMS aimed actually to Substitute.  To

2

be clear, I did not agree to so stipulate.  Rule 25(a)(1) requires dismissal if (effectively, as Plaintiff) I don't Move to Substitute by a deadline, so, why would the defense not wait?  I also am aware that hypothetically, judgment can be 'won' against an 'entity' (such as "Defendant's Estate") that might not qualify as a judgment debtor or might not be able to hold or convey title to property, whether personal or real as subject to a judgment lien.

By the Poem's plain terms, Box entitlement is (or 'was') to be performed by the natural person Fenn, who created the Quest, composed and published the Poem, in writing **bluntly warranted power to entitle the Box** ("I give you title to the gold"), and who by New Mexico law (as may be applicable) has the individual power contractually to obligate separate or community property; but that does not necessarily **limit** liability to the property or contents of the separate estate of the natural person Fenn.  By my prior pending contractual claim, it also doesn't necessarily matter whether the Box itemized in a will or trust.  It's also unlikely that Fenn wrote the Box into any legal arrangement other than the contractual Poem or other than as my suit claims.  So doing would risk conflict with contract or exposure of Box custody when Fenn seemingly relied on misperception of Box abandonment, fueling Participation by prospect of self-validating Box discovery, rather than true perception of contract and conveyance.  Finally, I am a **contractual gold clause creditor** and **31 U. S. C. 5118** and applicable precedent protect my specific performance interest.[2]

---

[2] *216 Jamaica Avenue, LLC v. S&R Playhouse Realty Co.*, 540 F.3d 433 (6th Cir. 2008) — a case whose ruling drew headlines, as few cases about ninety-nine (99) year leases do — as I plan to cite in my Rule 15(d) Pleading, pending permission.

Filings accompanying the DMS suggest Zoe now has power and obligation to entitle the Box.  A lawyer, directly or by proxy, is likely Box custodian.  There is little doubt that the Box, however hidden, is in fact readily available to convey to me in compliance with contract.  Published photographs and sworn statements evidence Fenn to have been in the immediate physical presence of, or to have handled, the Box some time after Service.  As my own imminent substitution filing plans to show, contract and suit survive Fenn.  The true parameters of the Box situation are obvious even if not every point of detail is known.  In due course, let's Substitute the (real) proper party.

## CONCLUSION

Events have shown the Court's restraint to date to be wise and defense to have no plan beyond "semantics and antics."  I respectfully ask the Court to wait for my Motion to Substitute and (whether now or later) to deny the misdirection try in the form of the DMS, a nakedly self-contradictory, dodgy Motion to Substitute "Defendant's Estate."

Respectfully submitted this 21st day of October, 2020.

_____
Brian Erskine
Plaintiff
1338 Sabatina Street
Prescott, Arizona 86301-7402
(949) 424-4294
kattigara@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on October 21, 2020, I caused the foregoing (and accompanying) to be placed in the United States mail, certified return receipt requested, for Service to John M. Hickey of April, Dolan & Hickey, attorneys identifying in filings by presentation in New Mexico state court as representing Zoe Fenn Old; and electronically filed with the Clerk using the CM/ECF system, which will serve notice of such filing to counsel of record and the Court Monitor to their registered electronic mail addresses:

James W. Armstrong
Brian E. Ditsch
SACKS TIERNEY, P. A.

Karl Sommer
SOMMER KARNES AND ASSOCIATES LLP
*Pro Hac Vice*

_____
Brian Erskine
Plaintiff
1338 Sabatina Street
Prescott, Arizona 86301-7402
(949) 424-4294
kattigara@gmail.com