1  James W. Armstrong (No. 009599)
   james.armstrong@sackstierney.com
2  Brian E. Ditsch (No. 009075)
   brian.ditsch@sackstierney.com
3  SACKS TIERNEY P.A.
   4250 N. Drinkwater Blvd., Fourth Floor
4  Scottsdale, Arizona  85251-3693
   Telephone: (480) 425-2600
5
6  Karl H. Sommer (admitted pro hac vice)
   karls@sommerkarnes.com
7  SOMMER KARNES & ASSOCIATES
   125 Lincoln Ave, Suite 221
8  Santa Fe, New Mexico  87501
   Telephone: (505) 989-3800
9
   *Attorneys for Defendant*
10

11                 **UNITED STATES DISTRICT COURT**

12                    **DISTRICT OF ARIZONA**

13  Brian Erskine,                           No. 3:20-cv-08123-PCT-JJT
14                          Plaintiff,
15        v.                                 **REPLY IN SUPPORT OF MOTION
                                             TO SUBSTITUTE DEFENDANT'S
16  Forrest Fenn,                            ESTATE AS A PARTY**
17                          Defendant.
18

19        On October 7, 2020, undersigned counsel filed what we believed to be a decidedly

20  noncontroversial two-paragraph Motion [Doc 36] to substitute the Estate of Forrest Burke

21  Fenn as the Defendant in this action following the death of Mr. Fenn on September 7, 2020,

22  naming his daughter Zoe Fenn Old as the duly-appointed Personal Representative of that

23  Estate.  In his startling Response [Doc 37] to our Motion, however, Plaintiff Brian Erskine

24  incomprehensively attacks the requested substitution as "the latest of many shamelessly

25  pathetic misdirection tries" purportedly "motivated *inter alia* by lack of genuine defense

26  and Fenn's terminally damaged credibility by evasive public statements and actions, just

27  one 'clunker' after another, aiming and failing to defeat contract by publicly humiliating me

28  for meritoriously suing because 'obviously, someone else found the Box.'"  Mr. Erskine

SACKS TIERNEY P.A., ATTORNEYS
4250 NORTH DRINKWATER BOULEVARD
FOURTH FLOOR
SCOTTSDALE, ARIZONA 85251-3693

further finds it "strange" that defense counsel so "speedily" offered to stipulate to the substitution of Mr. Fenn's Estate, asking why we would not wait until a dismissal of this case was more imminent under the 90-day time frame proved under Fed.R.Civ.P. 25(a)(1). In short, Mr. Erskine apparently believes that counsel are trying to pull a fast one or otherwise trick him with the filing of the instant Motion, but his paranoia is wholly unfounded.

After the filing of the Statement Noting Death of Defendant [Doc 35] on September 8, 2020, the parties exchanged a series of emails, beginning with Mr. Erskine's September 14 email announcing his seeming intention to file a "Motion to Substitute Party Defendant under Rule 25(a)(1)." *See* Exhibit 3, attached hereto.  Although rambling and unfocused, Mr. Erskine's email appeared to target Mr. Fenn's elderly and infirm widow Peggy as the "new" Defendant under Mr. Erskine's perception of New Mexico community property law.[1]

In a genuine effort to avoid the time and expense of responding to a potentially improper motion, undersigned counsel emailed Mr. Erskine back on September 17 to notify him that steps were being taken to open Mr. Fenn's probate estate in New Mexico, and to offer to stipulate to the substitution of the Estate once a personal representative was appointed.  Mr. Erskine replied on September 20 noting that counsel's stipulation proposal was "clear," but stating that "I yet have no response either way, and will take it under consideration."   Having received no further communication from Mr. Erksine, and motivated solely by a desire to expeditiously move this matter along, defense counsel accordingly filed the instant substitution motion on October 7, attaching the New Mexico State Court Order appointing Zoe Fenn Old as the Personal Representative of Mr. Fenn's Estate.

"Generally, the proper party for substitution is the person who has the legal right and authority to pursue the claims brought by the deceased party or to defend against a claim brought against the deceased party." 6 MOORE'S FEDERAL PRACTICE – CIVIL § 25.12[3] (3d

---

[1] Less than one month after her husband's passing. Peggy Fenn also died on October 4, 2020.

