1338 Sabatina Street
                                                         Prescott, Arizona 86301-7402

December 17, 2020

                                                                                                                         [2 pp.]

The Honorable Judge John J. Tuchi
U. S. District Court for the District of Arizona
401 West Washington Street, Suite 130, SPC 1
Phoenix, Arizona 85003-2118

Dear Judge Tuchi:

      On Dec. 4, I filed a Rule 25(a)(1) Substitution Motion with Notice, Proposed Order, and Exhibits (D#39).  Respecting Rule 4, I promptly retained professional process server ABC Legal to assist in serving all named in Exhibited (D#39) state probate filings, including nonparty[1] Zoe Fenn Old ("Zoe").  Since Dec. 4, dramatic events combine to inform this annotated cover letter necessarily detailing my unusual service proof filing[2] (anticipated D#40).  Please find documentation of painstaking service or attempts:[3]

(a) proof of service (return receipt) on Zoe's probate counsel, John Hickey;[4]
(b) proof of non-service and matching police report detailing mortal threat to the original ABC Legal process server, Dakota Brown, by an armed man at Zoe's home late Dec. 9;[5]
(c) ethics complaint filed against defense counsel Karl Sommer for directly contacting ABC Legal early Dec. 10, without contacting me, seemingly exploiting the previous evening's armed threat by aiming to divert service, facilitating Rule 4 failure;[6]
(d) ABC Legal communication log for service on Zoe evidencing events (b) and (c);
(e) affidavit of tracked mailing supporting anticipated service by Santa Fe County sheriff's deputy, as already arranged by ABC Legal as reconfirmed on Dec. 14 at no extra charge to me in response to events (b) and (c), and projected to take several weeks.[7]

---

[1] Indispensable nonparty: *Atkins v. City of Chicago*, 547 F.3d 869 (7th Cir. 2008).

[2] This letter and its Exhibits best fit the description "Declaration of Service."  Despite necessarily mixed content of fact and contextual inference, factual representations herein are made under penalty of perjury.

[3] Required to file promptly by N. M. R. Civ. P. Dist. Ct. 1-004 — Process, Rule L.

[4] N. M. R. Civ. P. Dist. Ct. 1-004 — Process, Rule E(3).

[5] Violating N. M. (Crim.) Stat. 30-22-1(a), 18 U. S. C. 1501, and likely other laws ("aggravated assault").

[6] *Grandbouche v. Lovell*, 913 F.2d 835 (10th Cir. 1990).

[7] N. M. R. Civ. P. Dist. Ct. 1-004 — Process, Rules F(1)(a), F(2), or F(3).

*Case No. CV-20-08123-PCT-JJT*                *Service / cc: Defense Counsel through CM/ECF*

      Both the criminal threat (b) and Karl's corrupt leverage (c) assail due process. These cowardly acts, after absurd Dec. 7 press[8] identifying presumed Box custodian — palpably a mere sockpuppet, pathetically introducing himself as aiming to abandon a medical career at the threshold[9] — together show defense's desperate fear of case merits and cold awareness of just how plain it is that the custodian did not perform a decade-old open contract, obligating custody, by belated act directly after June 4 Service of the Original Complaint (D#9). The clarity and force of my Dec. 4 filing[10] after reported find in Utah of the fascinating outdoor metal monolith, timely bringing hidden land art in Western box canyons to sustained public notice, intensified this fear. Faking the custodian as the performer simply is not going to work. My contractual performance, proven by land art find by Quest design, exposes Forrest Fenn's liable legacy.

      Service documentation listed herein (a) perhaps complies with Rule 4, (e) likely would so comply after pending service by sheriff's deputy, or might support future Court-approved service by publication[11] or a Motion to deem service performed should Rule 4(m)'s deadline approach or some other exigency arise, as I have done and continue to do the utmost to serve, literally against armed threats. Defense's mafia tactics are the latest extremes in a pattern of misdirection, made more noxious as now targeting a wage earner visiting Zoe's palatial home for a necessary job as occupants have reason to anticipate. No matter who threatened Dakota Brown at Zoe's home or how much inherited wealth Zoe has, Zoe will not escape justice behind a gun.

Respectfully,

*/s/ Brian Erskine*

Brian Erskine
Plaintiff
(949) 424-4294
kattigara@gmail.com

---

[8] See Barbarisi, D.; *Outside*, Dec. 7, 2020; *The Man Who Found Forrest Fenn's Treasure*; and Andrew, S.; *CNN,* Dec. 7, 2020; *The man who found Forrest Fenn's treasure wanted to be anonymous. A lawsuit compelled him to go public.* Also see, presumably self-published on essay site *medium.com*, Steuf, J. [formerly 'Anonymous' until Dec. 7], Sep. 23, 2020; *A Remembrance of Forrest Fenn,* where the writer shows close friendship with Forrest Fenn (ignoring *contra proferentem*) and enjoys a good cry outdoors.

[9] Medicine, like law, screens for ethics. Given the Quest's public safety record, police complaints, and the incident in (b), the custodian's statements and role do not show the respect for human life required of a doctor; or for the integrity, transparency, process, and documentation required of a clinical researcher.

[10] Entirely consistent with my Original Complaint.

[11] N. M. R. Civ. P. Dist. Ct. 1-004 — Process, Rules J and K.

*Case No. CV-20-08123-PCT-JJT*                   *Service / cc: Defense Counsel through CM/ECF*