James W. Armstrong (No. 009599)
james.armstrong@sackstierney.com
Brian E. Ditsch (No. 009075)
brian.ditsch@sackstierney.com
SACKS TIERNEY P.A.
4250 N. Drinkwater Blvd., Fourth Floor
Scottsdale, Arizona  85251-3693
Telephone: (480) 425-2600

Karl H. Sommer (admitted pro hac vice)
karls@sommerkarnes.com
SOMMER KARNES & ASSOCIATES
125 Lincoln Ave, Suite 221
Santa Fe, New Mexico  87501
Telephone: (505) 989-3800

*Attorneys for Defendant*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Brian Erskine,<br><br>   Plaintiff,<br><br> v.<br><br>Forrest Fenn,<br><br>   Defendant. | No. 3:20-cv-08123-PCT-JJT<br><br>**RESPONSE TO PLAINTIFF'S MOTION TO SUBSTITUTE PARTY** |

Six weeks prior to the filing by Plaintiff Brian Erskine of his December 4, 2020 "Motion to Substitute Party by F.R.C.P. ('Rule') 25(a)(1)" [Doc 39], defense counsel (following the September 7, 2020 death of Defendant Forrest Fenn) filed a Motion to Substitute Defendant's Estate as a Party [Doc 36] pursuant to Rule 25(A)(1), which unambiguously states that "[a] motion for substitution may be made by any party or by the decedent's successor or representative."  Thus, counsel made a routine request to substitute the Personal Representative of Mr. Fenn's Estate, Zoe Fenn Old, as the "proper party" to succeed her deceased father.  In response, Mr. Erskine filed a baseless opposition [Doc 37] using it as an opportunity to yet again repeat his preposterous and convoluted theory about the supposed merits of his "Gold Clause" and "Solution" claims to *a treasure he admittedly*

*did not find*. Mr. Erskine's instant Motion confirms the frivolous nature of his original opposition to the substitution of Ms. Old and exposes a misguided and inappropriate attempt to *join* (not substitute) the Forrest and Peggy Fenn Revocable Trust u/a 11/21/86 (the "Trust") as a new party defendant -- all without having to file a complaint against the Trust on any theory of liability or a joinder motion pursuant to Rules 19 or 20.  For obvious reasons, the defense does not oppose the substitution of Personal Representative Old as the Defendant in this case.  However, the Court should deny Mr. Erskine's improper attempt to join the Trust for any purpose, as Mr. Erskine states no claims against the Trust.

### I. Mr. Erskine's Prior Opposition to Ms. Old's Substitution was Frivolous and Vexatious.

After having opposed defense counsel's October 26 substitution motion (forcing Ms. Old to file a Reply [Doc 38]), Mr. Erskine now unabashedly concedes that Ms. Old is the proper party to substitute as the Personal Representative of Mr. Fenn's Estate, ***citing our motion in support*** and characterizing it as a "weak" and "misdirected" "admission" by the defense "that Zoe is [a] proper party." Motion at 3. Accordingly, Mr. Erskine had no genuine or good faith opposition to the substitution of Personal Representative Old when he filed his Response to the original Motion to Substitute.  Indeed, that Response conspicuously failed to raise any of the grounds he *now* asserts.  Like many of his other spurious and combative filings, Mr. Erskine's Response quite clearly appears to have been filed for vexatious purposes -- namely, delay and the needless increase of expenses for Mr. Fenn's Estate.  The Court should substitute Ms. Old solely in her capacity as Personal Representative in place of Mr. Fenn as the Defendant in this case, and award (as a sanction) Ms. Old her attorneys' fees in having to prepare and file her prior Reply.

