IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brian Erskine, | ) |
| | ) |
| Plaintiff; | ) Case No. CV-20-08123-PCT-JJT |
| v. | ) |
| | ) **REPLY TO RESPONSE (D#41)** |
| Forrest Fenn, | ) **TO PLAINTIFF'S MOTION** |
| | ) **TO SUBSTITUTE PARTY (D#39)** |
| Defendant. | ) |
| | ) |

**REPLY TO RESPONSE TO PLAINTIFF'S MOTION TO SUBSTITUTE PARTY**

Previous filings and terms are incorporated by reference. As Plaintiff I sued Forrest, a natural person, in late May, Serving on June 4. The custodian[1] immediately fetched the Box for elderly Forrest, long aware that I had Solved. Service and retrieval together show mutual awareness of performance and liability at the carefully written Poem contract's core. After parties traded jurisdiction filings, defendant Forrest died (D#35), eliminating personal jurisdiction and requiring Substitution. In October and by

---

[1] I know that filings have boundaries — it is not in order for me to express whatever I wish about whatever topic in whatever filing — but as defense in Response gratuitously **emphasized** the obvious and irrelevant fact that **I didn't find the Box**, surely herein I may reference the absurd custodian who now so notoriously did, however much I would rather not. See Exhibit 2: Beaujon, A.; *Washingtonian*, Dec. 7, 2020; *A Guy Who Bombed Out of Journalism Found a Famous Buried Treasure: Former Georgetown student Jack Stuef embarrassed Wonkette and BuzzFeed, and left the news business. Then he found Forrest Fenn's famous chest.* Given negative service-related events of Dec. 9 and 10 (D#40) and custodian's bizarre press statements indicating living in fear and thus presumably being difficult to serve, this belated reveal might aim at some future defense contrivance such as a service challenge, but I need not serve **an irrelevant custodial nonparty, a mere poseur to both contractual performance and genuine case interest** who also was studiously anonymous at filing.

1

vague representation[2] defense Moved to Substitute a plainly invalid judgment debtor, aiming to misdirect suit.  After timely opposing (D#37), on Dec. 4 supported by law and precedent I timely, and correctly, Moved to Substitute Zoe as Estate PR.

I also Moved to Substitute Zoe as Successor Trustee because: (a) natural person Forrest was Trustee as Exhibited;[3] as probate filings show both capacities as interested parties also as Exhibited, no valid reason exists to require me to forgo Trust exposure just because Forrest died, restricting suit **only** to Zoe as Estate PR.  Defense manipulatively 'dividing Forrest, conquering me' by aiming to block Substitution of Zoe as Successor Trustee would misalign with **full survival of cause of action** as law allows.  Also (b) as both Box whereabouts and custodial identity were unknown on Dec. 4 and as defense aims to try this case in the media[4] I have reason to fear defense defiance of hypothetical Court order for Box conveyance unless compliance is motivated by exposing the Land.[5]

---

[2] How does defense counsel file or represent nonparty Zoe in filing (D#36)?  "Because [decedent's] attorney is neither a party, nor a legal successor or PR, he has no authority to move for substitution under Rule 25(a)(1), as the courts have repeatedly recognized. [Citations follow]" *Fariss v. Lynchburg Foundry*, 769 F.2d 958 (4th Cir. 1985).

[3] See Exhibit 1 for informal confirmation from the county assessor.

[4] Failing again.  See Exhibit 2, Vincent, I.; *New York Post,* Dec. 12, 2020; *Treasure hunters claim finder's lack of details raises 'red flags.'*  This lack, of course, is because the finder is mere custodian, fitting my Original Complaint claiming Poem contract unilaterally mandated Box custody.  In poker parlance, I have the 'stone cold nuts.'

[5] Hypothetically, Zoe's house and lot also are exposed if Zoe mismanages the Estate, Trust, probate, or any related judgments, though that indeed would represent separate cause of action.  This partly shows why the Box reportedly is in a N. M. vault, where it best should stay (See Exhibit 2: Andrew, S.; CNN, Dec. 7, 2020; *The man who found Forrest Fenn's treasure wanted to be anonymous.  A lawsuit compelled him to go public*).

As my Supplemental Pleading in which I plan to claim the Box by gold clause is not yet approved, as gold clause law is obscure enough for *Black's* to incompletely define (a rare miss), and as N. M. law likely will apply though the case is in Ariz. Federal court (though state laws substantially converge), I have good cause to explicate the path, including hypothetical money judgment,[6] by which equitable recourse to the Land might avail.[7]

Further to my explication and despite defense's protests by Response (D#41), my express predictions about defense's desperate underhandedness quickly validated when my process service company communicated shocking updates (D#40).  Also, 28 U. S. C. 1631 case transfer is not by right, and must comport with justice.[8]  Whether transfer is by Motion or *sua sponte*, I must show why transfer is just, requiring thorough explication of a complex case.  **Finally, my valid and evidenced claims admittedly are counter-intuitive: it remains widely publicly unknown that the Poem is a unilateral contract with structure and operation analogous to an ordinary auto insurance policy and thus (and for other reasons) widely misapprehended that Box find is performance when it demonstrably isn't** (though defense damaged even that once comfortably incumbent misperception through revealed custodian's inevitably poor credibility,

---

[6] The Congressional Record (1976, 1977) and *Rudolph v. Steinhardt*, 721 F.2d 1324 (11th Cir. 1984) both affirm former N. C. Senator Jesse Helms' gold monetization intent as applicable within the narrow bounds of gold clause law (31 U. S. C. 5118).  Indeed Sen. Helms would have restored the (full, pre-1933) gold standard, had that been possible.

