

## DECLARATION OF JAMES W. ARMSTRONG

I, James W. Armstrong, hereby declare as follows:

1.       I am a 1984 graduate of the University of Chicago Law School, a licensed attorney in good standing with the State Bar of Arizona, and an equity shareholder in the firm of Sacks Tierney P.A. in Scottsdale, where I have practiced primarily in the field of commercial litigation and appeals for over 35 years. Among other courts, I have been admitted to practice before the United States Supreme Court, the Arizona Supreme Court, and the United States Courts of Appeals for the Fifth, Ninth, Eleventh, and Federal Circuits.  I am also a member of the Appellate Practice and Intellectual Property Sections of the Arizona State Bar, and have served on the faculty of the Arizona Appellate Practice Institute.

2.       During the course of my career, I have personally participated in the prosecution and defense of numerous personal jurisdiction motions, as well as many more breach of contract actions.

3.       This Declaration is given in support of the appended Motion for Award of Attorneys' Fees, and is based upon my personal knowledge and upon my review of records contemporaneously prepared and maintained in the ordinary course of Sacks Tierney P.A.'s business.  I am a competent witness to the facts described herein.

4.     In June 2020, Sacks Tierney P.A. was asked by Forrest Fenn's longtime attorney in Santa Fe, New Mexico, Karl Sommer, to represent Mr. Fenn in defending a breach of contract action filed against him in the District Court of Arizona by Brian Erskine, arising out of the search for a treasure chest Mr. Fenn hid in the Rocky Mountains in 2010.  After attempting to decipher Mr. Erskine's lengthy and convoluted Complaint and coordinating with Mr. Sommer and Mr. Fenn on the facts and strategy, it was determined that we would move for the dismissal of the Complaint for lack of personal jurisdiction by the deadline imposed under the governing rules, June 25, 2020.

5.     Sacks Tierney P.A. agreed to undertake the representation of Mr. Fenn in this matter on a "reasonable fee" basis, pursuant to the criteria set forth in ER 1.5 of the Arizona Rules of Professional Conduct.  Subject to adjustment under the factors specified in ER 1.5, Mr. Fenn agreed to compensate Sacks Tierney P.A. for its work by paying the normal and customary prevailing hourly rates of the individual attorneys and paralegals who would from time to time be called upon to provide services, with the exception of myself, who agreed to bill this entire matter at a reduced rate, and my co-shareholder, Brian Ditsch, who agreed to a reduced rate for his work in June 2020.  Mr. Fenn further agreed to reimburse Sacks Tierney P.A. for all court costs and other out-of-pocket expenses relating to the

2

representation. A copy of Sacks Tierney's written Fee Agreement with Mr. Fenn is attached hereto as Exhibit 1.

6. Following Mr. Fenn's death in September 2020, his daughter, Zoe Fenn Old, acting as the Personal Representative of the Estate of Forrest Burke Fenn, agreed to continue Sacks Tierney's representation on the same terms. A copy of Sacks Tierney's written Fee Agreement with the Estate is attached hereto as Exhibit 2.

7. Attached to this Declaration as Exhibit 3 is a summary of all of the legal services performed by Sacks Tierney in the defense of Mr. Erskine's lawsuit for which the Estate seeks to recover attorneys' fees. This detailed description identifies each of the lawyers who billed time on the litigation, the amount of time expended measured in tenths of an hour, a concise description of the work performed on a task-by-task basis, and the charges for the work performed. Exhibit 3 also describes the computerized legal research charges that Sacks Tierney made to our client and for which the Estate seeks recovery as an element of its attorneys' fees.

8. All of the fees and charges identified on Exhibit 3 have been or will be billed to Mr. Fenn or his Estate.

9. During the entire course of the District Court proceedings instituted by Mr. Erskine, I was assigned the primary responsibility for researching and

drafting Mr. Fenn's Motion to Dismiss, along with nearly all of the other motions, motion responses, and motion replies which came thereafter, including the appended Motion for Award of Attorneys' Fees. All of my services relating to the defense of this matter were or will be billed to Mr. Fenn or his Estate at the rate of $425 per hour, significantly below my normal and prevailing hourly rate of $480.

10.   I was assisted in defending Mr. Erskine's lawsuit by one other Sacks Tierney P.A. lawyer for whom fees are sought, Brian E. Ditsch. Mr. Ditsch is and has been a shareholder in the firm of Sacks Tierney. P.A. since 1999. Mr. Ditsch is a 1980 graduate (with high distinction) of Indiana University (A.B. with double majors in Political Science and Environmental Studies) and a 1983 graduate of the University of Virginia School of Law. He has been admitted to practice law in Arizona since 1983 and has practiced law in Maricopa County continuously since then, primarily in the area of commercial litigation. All of Mr. Ditsch's services relating to the defense of this matter were billed to Mr. Fenn or his Estate at Mr. Ditsch's normal and then prevailing hourly rate of $420, with the exception of his services in June 2020, which were billed at a reduce hourly rate of $400.

11.   Sacks Tierney P.A. was also assisted in defending this case by Mr. Sommer and his Santa Fe law firm, Sommer Karnes & Associates. Mr. Sommer acted as an essential liaison with Mr. Fenn and his family and provided relevant knowledge and information concerning New Mexico law, the probate of Mr.

Fenn's Estate, and other litigation concerning the treasure chest. Mr. Sommer was also primarily responsible for preparing the declarations in support of Mr. Fenn's Motion to Dismiss and Reply, as well as the December 18, 2020 Response to Mr. Erskine's unsuccessful Motion to Substitute Party. Mr. Sommer's Declaration in support of the Estate's Motion for Award of Attorneys' Fees is attached thereto as Exhibit B.

12.    In total, Sacks Tierney timekeepers billed 206.4 hours for which an award of attorneys' fees is sought in the total amount of $86,649.50.    To avoid even an appearance of duplicative or excessive time, fees are not being sought for the work performed on this matter by two Sacks Tierney paralegals and an associate, nor is an award sought for the time spent on researching and drafting a motion to strike and request for sanctions relating to Mr. Erskine's improper letter filed with the Court on December 17, 2020. That motion and request was not filed in light of the Court's February 1, 2021 Order granting Mr. Fenn's Motion to Dismiss. Various other tasks have not been charged or the time reduced.

13.    In conclusion, based upon my experience, the difficulty of the questions involved, the amount at issue, the results obtained, the importance of this matter to my client, and the other considerations described in LRCiv 54.2, ER 1.5, and *Schweiger v. China Doll Restaurant, Inc.*, 138 Ariz. 183 (App. 1983), I believe that (a) the hourly rates charged by Sacks Tierney P.A. for the worked performed in

defending the lawsuit filed by Mr. Erskine were consistent with or less than the reasonable and customary hourly rates prevailing in the community for similar work, and (b) the total amount of attorneys' fees requested by the Estate (as described in the attached Exhibit) is reasonable and was necessarily incurred to protect Mr. Fenn and his Estate's interests in the pursuit of a successful result.

14.    I declare under penalty of perjury that the foregoing statements are true and correct.

DATED this 12th day of February, 2021.

/s/ James W. Armstrong
James W. Armstrong

[2942379]



**SACKS TIERNEY P.A.**
**TERMS OF REPRESENTATION AND**
**FEE AGREEMENT**

1.      **Description of Legal Services**.  We will be representing Forrest Fenn in connection with the defense of a pending lawsuit commenced by Brian Erskine, alleging that Fenn breached a contract arising from his book "Thrill of the Chase." This description is not all-inclusive, and should not be construed as a complete statement of the work we will provide in this matter. Issues often arise during the course of representation that cannot be predicted in advance; we will advise you as these issues arise and discuss them with you.

2.      **Who Will Provide the Legal Services**.  We believe it is best for our clients to have one attorney who serves as the principal contact attorney.

Brian E. Ditch will be the principal contact attorney working with you. Subject to Brian E. Ditch's discretion, we may, from time to time, delegate specific tasks to other attorneys or paralegals in the firm. This delegation may be for the purpose of involving lawyers or paralegals with particular expertise in a given area, or for the purpose of providing services on the most efficient and timely basis. We will make a concerted effort to provide you with the names of those other attorneys and paralegals who may work on your matter.

To aid in our representation, we may need to hire expert consultants or investigators. We will not engage such persons without first discussing with you their fees and charges, and obtaining your consent to hire such service. Such "outside" service will often be billed to you directly.

3.      **Scope of Work**.  You should have a clear understanding of the legal services we will provide. As your attorney(s), we will take actions on your behalf that we believe will help your case. We will keep you informed of all material progress and consult with you regarding significant developments. Discussions concerning the possible outcome of your legal matters are only expressions of our professional judgment. They are not guarantees, but, rather, are based on our experience, the state of the law, and our knowledge of the facts.

4.      **Insurance Review**.  Please be advised that many claims/defenses or other matters about which you are consulting us may be covered by your insurance. Be sure to review all of your insurance policies and notify your personal/business insurance agent(s) to determine whether you have insurance coverage available.

5.      **How Fees Will Be Set**.  Our normal fee arrangement is the "reasonable fee" arrangement based upon the criteria for reasonableness specified in the Arizona Rules of Professional Conduct. These criteria include:

- the time spent and effort required for tasks performed;
- the difficulty, novelty, or complexity of the problem presented;
- the skill required to perform the services properly;
- the time constraints imposed by the client or the nature of the matter;

- the amount involved and the results obtained for the client; and
- the experience, reputation and ability of the lawyer(s) performing the service.

