IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brian Erskine, ) | |
| ) | |
| Plaintiff; ) | Case No. CV-20-08123-PCT-JJT |
| v. ) | |
| ) | **RESPONSE TO RULE 54 MOTION** |
| The Estate of Forrest Burke Fenn, by ) | **(D#49) FOR ATTORNEY'S FEES** |
| and through its Personal Representative, ) | |
| Zoe Fenn Old, ) | |
| ) | |
| Defendant. ) | |

## RESPONSE TO RULE 54 MOTION FOR ATTORNEY'S FEES

For reasons detailed herein I respectfully request relief from any attorney's fees ("Fee(s)") to be awarded in the form(s) of reduction in total Fees and/or a stay of award pending possible appeal. My filings and terms are incorporated by reference.

Parties conferenced about defense counsel's Fee demand on February 12 ("Fee Conference"). Near the date when the Court corrected (D#48) the Order (D#46), my employer directed me to open flexible time away from work to receive the Moderna vaccine. This uncertainty delayed Fee Conference. I was vaccinated on February 13.

The following reasons support my request:

**1. The Order Might Reflect Significantly Partial Defense Merits Success**

Despite Forrest's semantic denial only of bilateral contract, the Order (a) strongly doubts unilateral contract when my claims enjoy benefit of that doubt at the Rule 12(b)(6) stage and (b) expresses that contract might exist seemingly as affirmed by events

1

immediately after Service — key events to which I was denied a first Supplemental Pleading when my performance claims and suit enjoy time priority.  Events after Service even as affirming contract do not actually negate my prior claims.  The Order's marked indetermination about contract, plus other features, would seem to reflect only a partial defense success on the merits and/or enhanced likelihood of appellate success.

**2. The Fee Claim Exceeds or Does Not Reflect the Time, Labor, Difficulty, and Skill This Case Reasonably Required**

This case is simpler than it might appear.  As a practical matter, my suit depends on contract, performance, and time priority.  Though I argue that the (claimed) Poem contract mandates Box custody in its conveyance term, likely no court actually would sustain my claim, regardless of contract text, **had I sued after Box find.**  As Box find would close any open contract not already closed by my prior claim, defense has only a hypothetical contracts case to argue, winning by default if my claim fails.  Defense also argues virtually solely and entirely that I didn't find the Box — as I admitted in my Original Complaint and as never was in dispute.  Compared to case substance, the hours expended in defense, rates reflecting seniority, and total Fees appear excessive.

**3. Gratuitous Fee Conference Threat To Sue For Malicious Litigation (WICP)**

During the brief Fee Conference, I mostly listened and took notes, not having had a chance to review Fees in detail (and only the Arizona Fees; I had to ask about the New Mexico Fees when the total expressed by defense counsel exceeded the written record by over ten thousand dollars ($10,000) — so perhaps New Mexico Fees should be omitted).

2

I was surprised when defense counsel extemporaneously deviated the Fee Conference to threaten new suit for what Arizona law formally calls 'Wrongful Institution of Civil Proceedings' (defense counsel called it something else, but expressly alleged malice — I was told that I had brought great pain to Forrest and family and the common-sense concept of 'sue you for malicious or frivolous litigation' was specific, direct, and clear).  This unsubstantiated threat was despite ample exhibited evidence of a level of respect for both Forrest and Zoe and my reporting to police long ago in response to publicly express police concerns.  My demeanor during the entire Fee Conference was calm and I didn't respond to, or confrontationally provoke, this threat.

**4. Fee Conference Unquantified Conditional Offer to Sharply Reduce Fees in Exchange for Waiving Appeal**

While such an offer was germane to the Fee Conference, when combined with (3) above — amid other acts of intimidation such as the March 2020 Threat Letter, steady defense publicity, and the gun incident with the process server — a manipulative pattern emerges, suggesting that opposing counsel aims to deter appeal, whether by carrot of discount or by stick of increasing the size of a prospective appeal bond by enhanced fee claim while making threats such as to sue for WICP risking my further liability.  I am aware that new appellate protections recently approved by the Arizona Supreme Court likely do not apply in Federal court, and of Rule 62 and Ninth Circuit precedent regarding such a bond.

## 5. Net Benefit of Public Service at Personal Risk: Until I Sued, The Open Contract Notoriously Indefinitely Claimed and Risked Lives and Drove Crimes

Forrest and the Fenn family are not victims in any sense.  Aligned with police, I evidenced that Participant lives lost contributed to motivating my suit.  This was not a self-serving claim arising at suit: I reported to New Mexico state police in person at Santa Fe headquarters on August 27, 2018 before contacting Forrest and in priority response to 2017 press concerns expressed by the Chief.

The Quest in 2020 alone drove one (1) death and another near-death in March in Dinosaur National Monument and two (2) Federal criminal cases stemming from negative January and May events in Yellowstone National Park.  Remarkably, Forrest 'ended' the Quest (in a self-serving publicity-driven sense: plainly, I hold that my performance or claim actually ended it) or the Box 'got found' (as my Original Complaint argued virtually was an obligatory consequence of my claims) right after being Served. While Forrest semantically stated that Quest end was not a 'reaction' to suit, I respectfully ask the Court to draw a more sensible inference.  My suit promoted public safety and demonstrably ended risks, open dangers, and projected **net** court cases.  As a risk and insurance professional, I know lives, safety, and court time have actual value exceeding the claimed Fees.  **Indeed, considering that value and the notoriety of these deaths, risks, rescues, and cases, this suit demonstrably is exceptional and any Fee award should be stayed pending appeal.**

**CONCLUSION**

Expert testimony or documentation of alternative fee arrangements are not required in this simple, unique case.  I respectfully ask the Court to apply discretion and factors cited herein in reducing and/or staying Fee award.  I further respectfully ask the Court to affirm tolling of the appeal period by Rule 54 Motion; for at least a forty-five (45) day stay of collection on any Fee award from the time of fixing by the Court; for clarity as to any applicable deadline(s); and for any applicable deadline(s) to fall no earlier than Monday, March 22 due to the March 13 timing of my second pandemic vaccine dose, upon information and belief the more likely to cause mild illness despite my robust health.


Respectfully submitted this 26th day of February, 2021,

_____
Brian Erskine
Plaintiff
1338 Sabatina Street
Prescott, Arizona 86301-7402
(949) 424-4294
kattigara@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that this date, February 26, 2021, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will simultaneously serve notice of such filing to counsel of record and the Court Monitor to their registered electronic mail addresses:

James W. Armstrong
Brian E. Ditsch
SACKS TIERNEY, P. A.

Karl Sommer
SOMMER KARNES AND ASSOCIATES LLP
*Pro Hac Vice*

*Attorneys for Defendant*

_____
Brian Erskine
Plaintiff
1338 Sabatina Street
Prescott, Arizona 86301-7402
(949) 424-4294
kattigara@gmail.com