SACKS TIERNEY P.A., ATTORNEYS
4250 NORTH DRINKWATER BOULEVARD
FOURTH FLOOR
SCOTTSDALE, ARIZONA 85251-3693

ed 2020) [hereinafter MOORE'S] (citing *Fariss v. Lynchburg Foundry,* 769 F.2d 958, 962 (4th Cir. 1985) ("The 'successors or representatives of the deceased party' contemplated by [Rule 25(a)(1)] are those empowered to assert any legal claims of the decedent not extinguished by death, or to defend the estate against others' claims.")); *see also Natale v. Country Ford Ltd.,* 287 F.R.D. 135, 137 (E.D.N.Y. 2012) ("proper parties" for substitution include "a representative of the deceased party -- a person lawfully designated by state authority to represent the deceased's estate").[2]   Under New Mexico law, the personal representative of a decedent's estate has the duty and power to "prosecute or defend claims and proceedings in any jurisdiction for the protection of the estate ... ." N.M. STAT. ANN. § 45-3-715(A)(22); *accord Martinez v. Segovia,* 62 P.3d 331, 335 (N.M.App. 2002). Moreover, the personal representative "has the same standing to sue and be sued in the courts of New Mexico and the courts of any other jurisdiction as the decedent had immediately prior to death." N.M. STAT. ANN. § 45-3-703(E).

Zoe Fenn Old, as the Personal Representative of the Estate of Forrest Burke Fenn, is thus unquestionably a proper party to be substituted for her late father in the defense of this lawsuit.   While the language of Rule 25(a)(1) is permissive, "the Advisory Committee on the 1963 amendments to Fed.R.Civ.P. 25 intended that motions to substitute be freely granted." *In re Baycol Products Litigation,* 616 F.3d 778, 783 (8th Cir. 2010).   Therefore, "it is difficult to imagine a case where discretion might properly be exercised to deny a motion to substitute for a deceased [litigant] made within the rule's time limits." 6 MOORE'S § 25.12[4] (quoting *Saylor v. Bastedo,* 623 F.2d 230, 237 (2d Cir. 1980).   Mr. Erskine's turbid Response proffers no cogent reason to do so here.[3]

---

[2] The case law cited by Mr. Erskine is not to the contrary. *See Sinito v. United States Dep't of Justice,* 176 F.3d 512, 516 (D.C. Cir. 1999) ("an executor or administrator of a decedent's estate is a proper party for substitution").

[3] Indeed, the large majority of Plaintiff's Response consists of a single-spaced 13-page "Statement of Brian Erskine" purporting to summarize "How I Solved the Quest and Why I Came to Sue."   Nothing in that Statement is in any way remotely relevant to the requested substitution of Mr. Fenn's Estate as the Defendant in this case.   Instead, it represents yet another improper attempt by Mr. Erskine to belatedly supplement arguments

SACKS TIERNEY P.A., ATTORNEYS
4250 NORTH DRINKWATER BOULEVARD
FOURTH FLOOR
SCOTTSDALE, ARIZONA 85251-3693

RESPECTFULLY SUBMITTED this 21st day of October, 2020.

SACKS TIERNEY P.A.

By: */s/ James W. Armstrong*
    James W. Armstrong
    Brian E. Ditsch

SOMMER KARNES & ASSOCIATES

By: */s/ Karl H. Sommer*
    Karl H. Sommer

*Attorneys for Defendant*

he has previously made in connection with other, wholly unrelated motions in this case.  As such, Mr. Erskine's "Statement" should be disregarded by the Court in its entirety.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

SACKS TIERNEY P.A., ATTORNEYS
4250 NORTH DRINKWATER BOULEVARD
FOURTH FLOOR
SCOTTSDALE, ARIZONA 85251-3693

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 21, 2020, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Brian Erskine
1338 Sabatina Street
Prescott, Arizona 86301
*Plaintiff pro se*

*/s/ Pat Nielsen*

[2855112]