### II. The Trust is Not a Proper Party

The remainder of Mr. Erskine's Motion consists of a confusing, rambling and ultimately unavailing attempt to justify the joinder[1] of the Trust as a defendant -- all of which

---

[1] Mr. Erskine calls it a "substitution," but he is actually trying to *join* the Trust as an "indispensable" defendant.

rests upon Mr. Erskine's fundamental misunderstanding of the law. A substitution under Rule 25(A)(1) requires that a movant demonstrate that a person or entity proposed for substitution be a "proper party." "Generally, the proper party for substitution is the person who has the legal right and authority to pursue the claims brought by the deceased party or to defend against a claim brought against the deceased party." 6 MOORE'S FEDERAL PRACTICE – CIVIL § 25.12[3] (3d ed 2020) [hereinafter MOORE'S] (citing *Fariss v. Lynchburg Foundry,* 769 F.2d 958, 962 (4th Cir. 1985) ("The 'successors or representatives of the deceased party' contemplated by [Rule 25(a)(1)] are those empowered to assert any legal claims of the decedent not extinguished by death, or to defend the estate against others' claims.")); *see also Natale v. Country Ford Ltd.,* 287 F.R.D. 135, 137 (E.D.N.Y. 2012) ("proper parties" for substitution include "a representative of the deceased party -- a person lawfully designated by state authority to represent the deceased's estate").

Under New Mexico law, the personal representative of a decedent's estate has the duty and power to "prosecute or defend claims and proceedings in any jurisdiction for the protection of the estate … ." N.M. STAT. ANN. § 45-3-715(A)(22); *accord Martinez v. Segovia,* 62 P.3d 331, 335 (N.M. App. 2002). Moreover, the personal representative "has the same standing to sue and be sued in the courts of New Mexico and the courts of any other jurisdiction as the decedent had immediately prior to death." N.M. STAT. ANN. § 45-3-703(E). Thus, under New Mexico law, the Trust does not meet the criteria to be a "proper party," and Erskine's motion fails completely to address, much less demonstrate, how under the foregoing standards the Trust is a proper party.

Indeed, Mr. Erskine's specious joinder argument can be summarized as follows: Under New Mexico's Uniform Probate Code (N.M. STAT. ANN. § 46A-5-505A(3)), the Trust owns land that could be used to satisfy any money judgment Mr. Erskine hopes someday he will obtain against the Estate and, therefore, Mr. Erskine asserts that the Trust is a proper party defendant in this case. Motion at 3-4. Mr. Erskine goes on to add that:

> If judgment ordering specific performance of a gold clause is a "money judgment" -- **and it is** -- and presumably if the judgment debtor qualifies -- there also "shall be a lien" on the Land by the general lien statute, N. M. Stat.

3

> 39-1-6. Unusual as this case is, I argue that by law, precedent, equitable justice, and for any chance at Quest resolution, it **must** so work.

Motion at 6. In short, Erskine mistakenly believes that the pendency of his Complaint against Forrest Fenn -- now the Estate of Forrest Fenn -- gives rise to a claim against the Trust and a lien on land owned by the Trust.

Mr. Erskine's First and Second Claims against the Estate have been disallowed by the Estate. *See* Motion, Ex. 1.  Only ***when and if*** Mr. Erskine obtains a judgment against the Estate will he have a claim payable by the Estate.  Otherwise stated, until he has a judgment against the Estate, Mr. Erskine has no claim against the Estate, and he cannot pursue collection of a claim against assets of the Estate, much less the Trust.  Furthermore, he can only pursue collection of a judgment against assets of the Trust "to the extent the settlor's probate estate is inadequate to satisfy those claims, costs, expenses and allowances." N.M. STAT. ANN. § 46A-5-505.  Mr. Erskine has no money judgment in his favor against the Estate and has not demonstrated that the assets of the Estate are inadequate to satisfy the judgment -- both of which conditions would have to exist in order to involve the Trust in this litigation.

Mr. Erskine's "N. M. General Lien Statute" theory of joinder similarly suffers from a basic misapprehension of the prerequisite to possessing a "judgment lien" -- namely, ***a judgment***.  Again, Erskine has no judgment.  It is axiomatic that Erskine cannot assert a judgment lien against assets of the Trust if he does not have a judgment.

Mr. Erskine's gamble to join the Trust appears to be an ill-conceived effort to persuade the Court to effect some sort of improper prejudgment attachment of the assets of the Trust, based upon his belief that by joining the Trust, that action will subject its assets to Erskine's claims. Mr. Erskine's Motion makes the following statements pointing to Erskine's desire to attempt an encumbrance of Trust assets:

- "I do also Move — **to the length limit** — to substitute Zoe in Trustee capacity, as the ***Trust holds the real property at 1021 Old Santa Fe Trail ('Land')***." (Emphasis in italics added).