[7] I never have claimed either to have found the Box (though I did publicly claim to have found an 'art treasure' in Overlay form) or yet to have obtained any judgment.

[8] *Fed. Home Loan Bank of Boston v. Moody's Corp.*, 821 F.3d 102 (1st Cir. 2016).

bumbling presentation, and possibly notoriously pathetic character).[9]  Thus I consistently have and show good cause to articulate and sustain my Motion's whole, comprehensive context, following all the way through to theory of equitable liability against a hidden Box now reportedly held in a N. M. vault conveying by contractual Poem in an infamous Quest whose exposure clearly triggers defense fear.  Idiosyncratic mix of jurisdictional matters, defense's pattern of failed misdirections, plain content of probate filings as pertaining to interested parties, and defense arrogantly underestimating *pro se* Plaintiff likely catalyzed by this suit's topic — and not any failure on my part to heed orderly content boundaries in filings — combined to create whatever about my Motion *inter alia* furnished opportunity to help the Court and correct public misperception by previewing what likely inevitably will fully explicate in my pending Supplemental Pleading.

---

[9] Box find **disqualifies** the custodian by the Poem contract's structure, operation, and terms.  Wherever the Box (McGuffin) was hidden, legally the Box only can be either in custody, or not.  No manipulated 'middle ground' exists.  I win either way.  If in custody (likely, though Participants were not meant to know) the find after Service is custodial for **entitlement to the performer (me), not the custodian**.  If not, if abandoned (surely a nonsense misperception fostered to fuel Participation with 'hidden treasure dreams'), Forrest foolishly breached the unilateral custody mandate in the conveyance term.  Also, *Washingtonian* exposes the disqualified custodian's career succession of disqualifying, dubious choices.  Reportedly, the custodian frankly is a hack writer seemingly gambling on fame through 'friendship' with Forrest as a sort of 'Godfather' who seemingly made an offer the custodian couldn't refuse.  Modern feature film also suggests the custodian forgot the spectacular fate of the antagonist who, after taking 'Indiana Jones' hostage, corruptly viewed the Ark of the Covenant in an elaborately staged event: **he 'lost face.' Lamely, and clearly showing orchestration** (other public evidence of orchestration with this custodian exists, to present later, and dating to **June 2019**), **custodian's identity revealed with a book promotion by the reveal story's author** — see Exhibit 2: Barbarisi, D.; *Outside*, Dec. 7, 2020; *The Man Who Found Forrest Fenn's Treasure.* How telling — after I win this suit, I'm perfectly capable of writing my own book!

Anything times zero (0) is zero (0).  With **no case**, defense's **panic** to suppress merits **mention** is clear.  I boldly sued Forrest[10] not for fun, but as the Poem really is a contract that I performed as designed, visually evidenced by Overlay (Photo, Drawing) or **land art.**  I really did Solve, and **humbly — personally presenting to N. M. state police before Forrest through Bell at *True West*** — only to be stonewalled for **years** while reported Participant deaths and rescues recurred as late as March, **proving** police correct.

For the reasons herein and as Moved, particularly after newly spectacular defense misrepresentation of custodian as fake performer and resistance by armed threat to service as reported, I respectfully ask the Court to Substitute Zoe — **pending** Rule 4 service of Zoe, as my painstaking efforts to serve continue — in **both** Moved capacities, thus **aligning** both with the natural person Forrest as original defendant and with probate, for fullest claim survival by state laws and exposure of defense to maximize likelihood of compliance with hypothetical Court order by Federal gold clause law and state laws.

Respectfully submitted this 25th day of December, 2020,


_____
Brian Erskine
Plaintiff
1338 Sabatina Street
Prescott, Arizona 86301-7402
(949) 424-4294
kattigara@gmail.com

_____

[10] See Exhibit 3.

## CERTIFICATE OF SERVICE

I hereby certify that this date, December 25, 2020, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will simultaneously serve notice of such filing to counsel of record and the Court Monitor to their registered electronic mail addresses:

James W. Armstrong
Brian E. Ditsch
SACKS TIERNEY, P. A.

Karl Sommer
SOMMER KARNES AND ASSOCIATES LLP
*Pro Hac Vice*

*Attorneys for Defendant*

_____
Brian Erskine
Plaintiff
1338 Sabatina Street
Prescott, Arizona 86301-7402
(949) 424-4294
kattigara@gmail.com

## EXHIBIT LIST

1. Live chat, Nov. 30, with Santa Fe County Assessor about the Land

2. Press

    2.1 Beaujon, A.; *Washingtonian*, Dec. 7, 2020; *A Guy Who Bombed Out of Journalism Found a Famous Buried Treasure.*

    2.2 Vincent, I.; *New York Post,* **Dec. 12, 2020**; *Treasure hunters claim finder's lack of details raises 'red flags.'* (This is a **new, different article** from the previous *New York Post* Exhibit — it is **fresh public skepticism**).

    2.3 Andrew, S.; CNN, Dec. 7, 2020; *The man who found Forrest Fenn's treasure wanted to be anonymous.  A lawsuit compelled him to go public.*

    2.4 Barbarisi, D.; *Outside*, Dec. 7, 2020; *The Man Who Found Forrest Fenn's Treasure.*

3. Bemused Plaintiff, May 26, filing the Original Complaint by a curious dropbox while pandemic measures prevailed at Phoenix's Federal courthouse, deserted except for the U. S. Marshals