In most cases, the time and effort factors are weighed most heavily, and the total fee is calculated primarily on the basis of hourly rates. We have established an hourly billing rate for each attorney and paralegal, and we maintain accurate records of the time we devote to your work, including conferences, negotiations, factual and legal research and analysis, document preparation and revision, travel and other related matters. Our time is recorded in units of tenths of an hour. The hourly rates of our lawyers and paralegals are adjusted from time to time to reflect changes in levels of expertise and experience. On occasion, hourly totals may be adjusted at the end of a case — either upwards or downwards — to take into account the various other factors described above. Brian E. Ditch's current hourly rate is $420.

We are frequently asked to provide an estimate of the amount of fees and costs likely to be incurred in connection with a particular matter. We will, whenever possible, furnish such an estimate. However, such an estimate is not to be considered a "not to exceed" or "fixed-fee" quotation, unless we have agreed to an arrangement of that sort in writing.

Periodically, we provide specific well-defined services on a "fixed-fee" or "fixed-hourly" basis. Other than these well-defined circumstances, we do not perform services on a fixed-fee or fixed-hourly basis. All services performed on a fixed-fee or fixed-hourly basis must be set forth in a letter outlining the scope of the services to be performed and the fee to be charged.

We also provide, in certain circumstances, representation on a contingent fee basis. As with fixed-fee arrangements, services performed on a contingent fee basis must be set forth in a letter outlining the scope of the services to be performed and the fee arrangement. All contingent fee arrangements must be approved by the firm's Managing Partner.

6.    **Additional Costs, Expenses and Advances.** It is the general practice of many law firms to track the cost of photocopies and long-distance telephone calls and to assign them to individual clients for billing. Sacks Tierney does not track these specific costs. We do, however, add a surcharge of five percent (5%) of your bill to reflect the typical cost of such service.

We also bill for certain ancillary services provided during the course of your representation that cannot be fairly allocated as a flat percentage charge among our clients. These costs are not included in the hourly rate or the cost surcharge and often will be billed directly to you. These costs include, but are not limited to: outside copying expenses, filing fees, messenger services, special mailing expenses, expert fees, computer research (including specialized legal research services such as Lexis and Westlaw), travel expenses and court reporter costs. We strive to maintain these charges at rates lower than those charged by others in the area.

We will bill for costs as soon as possible after they are incurred, but as we often do not receive immediate billing from the service provider there may be some delay. On occasion, you may receive a cost bill even after receiving a "final" bill for attorneys' fees following the close of your representation. We would be more than happy to discuss with you how we bill for costs and to answer any questions you may have.

7.     **Advance Deposit**. It is our policy to ask clients without an established payment history with the Firm to provide us an advance deposit before commencing work.  We believe that it is appropriate here, and an advance deposit of $10,000 is requested.  Except as provided herein, the advance deposit amount will be held by us in a trust account until our representation is concluded.  If any monthly statement is not paid before coming past due, we will have the right, in our discretion, to apply the amount being held in trust to your outstanding balance.  Should that become necessary, you will still be responsible for any remaining balance, and we will have the right to withdraw from further representation if it remains unpaid.  If we use the advance deposit to pay an outstanding statement, we reserve the right to notify you that we have done so, whereupon you will then promptly replenish the advance deposit so that at all times there is $10,000 on deposit.  If the advance deposit is not replenished within 30 days, we reserve the right to terminate our representation.   The firm retains a security interest in any advance deposits with the Firm.

If the matter in which we are undertaking to represent you is not now in litigation, but litigation ensues, we will require an additional advance deposit suitable to what is customary in litigated matters.  Further, if we are representing you in litigation, we will require an additional advance deposit as a trial deposit prior to the Court's setting a trial date.

By order of the State Bar Policy on Interest on Lawyer's Trust Accounts ("IOLTA"), your advance deposit/trust deposit will be placed in a pooled account.  By court order, interest earned on pooled accounts is payable to the Arizona Bar Foundation for use in law-related education, services to the poor, and similar matters.  Advance deposit and trust amounts in excess of $5,000 may, at your request, be placed into a separate interest-bearing account, in which case interest will be added to the deposit for your benefit and will be included in your taxable income.  The firm retains a security interest in any retainers deposited with the firm.

8.     **Billing Arrangements, Terms of Payment and Interest on Unpaid Balances**.  The firm will send you a statement for services rendered, normally monthly, for both fees and costs.  We expect these statements to be paid promptly.  We reserve the right to charge interest at the rate of ten percent (10%) per annum on any balance which is not paid within 30 days of the date the statement is dated.  If you would like to pay with either a VISA or MasterCard, you may contact the firm's Accounting Department at (480) 425-2681 to make the necessary arrangements.

We will advise you if your account becomes delinquent.  Should the delinquency continue without arrangement of satisfactory payment terms, we reserve the right to withdraw from the representation and pursue collection of your account.  You agree to pay the costs of collecting the debt, including collection agency fees actually and reasonably incurred, court costs, filing fees and a reasonable attorney's fee.

9.     **MERITAS**.  Our firm is a member of MERITAS, an affiliation of independent business and commercial litigation law firms with offices in over 250 cities worldwide.  MERITAS member firms are available to provide assistance to you if requested.  No firm will be engaged on your behalf without your consent.  MERITAS has a number of programs to share information and resources.  MERITAS member firms do not share profits or revenues.  If a firm is engaged on your behalf, you will be billed directly from that firm, unless other arrangements are made.  MERITAS member firms

do not share privileged information, except when jointly representing the same client. MERITAS member firms practice independently and are not in a relationship for the joint practice of law.

10.   **File Destruction**.   At the close of our representation on this matter, your file will be reviewed and any important original documents will be returned to you. The file will be placed in storage for seven years after which time it will be destroyed in accordance with the firm's file destruction policy.

11.   **File Copies**.   During the course of the representation, you will be provided copies of documents as they are generated. These copies are being concurrently tendered to you as your copy of the file. You must retain these documents for your permanent record, as no additional copy will be provided at the conclusion of the representation.

12.   **Electronic Storage and Communications**.   We retain many file documents in electronic format only and these may be stored on a secure separate third party server accessed via the internet. We communicate from time to time with our clients via facsimile, mobile telephone, and email. We will assume that third parties (e.g., employers or family members) do not have access to the email address which you provide us so you can receive confidential correspondence from us at that address. Please be certain that your email filters do not block emails from our office and that the allowable size of incoming emails is sufficient to accept emails from us with attachments and check the email regularly. No form of storage or communication is completely secure and these forms of storage and communication have some risk of improper interception even though our Firm maintains reasonable security measures to assure the confidentiality of your information. If you and or your company require any heightened security measures for the storage or transmission of electronic data, such as for government clearances, please notify us.

13.   **Termination**.   You may terminate our representation at any time, with or without cause, by notifying us. If such termination occurs, your entire file and property will be returned to you promptly Your termination of our services will not affect your responsibility for payment of legal services rendered and additional charges incurred before termination and in connection with an orderly transition of the matter.

Under the Rules of Professional Responsibility several types of conduct or circumstances require or allow us to withdraw from representing a client, including, for example: nonpayment of fees or costs. misrepresentation or failure to disclose material facts, action contrary to our advice, and conflict of interest with another client. We will try to identify in advance and discuss with you any situation which may lead to our withdrawal and if withdrawal becomes necessary we will give you written notice of our withdrawal.

14.   **Right to Arbitrate**.   If you disagree with the amount of our fee, please discuss it with your principal contact attorney or with the firm's managing partner. Typically, such disagreements are resolved to the satisfaction of both sides with little inconvenience or formality. However, upon the agreement of both parties, any controversy relating to attorney fees shall be settled by arbitration in accordance with the Fee Arbitration Rules of the Arizona State Bar, and judgment upon the award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof.

The effective date of this agreement will be retroactive to the date upon which we were first consulted about representation. The parties agree that this agreement is to be kept confidential to the extent permitted by applicable law.

ACKNOWLEDGED AND AGREED TO:

SACKS TIERNEY P.A.                           FORREST FENN

By: _____               By: _____
        Brian E. Ditsch                                         Karl H. Sommer

                                                      Dated: _June 12, 2020 (effective as of June 7, 2020_

Please sign, date and return the original signed copy of this Agreement to Sacks Tierney and retain a copy for your records.

- 5 -

# EXHIBIT 2

**SACKS TIERNEY P.A.**
**TERMS OF REPRESENTATION AND**
**FEE AGREEMENT**

1.     **Description of Legal Services.**  We will be representing Zoe Fenn Old, in her capacity as Personal Representative of the Estate of Forrest Burke Fenn in connection with  the defense of the pending Arizona litigation commenced by Brian Erskine, alleging that Forrest Fenn breached a contract arising from his book "Thrill of the Chase."  This description is not all-inclusive, and should not be construed as a complete statement of the work we will provide in this matter.  Issues often arise during the course of representation that cannot be predicted in advance; we will advise you as these issues arise and discuss them with you.

2.     **Who Will Provide the Legal Services.**  We believe it is best for our clients to have one attorney who serves as the principal contact attorney.

Brian E. Ditsch will be the principal contact attorney working with you. Subject to Brian E. Ditsch's discretion, we may, from time to time, delegate specific tasks to other attorneys or paralegals in the firm.  This delegation may be for the purpose of involving lawyers or paralegals with particular expertise in a given area, or for the purpose of providing services on the most efficient and timely basis.  We will make a concerted effort to provide you with the names of those other attorneys and paralegals who may work on your matter.

To aid in our representation, we may need to hire expert consultants or investigators.  We will not engage such persons without first discussing with you their fees and charges, and obtaining your consent to hire such service.  Such "outside" service will often be billed to you directly.