- "Substituting Zoe in Trustee capacity and thus as possible judgment debtor fully exposes the Land to liability. As I plan to detail in the pending SP and preview herein,

4

- equitable adjudication *pivots on Land exposure*, motivating defense compliance with any Court order ... ."

- "Trustee Substitution is **needed** so defense can't sustain absurd breach without **inescapably public alternative equitable liability**: *Land*." (Emphasis added).

- "If judgment ordering specific performance of a gold clause is a 'money judgment' -- **and it is** -- and presumably if the judgment debtor qualifies — *there also 'shall be a lien' on the Land* by the general lien statute, N. M. Stat. 39-1-6." (Emphasis added).

- "**Trustee Substitution is key to law's protection**, simultaneously securing the Court in any specific performance order and my protected interest in gold conveyance, thus motivating compliance -- and even *with title to the Land by judgment* instead of the Box by compliance, that's tangible, irrefutable Quest resolution." (Emphasis added).

- "Trustee Substitution improves the Court's options, offering a way to motivate compliance with any *specific performance Court order*." (Emphasis added).

- "I respectfully ask the Court to allow every reasonable provision, including Trustee Substitution*, facilitating accountability and clear resolution*." (Emphasis added).

- "I aim to defuse others so as to *deny defense cause to exclude the Land from liability exposure*, risking 'painless option' to defy a Court order for specific performance of Box entitlement by gold clause." (Emphasis added).

These statements reveal the only reason Mr. Erskine wants to join the Trust -- namely, to in some way attempt to expose Trust assets to a judgment that he is pursuing against the Estate in a way that the law does not already provide.  Unfortunately for Mr. Erskine, neither Rule 25(A)(1), nor any other theory he presents to the Court, supports "substitution" of the Trust as a party defendant simply because it has assets he might seek to attach *if* Erskine obtains a judgment, and *if* the Estate assets are inadequate to satisfy his judgment.  If Mr. Erskine desires, he is free to avail himself of the provisional remedy statutes (A.R.S. §§ 12-2401, *et seq.*) that allow prejudgment attachment, but until he can meet those requirements (including the posting of a substantial security bond under A.R.S. § 12-1524), this Court should deny the request to join the Trust as defendant, as that request rests on the false justification that the Trust owns property Mr. Erskine hopes one day he will own.

**III.   The Rest of Erskine's Motion is an Irrelevant, Self-Serving Regurgitation of Erskine's Position on the Merits and Should Be Disregarded by the Court.**

Mr. Erskine expends considerable effort in Sections 4 through 8 of his Motion repeating outlandish, conclusory and self-serving claims and assertions such as: "**I won already**"; "Forrest's response to suit is a 'competing ending' -- 'sorry, the Box just got found by some person in Wyoming' -- **lame, failed dodge, against genuine Solution**"; "**I won. Give me title to the Box, and with accrued interest.**" These statements and the arguments surrounding them have nothing to do with and do not support the request to make the Trust a defendant in this case. These Sections of Mr. Erskine's Motion are not germane to the request to join the Trust as party defendant, and the Court should ignore them completely.

**IV.   Conclusion.**

Based upon the arguments and authorities cited above, the Court should substitute Personal Representative Old as the proper party defendant, and deny Mr. Erskine's Motion to join the Trust.

RESPECTFULLY SUBMITTED this 18th day of December, 2020.

SACKS TIERNEY P.A.


By: */s/ James W. Armstrong*
    James W. Armstrong
    Brian E. Ditsch

SOMMER KARNES & ASSOCIATES


By: */s/ Karl H. Sommer*
    Karl H. Sommer

*Attorneys for Defendant*

6

CERTIFICATE OF SERVICE

I hereby certify that on December 18, 2020, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Brian Erskine
1338 Sabatina Street
Prescott, Arizona 86301
*Plaintiff pro se*

                    */s/ Toni Cooper*

[2900606.2]