3.     **Scope of Work.**  You should have a clear understanding of the legal services we will provide. As your attorney(s), we will take actions on your behalf that we believe will help your case. We will keep you informed of all material progress and consult with you regarding significant developments. Discussions concerning the possible outcome of your legal matters are only expressions of our professional judgment.  They are not guarantees, but, rather, are based on our experience, the state of the law, and our knowledge of the facts.

4.     **Insurance Review.**  Please be advised that many claims/defenses or other matters about which you are consulting us may be covered by your insurance. Be sure to review all of your insurance policies and notify your personal/business insurance agent(s) to determine whether you have insurance coverage available.

5.     **How Fees Will Be Set.**  Our normal fee arrangement is the "reasonable fee" arrangement based upon the criteria for reasonableness specified in the Arizona Rules of Professional Conduct. These criteria include:

- the time spent and effort required for tasks performed;
- the difficulty, novelty, or complexity of the problem presented;
- the skill required to perform the services properly;

2936722.v1

7.    **Advance Deposit**. It is our policy to ask clients without an established payment history with the Firm to provide us an advance deposit before commencing work.  We are still holding an advance deposit of $10,000.00 previously provided to us by Mr. Fenn when we were first engaged to defend this matter. Except as provided herein, the advance deposit amount will be held by us in a trust account until our representation is concluded.  If any monthly statement is not paid before coming past due, we will have the right, in our discretion, to apply the amount being held in trust to your outstanding balance.  Should that become necessary, you will still be responsible for any remaining balance, and we will have the right to withdraw from further representation if it remains unpaid.  If we use the advance deposit to pay an outstanding statement, we reserve the right to notify you that we have done so, whereupon you will then promptly replenish the advance deposit so that at all times there is $10,000.00 on deposit.  If the advance deposit is not replenished within 30 days, we reserve the right to terminate our representation.  The firm retains a security interest in any advance deposits with the Firm.

If the matter in which we are undertaking to represent you is not now in litigation, but litigation ensues, we will require an additional advance deposit suitable to what is customary in litigated matters. Further, if we are representing you in litigation, we will require an additional advance deposit as a trial deposit prior to the Court's setting a trial date.

By order of the State Bar Policy on Interest on Lawyer's Trust Accounts ("IOLTA"), your advance deposit/trust deposit will be placed in a pooled account.  By court order, interest earned on pooled accounts is payable to the Arizona Bar Foundation for use in law-related education, services to the poor, and similar matters.  Advance deposit and trust amounts in excess of $5,000 may, at your request, be placed into a separate interest-bearing account, in which case interest will be added to the deposit for your benefit and will be included in your taxable income.  The firm retains a security interest in any retainers deposited with the firm.

8.    **Billing Arrangements, Terms of Payment and Interest on Unpaid Balances**. The firm will send you a statement for services rendered, normally monthly, for both fees and costs.  We expect these statements to be paid promptly.  We reserve the right to charge interest at the rate of ten percent (10%) per annum on any balance which is not paid within 30 days of the date the statement is dated. If you would like to pay with either a VISA or MasterCard, you may contact the firm's Accounting Department at (480) 425-2681 to make the necessary arrangements.

We will advise you if your account becomes delinquent.  Should the delinquency continue without arrangement of satisfactory payment terms, we reserve the right to withdraw from the representation and pursue collection of your account.  You agree to pay the costs of collecting the debt, including collection agency fees actually and reasonably incurred, court costs, filing fees and a reasonable attorney's fee.

9.    **MERITAS.**  Our firm is a member of MERITAS, an affiliation of independent business and commercial litigation law firms with offices in over 250 cities worldwide.  MERITAS member firms are available to provide assistance to you if requested.  No firm will be engaged on your behalf without your consent.  MERITAS has a number of programs to share information and resources.  MERITAS member firms do not share profits or revenues.  If a firm is engaged on your behalf, you will be billed directly from that firm, unless other arrangements are made.  MERITAS member firms do not share

2936722.v1

- the time constraints imposed by the client or the nature of the matter;
- the amount involved and the results obtained for the client; and
- the experience, reputation and ability of the lawyer(s) performing the service.

In most cases, the time and effort factors are weighed most heavily, and the total fee is calculated primarily on the basis of hourly rates. We have established an hourly billing rate for each attorney and paralegal, and we maintain accurate records of the time we devote to your work, including conferences, negotiations, factual and legal research and analysis, document preparation and revision, travel and other related matters. Our time is recorded in units of tenths of an hour. The hourly rates of our lawyers and paralegals are adjusted from time to time to reflect changes in levels of expertise and experience. On occasion, hourly totals may be adjusted at the end of a case — either upwards or downwards — to take into account the various other factors described above. Brian E. Ditsch's current hourly rate is $420.00.

We are frequently asked to provide an estimate of the amount of fees and costs likely to be incurred in connection with a particular matter. We will, whenever possible, furnish such an estimate. However, such an estimate is not to be considered a "not to exceed" or "fixed-fee" quotation, unless we have agreed to an arrangement of that sort in writing.

Periodically, we provide specific well-defined services on a "fixed-fee" or "fixed-hourly" basis. Other than these well-defined circumstances, we do not perform services on a fixed-fee or fixed-hourly basis. All services performed on a fixed-fee or fixed-hourly basis must be set forth in a letter outlining the scope of the services to be performed and the fee to be charged.

We also provide, in certain circumstances, representation on a contingent fee basis. As with fixed-fee arrangements, services performed on a contingent fee basis must be set forth in a letter outlining the scope of the services to be performed and the fee arrangement. All contingent fee arrangements must be approved by the firm's Managing Partner.

6.    **Additional Costs, Expenses and Advances**. It is the general practice of many law firms to track the cost of photocopies and long-distance telephone calls and to assign them to individual clients for billing. Sacks Tierney does not track these specific costs. We do, however, add a surcharge of five percent (5%) of your bill to reflect the typical cost of such service.

We also bill for certain ancillary services provided during the course of your representation that cannot be fairly allocated as a flat percentage charge among our clients. These costs are not included in the hourly rate or the cost surcharge and often will be billed directly to you. These costs include, but are not limited to: outside copying expenses, filing fees, messenger services, special mailing expenses, expert fees, computer research (including specialized legal research services such as Lexis and Westlaw), travel expenses and court reporter costs. We strive to maintain these charges at rates lower than those charged by others in the area.

We will bill for costs as soon as possible after they are incurred, but as we often do not receive immediate billing from the service provider there may be some delay. On occasion, you may receive a cost bill even after receiving a "final" bill for attorneys' fees following the close of your representation. We would be more than happy to discuss with you how we bill for costs and to answer any questions you may have.

- 2 -

2936722.v1

privileged information, except when jointly representing the same client. MERITAS member firms practice independently and are not in a relationship for the joint practice of law.

10.     **File Destruction**. At the close of our representation on this matter, your file will be reviewed and any important original documents will be returned to you. The file will be placed in storage for seven years after which time it will be destroyed in accordance with the firm's file destruction policy.

11.     **File Copies**. During the course of the representation, you will be provided copies of documents as they are generated. These copies are being concurrently tendered to you as your copy of the file. You must retain these documents for your permanent record, as no additional copy will be provided at the conclusion of the representation.

12.     **Electronic Storage and Communications**. We retain many file documents in electronic format only and these may be stored on a secure separate third party server accessed via the internet. We communicate from time to time with our clients via facsimile, mobile telephone, and email. We will assume that third parties (e.g., employers or family members) do not have access to the email address which you provide us so you can receive confidential correspondence from us at that address. Please be certain that your email filters do not block emails from our office and that the allowable size of incoming emails is sufficient to accept emails from us with attachments and check the email regularly. No form of storage or communication is completely secure and these forms of storage and communication have some risk of improper interception even though our Firm maintains reasonable security measures to assure the confidentiality of your information. If you and or your company require any heightened security measures for the storage or transmission of electronic data, such as for government clearances, please notify us.

13.     **Termination**. You may terminate our representation at any time, with or without cause, by notifying us. If such termination occurs, your entire file and property will be returned to you promptly Your termination of our services will not affect your responsibility for payment of legal services rendered and additional charges incurred before termination and in connection with an orderly transition of the matter.

Under the Rules of Professional Responsibility several types of conduct or circumstances require or allow us to withdraw from representing a client, including, for example: nonpayment of fees or costs, misrepresentation or failure to disclose material facts, action contrary to our advice, and conflict of interest with another client. We will try to identify in advance and discuss with you any situation which may lead to our withdrawal and if withdrawal becomes necessary we will give you written notice of our withdrawal.

14.     **Right to Arbitrate**. If you disagree with the amount of our fee, please discuss it with your principal contact attorney or with the firm's managing partner. Typically, such disagreements are resolved to the satisfaction of both sides with little inconvenience or formality. However, upon the agreement of both parties, any controversy relating to attorney fees shall be settled by arbitration in accordance with the Fee Arbitration Rules of the Arizona State Bar, and judgment upon the award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof.

2936722.v1

The effective date of this agreement will be retroactive to the date upon which we were first consulted about representation.  The parties agree that this agreement is to be kept confidential to the extent permitted by applicable law.

ACKNOWLEDGED AND AGREED TO:

SACKS TIERNEY P.A.                         ZOE FENN OLD, IN HER CAPACITY AS
                                           PERSONAL REPRESENTATIVE OF THE
                                           ESTATE OF FORREST BURKE FENN

By: _____               By: _____
    Brian E. Ditsch                            Zoe Fenn Old

Please sign and return the original signed copy of this Agreement to Sacks Tierney and retain a copy for your records.

- 5 -

2936722.v1

**EXHIBIT 3**

**Itemization of Legal Services**

| | | Description | Time | Hourly Rate | Bill Amount |
|---|---|---|---|---|---|
| 6/5/2020 | BED | Telephone call from attorney Karl Sommer re lawsuit filed against Forrest Fenn in US District Court in Prescott, Arizona (.5); reviewed Complaint and exhibits (.5); conference with Mr. Armstrong re motion to dismiss case for lack of personal jurisdiction over out-of-state defendant (.3); telephone call to attorney Sommer (.2). | 1.50 | $ 400.00 | $ 600.00 |
| 6/5/2020 | JWA | Office conference with Mr. Ditsch re facts of new case and potential motion to dismiss for lack of jurisdiction (.7); research magistrate judge decisions (.8); office conference with Mr. Ditsch re same (.1). | 1.60 | $ 425.00 | $ 680.00 |
| 6/8/2020 | BED | Telephone calls to / from Karl Sommer re discovery of hidden chest and on-going legal disputes with other would-be claimants, including Brian Erskine (.4); legal research re basis for Erskine's "contract" claim (.5); began drafting Motion to Dismiss Complaint (.2). | 0.90 | $ 400.00 | $ 360.00 |
| 6/8/2020 | JWA | Office conference with Mr. Ditsch re motion to dismiss complaint (.5); review pleadings (1.4); telephone conference with Mr. Ditsch and Mr. Sommer re strategy (.4); research personal jurisdiction issues (2.5). | 4.80 | $ 425.00 | $ 2,040.00 |
| 6/9/2020 | BED | E-mail to Mr. Sommer re representation of Forrest Fenn (.1); telephone call to Mr. Sommer re case status and strategy (.2); conference with Mr. Armstrong re preparation of motion to dismiss complaint for lack of personal jurisdiction (.3); telephone call from Mr. Sommer and Mr. Fenn re defense of Erskine lawsuit (.3). | 0.90 | $ 400.00 | $ 360.00 |
| 6/9/2020 | JWA | Continue personal jurisdiction research. | 2.10 | $ 425.00 | $ 892.50 |
| 6/10/2020 | JWA | Review attachments to complaint. | 1.00 | $ 425.00 | $ 425.00 |
| 6/11/2020 | JWA | Emails to and from Mr. Ditsch re non-consent to magistrate judge (.1); research local Rule 3.7(b) (.3). | 0.40 | $ 425.00 | $ 170.00 |
| 6/12/2020 | JWA | Draft notice of appearance (.1); analyze jurisdiction case law (2.1). | 2.20 | $ 425.00 | $ 935.00 |
| 6/15/2020 | JWA | Email from Mr. Sommer re declaration and motion to dismiss in Colorado case (.6); prepare questions for Fenn declaration (.5); telephone conference with Mr. Sommer re same (.4); begin drafting motion to dismiss complaint (1.5). | 3.00 | $ 425.00 | $ 1,275.00 |
| 6/16/2020 | BED | Conference with Mr. Armstrong re case status and strategy. | 0.20 | $ 400.00 | $ 80.00 |
| 6/16/2020 | JWA | Research and draft declaration of Mr. Fenn in support of motion to dismiss (2.0); continue work on motion to dismiss (1.2). | 3.20 | $ 425.00 | $ 1,360.00 |
| 6/17/2020 | JWA | Revise Fenn declaration (.3); email to Mr. Sommer re same (.2). | 0.50 | $ 425.00 | $ 212.50 |
| 6/18/2020 | BED | Reviewed draft of Fenn Declaration in support of motion to dismiss for lack of jurisdiction (.2); drafted language to revise Declaration (.1). | 0.30 | $ 400.00 | $ 120.00 |

## Itemization of Legal Services

| | | Description | Time | Hourly Rate | Bill Amount |
|---|---|---|---|---|---|
| 6/18/2020 | JWA | Email from and office conference with Mr. Ditsch re comments on Fenn declaration (.3); continue work on motion to dismiss (2.3). | 2.60 | $ 425.00 | $ 1,105.00 |
| 6/19/2020 | JWA | Email to Mr. Sommer re Fenn declaration and letter to Mr. Erskine re request for dismissal of case (.3); continue work on motion to dismiss, including supplemental research (2.0). | 2.30 | $ 425.00 | $ 977.50 |
| 6/21/2020 | JWA | Emails from Mr. Sommer re revisions to Fenn declaration. | 0.40 | $ 425.00 | $ 170.00 |
| 6/22/2020 | BED | Conference with Mr. Armstrong and telephone call from Mr. Sommer re Fenn Declaration and litigation strategy (.2); reviewed draft of letter to plaintiff demanding dismissal of lawsuit; legal research re statutory authorization for award of attorneys fees against unsuccessful plaintiff in case alleging claim arising out of contract (.5); sent e-mail to Mr. Sommer (.2). | 0.90 | $ 400.00 | $ 360.00 |
| 6/22/2020 | JWA | Draft non-consent to magistrate judge (.3); email to Mr. Sommer re email from Mr. Erskine (.1); revise draft declaration of Mr. Fenn based on revisions by Mr. Sommer (.7); emails to and from Mr. Sommer re same (.2); emails from Mr. Sommer and Mr. Ditsch re letter to Mr. Erskine requesting dismissal (.3); continue work on motion to dismiss (1.8). | 3.40 | $ 425.00 | $ 1,445.00 |
| 6/23/2020 | BED | Received order re assignment of Erskine lawsuit to Judge Tuchi; conference with Mr. Armstrong (.1); reviewed social media and court records re new Judge (.3); e-mail to Mr. Sommer re case status (.2); telephone call from Mr. Sommer re Judge Tuchi; e-mail to Mr. Armstrong re Motion to Dismiss (.1); received order re Rule 12 motions (.1); telephone call from Mr. Sommer (.5); e-mail to plaintiff Brian Erskine re anticipated motion to dismiss complaint for lack of personal jurisdiction (.1). | 1.40 | $ 400.00 | $ 560.00 |
| 6/23/2020 | JWA | Review notice of judge assignment (.1); office conference with Mr. Ditsch re same (.3); research litigation analysis of Judge Tuchi (.5); revise and continue drafting motion to dismiss (3.4); review order requiring conferral on all Rule 12(b) motions (.1); office conference with Mr. Ditsch re same (.2); review email to Mr. Erskine re same (.1). | 4.70 | $ 425.00 | $ 1,997.50 |
| 6/24/2020 | BED | Conference with Mr. Armstrong re preparation of Motion to Dismiss Complaint (.3); telephone call from Mr. Sommer re case status (.1); legal research re claim for award of attorneys fees against plaintiff Erskine in alleged contract action (.5); telephone call from Mr. Sommer re Erskine reply to e-mail re Rule 12(b) motion (.3); conference with Mr. Armstrong re legal research (.1); e-mail to Mr. Sommer (.1); reviewed draft of Motion (.2). | 1.60 | $ 400.00 | $ 640.00 |

**Itemization of Legal Services**

| | | Description | Time | Hourly Rate | Bill Amount |
|---|---|---|---|---|---|
| 6/24/2020 | JWA | Revise and continue drafting motion to dismiss, including analysis of research (1.8); email from Mr. Sommer and office conference with Mr. Ditsch re same (.3); emails to Mr. Sommer re drafts of motion (.2); revise and complete draft (2.0); office conference with Mr. Ditsch re same and attorneys' fees research (.3); review fee cases and add cites to motion draft (.5); review email from Mr. Erskine re motion conferral (.4); review emails from Mr. Ditsch and Mr. Sommer re same (.2). | 5.70 | $ 425.00 | $ 2,422.50 |
| 6/25/2020 | BED | Prepared Notice of Certification of Conferral; conference with Mr. Armstrong; telephone call from Mr. Sommer re filing of Motion to Dismiss; e-mail to Mr. Sommer. | 0.60 | $ 400.00 | $ 240.00 |
| 6/25/2020 | JWA | Office conferences with Mr. Ditsch re status of motion to dismiss and certification of conferral (.3); finalize motion to dismiss and organize filing (1.2); emails to Mr. Sommer re same (.2); email from Mr. Sommer re litigation analysis of Judge Tuchi (.4). | 2.10 | $ 425.00 | $ 892.50 |
| 6/26/2020 | BED | Reviewed plaintiff Erskine's Notice of Conference Certification and Notice of Supplemental Pleading (.1); conference with Mr. Armstrong and Mr. Sommer re case status and strategy (.1); reviewed NM federal court order re amendment of complaint for injunction relief against unnamed person claiming to have found treasure chest (.2). | 0.40 | $ 400.00 | $ 160.00 |
| 6/26/2020 | JWA | Review notice of conference certification and notice of supplemental pleading (.3); research Rule 15 issues (1.0); email to Mr. Sommer re same (.3); office conference with Mr. Ditsch re same, including telephone conference with Mr. Sommer (.4); email from Mr. Sommer re order in New Mexico case (.3). | 2.30 | $ 425.00 | $ 977.50 |
| 6/27/2020 | BED | [NO CHARGE] E-mail to Mr. Sommer re application to admit Mr. Sommer pro hac vice. | - | - | - |
| 6/29/2020 | BED | [NO CHARGE] Reviewed court order re Erskine non-compliance with court rules. | - | - | - |
| 6/29/2020 | JWA | Review order re response to motion to dismiss and local Rule 12.1 (.1); email to Mr. Sommer re same (.1); review filing deficiency notice (.1); email to Mr. Sommer re same (.1). | 0.40 | $ 425.00 | $ 170.00 |
| 7/13/2020 | BED | [NO CHARGE] E-mails from / to Mr. Sommer; conference call with Mr. Armstrong and Mr. Sommer re case status and strategy. | - | $ - | $ - |
| 7/15/2020 | JWA | Review docket entries re pro hac vice admission of Mr. Sommer (.2); Office conference with Mr. Ditsch re same (.1). | 0.30 | $ 425.00 | $ 127.50 |
| 7/16/2020 | BED | Reviewed Erskine Motion for Supplemental Pleading (.3); telephone conference with Mr. Sommer and Mr. Armstrong re litigation strategy (.4); research re Erskine request for transfer to alternative venue and re Fenn claim for attorneys fees under section 12-341.01(A) in case transferred for lack of jurisdiction (.4). | 1.10 | $ 420.00 | $ 462.00 |

**Itemization of Legal Services**

| | | Description | Time | Hourly Rate | Bill Amount |
|---|---|---|---|---|---|
| 7/16/2020 | JWA | Review Motion for Supplemental Pleading filed by Mr. Erskine (.7); Review preliminary research on Rule 15(d) (.3); Office conference with Mr. Ditsch re Motion (.3); telephone conference with and emails from Mr. Sommer re same (.4); preliminarily research 28 USC 1631 (.4); emails to and from Mr. Sommer re same (.3); office conference with Mr. Ditsch re impact on fee claim (.2). | 2.60 | $ 425.00 | $ 1,105.00 |
| 7/17/2020 | BED | Conference with Mr. Armstrong re litigation strategy. | 0.30 | $ 420.00 | $ 126.00 |
| 7/17/2020 | JWA | Research caselaw on Rule 15(d). | 2.10 | $ 425.00 | $ 892.50 |
| 7/23/2020 | JWA | Begin drafting Response to Rule 15(d) Motion, including analysis of research. | 2.50 | $ 425.00 | $ 1,062.50 |
| 7/24/2020 | BED | Conference with Mr. Armstrong re case status and preparation of Response to plaintiff's motion for supplemental pleading. | 0.10 | $ 420.00 | $ 42.00 |
| 7/24/2020 | JWA | Revise and continue drafting response to Rule 15(d) motion. | 2.20 | $ 425.00 | $ 935.00 |
| 7/27/2020 | BED | Telephone calls to / from Mr. Sommer re case status and strategy (.3); reviewed Erskine's Response to Fenn Motion to Dismiss and related papers (.6); telephone call from Mr. Sommer and Mr. Armstrong re litigation strategy (.5). | 1.40 | $ 420.00 | $ 588.00 |
| 7/27/2020 | JWA | Telephone call from Mr. Sommer re motion papers filed yesterday by Mr. Erskine (.3); review withdrawal of prior Rule 15(d) motion, new Rule 15(d) motion, response to motion to dismiss, and supplemental affidavit (2.0); research 28 U.S.C. Section 1631 and governing standards (1.5); telephone conference with Mr. Sommer and Mr. Ditsch re same and strategy (.5). | 4.30 | $ 425.00 | $ 1,827.50 |
| 7/28/2020 | BED | Telephone call from Mr. Sommer re case status and strategy re Fenn's motion to dismiss (.2); conference with Mr. Armstrong (.1); e-mails to / from Mr. Sommer re requesting extension of time for filing Reply in support of Motion (.2) ; reviewed and revised draft of Response to Erskine motion for supplemental pleading (.2). | 0.70 | $ 420.00 | $ 294.00 |
| 7/28/2020 | JWA | Office conference with Mr. Ditsch re telephone conference with Mr. Sommer re strategy (.4); emails from Mr. Sommer re time extension (.2); emails to and from Mr. Erskine re same (.2); email to and office conference with Mr. Ditsch re partial draft of response to withdrawn Rule 15(d) motion (.2). | 1.00 | $ 425.00 | $ 425.00 |
| 7/29/2020 | BED | Telephone call from Mr. Sommer (.2); conference with Mr. Armstrong re case status and strategy (.1). | 0.30 | $ 420.00 | $ 126.00 |
| 7/29/2020 | JWA | Email from Mr. Erskine re no opposition to time extension request (.1); email to Mr. Sommer and office conference with Mr. Ditsch re same (.2); research and draft unopposed motion and order (.4); organize filing of same (.1); review order granting same (.1). | 0.90 | $ 425.00 | $ 382.50 |

**Itemization of Legal Services**

| | | Description | Time | Hourly Rate | Bill Amount |
|---|---|---|---|---|---|
| 7/31/2020 | BED | Telephone call from Mr. Sommer re preparation of Reply in support of Motion to Dismiss (.2); reviewed interviews of Forrest Fenn re publication of The Thrill of the Chase (.3); conference with Mr. Armstrong (.2). | 0.70 | $ 420.00 | $ 294.00 |
| 7/31/2020 | JWA | Email from Mr. Sommer re interview with Mr. Fenn on finding the chest (.2); office conference with Mr. Ditsch re same and other materials in support of motion reply (.2). | 0.40 | $ 425.00 | $ 170.00 |
| 8/3/2020 | JWA | Review notice of motion for supplemental pleading filed by plaintiff (.1); begin work on response to motion (1.5). | 1.60 | $ 425.00 | $ 680.00 |
| 8/5/2020 | JWA | Revise and continue drafting response to Rule 15(d) motion. | 1.50 | $ 425.00 | $ 637.50 |
| 8/6/2020 | BED | [NO CHARGE]  E-mail to Mr. Sommer re evidence for Reply in support of motion to dismiss. | - | $ - | $ - |
| 8/6/2020 | JWA | Office conference with Mr. Ditsch re status (.2); revise and continue drafting Rule 15(d) response (3.1). | 3.30 | $ 425.00 | $ 1,402.50 |
| 8/7/2020 | BED | Telephone call from Mr. Sommer (.1); conference call with Mr. Sommer and Mr. Armstrong re case status and litigation strategy, including use of evidence re Fenn interviews (2010 - 2020) (.2); reviewed draft of Response to (second) motion for supplemental pleading(.2); conference with Mr. Armstrong re filing Response (.2). | 0.70 | $ 420.00 | $ 294.00 |
| 8/7/2020 | JWA | Revise and complete draft response to Rule 15(d) motion (.8); email to Mr. Sommer and office conference with Mr. Ditsch re same (.3); email from Mr. Sommer with compilation of media statements about finding the chest (1.0); telephone conference with Mr. Sommer and Mr. Ditsch re same (.3). | 2.40 | $ 425.00 | $ 1,020.00 |
| 8/10/2020 | JWA | Emails to and from Mr. Sommer re response to Rule 15(d) motion (.1); finalize and file response (.2); begin work on reply in support of motion to dismiss, including additional research on 28 U.S.C. Section 1631 (3.6). | 3.90 | $ 425.00 | $ 1,657.50 |
| 8/11/2020 | BED | Conference with Mr. Armstrong (.1); telephone call from Mr. Sommer (.1); legal research re transfer to another district court pursuant to 28 U.S.C. section 1631 (.3). | 0.50 | $ 420.00 | $ 210.00 |
| 8/11/2020 | JWA | Emails from and to Mr. Sommer re emails between Mr. Fenn and Mr. Bell (.3); office conference with Mr. Ditsch re same (.2); revise and continue work on draft reply (1.7); office conference with Mr. Ditsch and email to Mr. Sommer re new case on Section 1631 (.4). | 2.60 | $ 425.00 | $ 1,105.00 |
| 8/12/2020 | BED | Conference with Mr. Armstrong re preparation of Reply in support of motion to dismiss Complaint. | 0.20 | $ 420.00 | $ 84.00 |
| 8/12/2020 | JWA | Emails to and from Ms. Chester re unreadable Pacer exhibits to Erskine declaration (.3); review legible exhibits (.6); research and listen to Tony Doukoupi interview (.3); email to Mr. Sommer re same (.1); revise and continue drafting reply (2.8). | 4.10 | $ 425.00 | $ 1,742.50 |

**Itemization of Legal Services**

| | | Description | Time | Hourly Rate | Bill Amount |
|---|---|---|---|---|---|
| 8/13/2020 | BED | Telephone call from Mr. Sommer and conference with Mr. Armstrong re preparation of Reply in support of motion to dismiss and supporting Declarations (.4); reviewed communications between Fenn and Erskine (.5). | 0.90 | $ 420.00 | $ 378.00 |
| 8/13/2020 | JWA | Emails from Mr. Sommer re February 2020 letter from Mr. Erskine and emails from and to Mr. Erskine (.8); office conference with Mr., Ditsch and email to Mr. Sommer re same (.3); revise and continue drafting reply (2.4). | 3.50 | $ 425.00 | $ 1,487.50 |
| 8/14/2020 | BED | Reviewed Erskine exhibits. | 0.40 | $ 420.00 | $ 168.00 |
| 8/14/2020 | JWA | Revise and continue work on reply, including review of caselaw cited by plaintiff. | 3.40 | $ 425.00 | $ 1,445.00 |
| 8/17/2020 | BED | [NO CHARGE] Continued legal research re evidentiary issues for Reply in support of motion to dismiss complaint for lack of personal jurisdiction. | - | $ - | $ - |
| 8/17/2020 | BED | Telephone call from Mr. Sommer re Erskine letter to judge concerning settlement proposal and  reviewed letter and Erskine Reply in support of Motion for Supplemental pleading. | 0.40 | $ 420.00 | $ 168.00 |
| 8/17/2020 | JWA | Review plaintiff's reply in support of Rule 15(d) motion and letter to the court proposing settlement conference (2.0); telephone conference with Mr. Sommer re same (.2); office conference with Mr. Ditsch re same (.3). | 2.50 | $ 425.00 | $ 1,062.50 |
| 8/18/2020 | BED | [NO CHARGE] E-mail to Mr. Sommer re status of Fenn Declaration. | - | $ - | $ - |
| 8/18/2020 | JWA | Continue work on reply (2.2); office conference with Mr. Ditsch re supporting declaration and potential motion to strike (.5). | 2.70 | $ 425.00 | $ 1,147.50 |
| 8/19/2020 | BED | Reviewed draft of Second Declaration of Forrest Fenn (.2); telephone call from co-counsel Karl Sommer (.1); conference with Mr. Armstrong re revision of Fenn Declaration and preparation or Reply in support of Motion to Dismiss for lack of jurisdiction (.2); reviewed Erskine Motion to Transfer (alternative to dismissal) (.2); conference with Mr. Armstrong re response to Erskine Motion (.2). | 0.90 | $ 420.00 | $ 378.00 |
| 8/19/2020 | JWA | Emails from Mr. Sommer re drafts of Fenn declaration (.5); office conference with Mr. Ditsch re same (.2); email to Mr. Sommer re same (.1); office conference with Mr. Ditsch and emails to Mr. Keene re hearsay research (.4); review notice and motion to transfer jurisdiction under 28 U.S.C. Section 1631 (.5); emails to and from Mr. Sommer re same (.2). | 1.70 | $ 425.00 | $ 722.50 |
| 8/20/2020 | BED | Reviewed final draft of Fenn Declaration. | 0.10 | $ 420.00 | $ 42.00 |
| 8/20/2020 | JWA | Emails from Mr. Sommer re further revisions of Fenn declaration (.2); email from Mr. Keene re research on media articles as hearsay (.5); continue work on reply (1.1). | 1.80 | $ 425.00 | $ 765.00 |

**Itemization of Legal Services**

| | | Description | Time | Hourly Rate | Bill Amount |
|---|---|---|---|---|---|
| 8/21/2020 | JWA | Analyze key hearsay cases cite by Mr. Keene (.7); revise and continue work on motion to dismiss reply (2.2); revise supplemental declaration of Mr. Fenn (.7); email to Mr. Sommer re same (.1). | 3.70 | $    425.00 | $   1,572.50 |
| 8/22/2020 | JWA | Revise and complete draft reply (1.0); email to Mr. Sommer re same (.1). | 1.10 | $    425.00 | $      467.50 |
| 8/23/2020 | BED | Reviewed and revised draft Reply in support of Motion to Dismiss Erskine Complaint (1.0); conference with Mr. Armstrong (.2). | 1.20 | $    420.00 | $      504.00 |
| 8/23/2020 | JWA | Emails from and to Mr. Sommer re supplemental Declaration and attachments (.2); email from Mr. Sommer re comments on draft reply (.3); email from and office conference with Mr. Ditsch re same (.4); revise reply (.6). | 1.50 | $    425.00 | $      637.50 |
| 8/24/2020 | BED | Telephone call from Mr. Sommer re filing of Reply in support of Fenn motion to dismiss complaint; reviewed Erskine motion in the alternative for transfer to District Court of New Mexico and federal statutes on change of venue; conference call with Mr. Sommer and Mr. Armstrong re litigation strategy. | 0.70 | $    420.00 | $      294.00 |
| 8/24/2020 | JWA | Review and revise reply (.3); office conference with Mr. Ditsch re same (.2); telephone conference with Mr. Sommer and Mr. Ditsch re same and motion to strike settlement letter and motion to transfer jurisdiction (.4); finalize and organize filing of reply, supplemental declaration and attachments (.3). | 1.20 | $    425.00 | $      510.00 |
| 8/25/2020 | JWA | Research and begin drafting  motion to strike improper filings by Mr. Erskine. | 1.50 | $    425.00 | $      637.50 |
| 8/26/2020 | JWA | Revise and continue drafting motion to strike. | 1.40 | $    425.00 | $      595.00 |
| 8/27/2020 | BED | Reviewed draft Motion to Strike Erskine filings (.2); e-mail to Mr. Armstrong (.1). | 0.30 | $    420.00 | $      126.00 |
| 8/27/2020 | JWA | Revise and complete motion to strike, including analysis of Section 1631 cases cited by plaintiff (1.6); emails to and from Mr. Ditsch re draft (.1); office conference with Mr. Ditsch re same (.1). | 1.80 | $    425.00 | $      765.00 |
| 8/28/2020 | JWA | Email from Mr. Sommer re draft motion to strike (.1); draft proposed order (.2); finalize motion (.1); organize filing (.1). | 0.50 | $    425.00 | $      212.50 |
| 8/30/2020 | BED | Reviewed Erskine's Response to Motion to Strike Filings (.2); e-mail | 0.30 | $    420.00 | $      126.00 |
| 8/30/2020 | JWA | Review response to motion to strike (.2); emails to and from Mr. | 0.40 | $    425.00 | $      170.00 |
| 8/31/2020 | BED | E-mail to Mr. Sommer and Mr. Armstrong re preparation of Reply in support of motion to strike filings (.2); conference with Mr. Armstrong (.1). | 0.30 | $    420.00 | $      126.00 |
| 8/31/2020 | JWA | Emails to and from Mr. Ditsch and Mr. Sommer re reply to motion to | 0.50 | $    425.00 | $      212.50 |

**Itemization of Legal Services**

| | | Description | Time | Hourly Rate | Bill Amount |
|---|---|---|---|---|---|
| 9/2/2020 | BED | Reviewed and revised draft of Reply in support of motion to strike Erskine filings (.2); conference with Mr. Armstrong re revisions to Reply and litigation strategy (.1). | 0.30 | $ 420.00 | $ 126.00 |
| 9/2/2020 | JWA | Draft reply in support of motion to strike (2.1); emails to and from Mr. Sommer re same (.1); office conference with Mr. Ditsch re same (.2); finalize reply for filing (.2). | 2.60 | $ 425.00 | $ 1,105.00 |
| 9/3/2020 | BED | [NO CHARGE]  Reviewed final (filed) Reply in support of motion to strike; conference with Mr. Armstrong re final revisions. | - | $ - | $ - |
| 9/8/2020 | BED | Conference with Mr. Armstrong re effect of Mr. Fenn's death on civil litigation (.3); reviewed Rule 25, Fed. R. Civ. P. (.1);  e-mail to Mr. Sommer (.2); reviewed Notice of Death of party (.2); e-mail to Mr. Armstrong (.1). | 0.90 | $ 420.00 | $ 378.00 |
| 9/8/2020 | JWA | Telephone call from Mr. Sommer re death of client (.3); review online news (.3); email to and office conference with Mr. Ditsch re same (.4); research and draft Rule 25 notice of death (.5); emails to and from Mr. Sommer and Mr. Ditsch re same (.1); organize filing (.1); emails from Mr. Ditsch and Mr. Sommer re probate estate (.2). | 1.90 | $ 425.00 | $ 807.50 |
| 9/14/2020 | BED | Received and reviewed e-mail from plaintiff Brian Erskine re substitution of Fenn Estate as defendant in pending lawsuit (.2); conference with Mr. Armstrong re litigation strategy (.1); e-mails from / to Mr. Sommer (.1); legal research re "gold clause" under 31 U.S.C. section 5118 (.2); conference call with Mr. Sommer and Mr. Armstrong (.3); legal research re survival of contract claims past death of defendant (.2). | 1.10 | $ 420.00 | $ 462.00 |
| 9/14/2020 | JWA | Email from Mr. Erskine re death of Mr. Fenn, motion to substitute community property liability, and other issues (.2); email from Mr. Sommer re same (.1); office conference with Mr. Ditsch re same (.3); email to Mr. Sommer re same and proposed response (.2); telephone conference with Mr. Sommer and Mr. Ditsch re same (.3); emails to and from Mr. Sommer and Mr. Ditsch re language of proposed response (.4). | 1.50 | $ 425.00 | $ 637.50 |
| 9/15/2020 | BED | Continued legal research re abatement or survival of contract claims. | 0.10 | $ 420.00 | $ 42.00 |
| 9/15/2020 | JWA | Review New Mexico statute of survival of claims (.2); email to Mr. Ditsch re same (.1). | 0.30 | $ 425.00 | $ 127.50 |
| 9/17/2020 | BED | E-mails to / from Mr. Armstrong and Mr. Sommer re case status and strategy. | 0.10 | $ 420.00 | $ 42.00 |
| 9/17/2020 | JWA | Emails to and from Mr. Sommer re survival of claims under New Mexico law (.1); email to Mr. Erskine in response to September 14 email (.2). | 0.30 | $ 425.00 | $ 127.50 |
| 9/21/2020 | BED | E-mail to Mr. Sommer and Mr. Armstrong re Erskine e-mail. | 0.20 | $ 420.00 | $ 84.00 |

**Itemization of Legal Services**

| | | Description | Time | Hourly Rate | Bill Amount |
|---|---|---|---|---|---|
| 9/21/2020 | JWA | Email from Mr. Erskine re proposed stipulation to substitute Mr. Fenn's estate (.1); email to Mr. Sommer and office conference with Mr. Ditsch re same (.1). | 0.30 | $ 425.00 | $ 127.50 |
| 9/23/2020 | BED | [NO CHARGE] E-mails from Mr. Sommer re communications from Mr. Erskine. | - | $ - | $ - |
| 9/23/2020 | JWA | Emails from Mr. Sommer re blog post from the finder of the chest and Erskine's condolence card. | 0.40 | $ 425.00 | $ 170.00 |
| 9/24/2020 | JWA | Review Internet for blog tribute (.1); emails to and from Mr. Sommer and Mr. Ditsch re same (.1). | 0.30 | $ 425.00 | $ 127.50 |
| 9/29/2020 | BED | Replied to e-mail from Mr. Sommer re Erskine request for conference re another motion to transfer venue to New Mexico (.2); conference with Mr. Armstrong re litigation strategy and conference call with Mr. Sommer (.2). | 0.40 | $ 420.00 | $ 168.00 |
| 9/29/2020 | JWA | Email from Mr. Erskine re proposed new transfer motion (.1); emails from and telephone conference with Mr. Sommer and Mr. Ditsch re same (.4); email from Mr. Sommer re probate application (.2). | 0.70 | $ 425.00 | $ 297.50 |
| 9/30/2020 | JWA | Email to Mr. Erskine re proposed third request for transfer of case. | 0.20 | $ 425.00 | $ 85.00 |
| 10/6/2020 | BED | Conference with Mr. Armstrong re filing substitution of estate as defendant (.2); reviewed Order appointing personal representative for Estate; e-mail to Mr. Sommer; reviewed motion to substitute Estate as defendant (1). | 0.30 | $ 420.00 | $ 126.00 |
| 10/6/2020 | JWA | Emails from and to Mr. Sommer re appointment of personal representative and substitution of party (.4); office conference with Mr. Ditsch re same (.2); research and draft substitution motion and order (1.6); email to Mr. Sommer re same (.1). | 2.30 | $ 425.00 | $ 977.50 |
| 10/7/2020 | BED | Conference with Mr. Armstrong re case status and strategy (Mrs. Fenn has passed away). | 0.10 | $ 420.00 | $ 42.00 |
| 10/7/2020 | JWA | Emails from Mr. Summer and Mr. Ditsch re motion and order for substitution (.1); finalize and file same (.1). | 0.20 | $ 425.00 | $ 85.00 |
| 10/15/2020 | BED | [NO CHARGE] Conference with Mr. Armstrong re case status and strategy. | - | $ - | $ - |
| 10/20/2020 | BED | Reviewed Erskine Response to Motion for Substitution of Estate as Defendant (.2); conference with Mr. Armstrong re preparation of Reply to Erskine Response (.2). | 0.40 | $ 420.00 | $ 168.00 |
| 10/20/2020 | JWA | Review response to motion to substitute (.5); telephone call from Mr. Sommer re same (.2); office conference with Mr. Ditsch re same (.2); research and begin drafting reply (1.7). | 2.60 | $ 425.00 | $ 1,105.00 |
| 10/21/2020 | BED | Reviewed draft of Reply in support of motion to substitute Estate as defendant (.1); conference with Mr. Armstrong re finalizing Reply (.1). | 0.20 | $ 420.00 | $ 84.00 |

**Itemization of Legal Services**

| | | Description | Time | Hourly Rate | Bill Amount |
|---|---|---|---|---|---|
| 10/21/2020 | JWA | Revise and complete draft reply (1.4); office conference with Mr. Ditsch and emails to and from Mr. Sommer re same (.3); revise same (.3). | 2.00 | $ 425.00 | $ 850.00 |
| 10/22/2020 | BED | [NO CHARGE] Telephone call to Mr. Sommer re case status; conference with Mr. Armstrong. | - | $ - | $ - |
| 10/22/2020 | JWA | Finalize and file reply. | 0.10 | $ 425.00 | $ 42.50 |
| 10/30/2020 | BED | [NO CHARGE] E-mail to Mr. Sommer re case status. | - | $ - | $ - |
| 11/12/2020 | JWA | Check calendar for Judge Tuchi (.1); email to Mr. Sommer re same (.1). | 0.20 | $ 425.00 | $ 85.00 |
| 11/23/2020 | BED | [NO CHARGE] Reviewed e-mails re Erskine statement of claim in Fenn bankruptcy case. | - | $ - | $ - |
| 11/23/2020 | JWA | Review disallowance of claim against estate by Mr. Erskine (.1); review court docket (.1); emails to and from Mr. Sommer re statement of claim, including review of same (.4). | 0.60 | $ 425.00 | $ 255.00 |
| 12/4/2020 | BED | Conference with Mr. Armstrong re Erskine Motion to Substitute Fenn Estate and Trust pursuant to Rule 25. | 0.50 | $ 420.00 | $ 210.00 |
| 12/4/2020 | JWA | Email from Mr. Sommer re second claim against probate estate (.3); office conference with Mr. Ditsch re same (.1); review motion to substitute Zoe Old as the defendant (.7); telephone call from Mr. Somme re same (.3). | 1.40 | $ 425.00 | $ 595.00 |
| 12/5/2020 | BED | Reviewed Erskine motion to substitute parties and exhibits. | 1.50 | $ 420.00 | $ 630.00 |
| 12/6/2020 | BED | E-mail to Mr. Armstrong re preparation of Response to Erskine motion to substitute parties. | 0.70 | $ 420.00 | $ 294.00 |
| 12/7/2020 | BED | Reviewed news articles concerning finder of Fenn's hidden treasure (.1); e-mail to Mr. Sommer (.1); conference with Mr. Armstrong (.2); conference call with Mr. Sommer and Mr. Armstrong re case status and strategy (.3). | 0.70 | $ 420.00 | $ 294.00 |
| 12/7/2020 | JWA | Email from Mr. Ditsch re motion to substitute (.2); review new articles on disclosure of the chest finder (.6); email to and telephone call from Mr. Sommer re same (.3). | 1.10 | $ 425.00 | $ 467.50 |
| 12/8/2020 | BED | Telephone conference with Mr. Sommer (.1); e-mails to / from Mr. Sommer re preparation of response to Erskine motion to substitute counsel (.2). | 0.30 | $ 420.00 | $ 126.00 |
| 12/8/2020 | JWA | Telephone conference with Mr. Sommer re response to Erskine motion to dismiss (2); review emails re same (.2). | 0.40 | $ 425.00 | $ 170.00 |
| 12/9/2020 | JWA | Office conference with Mr. Ditsch re status and strategy. | 0.40 | $ 425.00 | $ 170.00 |
| 12/14/2020 | JWA | Emails to and from Mr. Ditsch re status. | 0.10 | $ 425.00 | $ 42.50 |

**Itemization of Legal Services**

| Description | | | Time | Hourly Rate | Bill Amount |
|---|---|---|---|---|---|
| 12/17/2020 | BED | Conference with Mr. Armstrong re filing deadline for Response to Erskine motion to substitute Estate and Trust as defendants (.3); reviewed Erskine letter to Judge Tucchi re attempted service of process (Motion to Substitute) upon Zoe Old with exhibits re alleged threat to process server (.3); telephone conference with Mr. Sommer re Erskine filings (.3). | 0.90 | $ 420.00 | $ 378.00 |
| 12/17/2020 | JWA | Email to Mr. Sommer re draft response to substitution motion (.1); review letter to Judge Tuchi and attachments filed by Mr. Erskine (.6); telephone call from and to Mr. Sommer re same and draft response (.3); research bases for sanctions (1.0). | 2.00 | $ 425.00 | $ 850.00 |
| 12/18/2020 | BED | Reviewed Karl Sommer initial draft of Response to Erskine Motion to Substitute party for Forrest Fenn (.3); conference with Mr. Armstrong and reviewed / revised draft (.5); telephone call from Mr. Sommer (.1); legal research re Arizona provisional remedies (.3); conference with Mr. Armstrong (.2). | 1.40 | $ 420.00 | $ 588.00 |
| 12/18/2020 | JWA | Email from Mr. Sommer re draft responses (.1); revise and edit same (1.4); review comments from Mr. Ditsch (.3); email to and telephone call from Mr. Sommer re same (.3); finalize and file response (.2). | 2.30 | $ 425.00 | $ 977.50 |
| 12/21/2020 | BED | Reviewed draft e-mail to Mr. Erskine (.1); telephone call with Mr. Armstrong and Mr. Sommer (.2). | 0.30 | $ 420.00 | $ 126.00 |
| 12/21/2020 | JWA | Email from and telephone conference with Mr. Sommer re status, strategy, and proposed motion to strike and for sanctions (.5); review proposed email from Mr. Sommer to Mr. Erskine (.2); office conference with Mr. Ditsch re same (.4). | 1.10 | $ 425.00 | $ 467.50 |
| 12/23/2020 | BED | Reviewed draft e-mail from Mr. Sommer to Mr. Erskine (.1); conference with Mr. Armstrong re case status and strategy (.1); telephone call to Mr. Sommer re preparation of motion to strike Erskine submissions to court (.2). | 0.40 | $ 420.00 | $ 168.00 |
| 12/23/2020 | JWA | Emails to and from Mr. Sommer re proposed email to Mr. Erskine, motion to strike, and new action in New Mexico state court (.3); review revision to proposed email (.2); office conference with Mr. Ditsch re same (.2); telephone call from Mr. Sommer re same (.2). | 0.90 | $ 425.00 | $ 382.50 |
| 12/26/2020 | BED | Reviewed Erskine Reply in support of Motion for Substitution of Parties and exhibits. | 0.20 | $ 420.00 | $ 84.00 |
| 12/28/2020 | BED | Conference with Mr. Armstrong re case status and litigation strategy in reply to Erskine Reply memorandum. | 0.20 | $ 420.00 | $ 84.00 |
| 12/28/2020 | JWA | Review reply in support of plaintiff's motion to substitute, including attachments and Fariss opinion (1.3); emails to and from Mr. Sommer re same and proposed notice of appearance on behalf of Zoe Old (.2); office conference with Mr. Ditsch re same (.3). | 1.80 | $ 425.00 | $ 765.00 |
| 12/29/2020 | BED | Reviewed draft Notice of Appearance for Zoe Fenn Old; conference with Mr. Armstrong. | 0.10 | $ 420.00 | $ 42.00 |

**Itemization of Legal Services**

| | | Description | Time | Hourly Rate | Bill Amount |
|---|---|---|---|---|---|
| 12/29/2020 | JWA | Draft notice of appearance on behalf of Zoe Old (.4); emails to and from Mr. Sommer re same (.1); office conference with Mr. Ditsch re same and status (.2); file notice (.1). | 0.80 | $  425.00 | $  340.00 |
| 12/31/2020 | BED | Reviewed Erskine Declaration. | 0.10 | $  420.00 | $  42.00 |
| 12/31/2020 | JWA | Review affidavit of service filing by Mr. Erskine. | 0.30 | $  425.00 | $  127.50 |
| 1/4/2021 | BED | Conference with Mr. Armstrong re Erskine filing and case status / strategy; e-mail to Mr. Sommer. | 0.30 | $  420.00 | $  126.00 |
| 1/5/2021 | BED | Reviewed Old affidavit and e-mail to Mr. Sommer re suggestions to revise affidavit. | 0.30 | $  420.00 | $  126.00 |
| 1/29/2021 | JWA | Review motion to dismiss filed in the Andersen case. | 0.20 | $  425.00 | $  85.00 |
| 2/1/2021 | BED | Reviewed Court Order granting motion to dismiss Erskine lawsuit for lack of jurisdiction (.3); conference with Mr. Armstrong re court rulings and preparation of fee application (.3); telephone conference with Mr. Sommer (.1); e-mail to Mr. Sommer re court rules on fee applications. (.2). | 0.90 | $  420.00 | $  382.50 |
| 2/1/2021 | JWA | Review and analyze order resolving all pending motions (.6); office conference with Mr. Ditsch re same and fee application, including telephone conference with Mr. Sommer (.7); review LRCiv 54.2 and sample fee motions (.5); office conference with Mr. Ditsch re same (.3); review spreadsheet of time entries (.2). | 2.30 | $  425.00 | $  977.50 |
| 2/2/2021 | BED | Reviewed court rule (LRCiv54.2) re fee applications (.2); e-mails to Mr. Sommer and conference with Mr. Armstrong re preparation of application (.5); e-mail to Mr. Erskine re scheduling time to confer re issues concerning award of attorneys' fees (.1); began preparing itemized statement of legal services provided and conference with Mr. Armstrong re reductions of requested fees (.8). | 1.60 | $  420.00 | $  680.00 |
| 2/2/2021 | JWA | Begin drafting motion for attorneys' fees (1.8); office conference with Mr. Ditsch re motion strategy and required conference with Mr. Erskine (.4); telephone conference with Mr. Sommer and Mr. Ditsch re same, motion for clarification of dismissal order, and request for separate judgment (.5); draft motion and request (.5); emails from and to Mr. Sommer re same and email from Mr. Erskine (.3); review email from Mr. Ditsch to Mr. Erskine re conferral on fee motion (.1). | 3.60 | $  425.00 | $  1,530.00 |
| 2/3/2021 | BED | Reviewed draft Motion for Clarification re court's 2/1/21 order (.1); conference with Mr. Armstrong re proposed Order (.1); e-mail to Mr. Erskine re LRCiv54.2 consultation (.1). | 0.30 | $  420.00 | $  127.50 |
| 2/3/2021 | JWA | Office conference with Mr. Ditsch re need for proposed order with motion for clarification (.1); draft order (.1); organize filing (.1); emails from and to Mr. Sommer re dismissal of Bar complaint (.2); review follow-up email to Mr. Erskine (.1); continue drafting fee motion, including supplemental research of fee issues (2.5). | 3.10 | $  425.00 | $  1,317.50 |

**Itemization of Legal Services**

| | | Description | Time | Hourly Rate | Bill Amount |
|---|---|---|---|---|---|
| 2/4/2021 | JWA | Revise and continue work on fee motion (1.9); office conference with Mr. Ditsch re same (.3). | 2.20 | $ 425.00 | $ 935.00 |
| 2/5/2021 | BED | Conference with Mr. Armstrong re preparation of fee application (0.2); reviewed court order re granting motion for clarification and conference with Mr. Armstrong re entry of appealable final judgment (0.1); conference with Mr. Armstrong re Certificate of Consultation for LRCiv 54.,2) (0.1). | 0.40 | $ 420.00 | $ 170.00 |
| 2/5/2021 | JWA | Review order granting motion for clarification (.1); emails to and from Mr. Sommer re same (.1); email to Mr. Sommer re sample fee declarations (.2); revise and continue drafting fee motion (3.6); email to Mr. Sommer re partial draft of motion (.1). | 4.10 | $ 425.00 | $ 1,742.50 |
| 2/6/2021 | BED | Reviewed and revised Armstrong draft of Motion for Award of Attorneys Fees (.3); conference with Mr. Armstrong re further preparation of Motion and Related papers to comply with Local Rule 54.2 (.3). | 0.60 | $ 420.00 | $ 255.00 |
| 2/6/2021 | JWA | Email from and office conference with Mr. Ditsch re comments on draft fee motion (.5); revise and complete draft of motion (2.8); email to Mr. Sommer re same (.1). | 3.40 | $ 425.00 | $ 1,445.00 |
| 2/8/2021 | BED | Conference with Mr. Armstrong re preparation of fee application; e-mails to / from Mr. Sommer. | 0.10 | $ 420.00 | $ 42.50 |
| 2/8/2021 | JWA | Office conference with Mr. Ditsch re status and email from Mr. Sommer re same (.2); begin drafting declaration in support of fee motion (1.3). | 1.50 | $ 425.00 | $ 637.50 |
| 2/9/2021 | BED | Reviewed draft Declaration of James Armstrong and conference with Mr. Armstrong; revised itemization of legal services rendered. | 0.60 | $ 420.00 | $ 255.00 |
| 2/9/2021 | JWA | Revise and complete draft of declaration (2.7); email to Mr. Sommer re same (.1); office conference with Mr. Ditsch re same and status of fee application (.4); revise declaration (.2). | 3.40 | $ 425.00 | $ 1,445.00 |
| 2/10/2021 | BED | Continued preparation of Itemization of legal services (1.0); conference with Mr. Armstrong and telephone call to Mr. Sommer (0.4). | 1.40 | $ 420.00 | $ 588.00 |
| 2/10/2021 | JWA | Emails from Mr. Erskine and Mr. Ditsch re LRCiv 54.2(d)(1) conference (.2); office conferences with Mr. Ditsch and telephone conference with Mr. Sommer re same (.5); revise fee motion and declaration (.9); email to Mr. Sommer re same (.1); review and edit fee itemization, including office conference with Mr. Ditsch (1.2); telephone conference with Mr. Sommer re coordination of all fee filings (.3). | 3.20 | $ 425.00 | $ 1,360.00 |
| 2/11/2021 | BED | Drafted Certificate of Consultation with Mr. Erskine re attorneys' fees (.2); continued preparation of Itemization of Legal Services (1.0); telephone conferences with Mr. Sommer re preparation for consultation with Mr. Erskine (.3); e-mail to Mr. Erskine re papers concerning itemization of fees / services (.1). | 1.60 | $ 420.00 | $ 672.00 |

**Itemization of Legal Services**

| | | Description | Time | Hourly Rate | Bill Amount |
|---|---|---|---|---|---|
| 2/11/2021 | JWA | Email from and telephone conference with Mr. Sommer re his draft fee declaration and itemization (.5); prepare comments on drafts (.4); emails to and from Mr. Sommer re same (.2); revise fee motion and Armstrong declaration (1.4); telephone conferences with Mr. Sommer re strategy for telephone conference with Mr. Erskine (.5). | 3.00 | $   425.00 | $   1,275.00 |
| | | Total Fees: | 206.40 | | $ 86,649.50 |

KEY:

| | | | | | |
|---|---|---|---|---|---|
| JWA | = | James W. Armstrong, Attorney | 166.7 | | $ 70,847.50 |
| BED | = | Brian E. Ditsch, Attorney | 39.7 | | $ 15,802.00 |

## Itemization of Legal Services

| | Description | Time | Hourly Rate | Bill Amount |
|---|---|---|---|---|

| Date | Computerized Legal Research Charges | | Bill Amount |
|---|---|---|---|
| 7/1/2020 | Capital One, F.S.B.- Online Research - Westlaw- cc - June 2020 Thomson West Statement | $ | 451.15 |
| 7/13/2020 | Pacer Online Research Court Records 4/01/20 - 6/30/20 | $ | 30.50 |
| 7/31/2020 | Capital One, F.S.B.- Online Research - Westlaw- cc - July 2020 Thomson West Statement | $ | 156.38 |
| 9/1/2020 | Thomson Reuters-West Publishing Group- Online Research - Westlaw- August 2020 Statement | $ | 317.42 |
| 10/14/2020 | Pacer Online Research Court Records 7/01/20 - 9/30/20 | $ | 13.10 |
| 11/1/2020 | Thomson Reuters-West Publishing Group- Online Research - Westlaw- cc - October 2020 Statement | $ | 116.97 |
| 1/22/2021 | Pacer Online Research Court Records 10/01/20 - 12/31/20 | $ | 14.60 |
| | **Total:** | $ | **1,100.12** |

2938093v1