James W. Armstrong (No. 009599)
james.armstrong@sackstierney.com
Brian E. Ditsch (No. 009075)
brian.ditsch@sackstierney.com
SACKS TIERNEY P.A.
4250 N. Drinkwater Blvd., Fourth Floor
Scottsdale, Arizona  85251-3693
Telephone:  (480) 425-2600

Karl H. Sommer (admitted *pro hac vice*)
karls@sommerkarnes.com
SOMMER KARNES & ASSOCIATES
125 Lincoln Ave, Suite 221
Santa Fe, New Mexico  87501
Telephone: (505) 989-3800

*Attorneys for Zoe Fenn Old, as Personal Representative of the Estate of Forrest Burke Fenn*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Brian Erskine,<br><br>               Plaintiff,<br><br>v.<br><br>The Estate of Forrest Burke Fenn, by and through its Personal Representative, Zoe Fenn Old,<br><br>               Defendant. | No. 3:20-cv-08123-PCT-JJT<br><br>**REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR AWARD OF ATTORNEYS' FEES** |

On February 12, 2021, Defendant Zoe Fenn Old, as the Personal Representative of the Estate of Forrest Burke Fenn (the "Estate"), filed a Motion for Award of Attorneys' Fees [Doc 49] in compliance with the extensive and detailed requirements of LRCiv 54.2(c), including twenty-four categories of information relating to the Estate's eligibility and entitlement to a fee award, as well as the reasonableness of the total amount of attorneys' fees requested ($98,891.57). In addition, the Estate submitted fifty pages of supporting documentation pursuant to LRCiv 54.2(d), including two Declarations of counsel with task-based itemized statements of the attorney time for which a fee award was

sought.

In his five-page February 26 Response [Doc 51] to the Estate's Motion, Plaintiff Brian Erskine does not contest the Estate's eligibility for a fee award under A.R.S. § 12-341.01(A)-(B). Indeed, he does not even mention that statute once.

With regard to the Estate's entitlement to a fee award -- and again without contesting any of the authorities cited by the Estate -- Mr. Erskine argues that just one of the seven factors discussed in *Associated Indemn. v. Warner,* 143 Ariz. 567, 570 (1985), somehow warrants a discretionary denial or reduction in fees. Specifically, Mr. Erskine asserts that the Court's February 1, 2021 Order of dismissal [Doc 46] "would seem to reflect only a partial defense success on the merits" due to its "marked indetermination about contract." Response at 2.

As discussed in the Estate's fee motion, however, there was nothing "indeterminate" about the successful results of this case in favor of the Estate. Mr. Erskine filed a breach of contract Complaint against Forrest Fenn seeking the recovery of a treasure chest Mr. Erskine valued at $2-3 million (or its cash equivalent). Mr. Fenn promptly filed a Motion to Dismiss the Complaint due to the clear absence of personal jurisdiction. Mr. Erskine opposed that motion, and argued that if the Court nevertheless determined that jurisdiction was lacking, his lawsuit should be transferred to the District Court of New Mexico under 28 U.S.C. § 1631, rather than be dismissed.

In its February 1 Order, the Court granted Defendants' Motion to Dismiss and agreed with Mr. Fenn that a transfer of the case did not meet Section 1631's requirement that it be "in the interest of justice."

> [T]ransfer of the case does not serve the interests of justice "where the plaintiff fails to make a prima facie showing of a right to relief." *Clark v. Busey,* 959 F.2d 808, 812 (9th Cir. 1992). Here, **Plaintiff's Complaint does not state a claim**. Plaintiff alleges that the poem in Defendant's Memoir was a unilateral contract that Plaintiff performed by following the clues to a location deemed by Plaintiff to be correct. Importantly, Plaintiff does not allege that he physically located the Chest at this site or ever possessed it in any manner. The Court has serious doubts as to whether the poem is in fact a unilateral contract. Regardless, there's nothing in the

2

> poem's contents that would indicate that simply "solving" the poem's clues would in turn entitle a person to the Chest. Rather, ***the poem's fourth stanza states "Just take the chest and go in peace," making it clear that any claim to the Chest's contents will be based on actual physical possession of the Chest***. Under both Arizona as well as New Mexico state law, unambiguous contracts are interpreted as written. *** ***Plaintiff allegedly following the clues to arrive at the "correct" location thus does not entitle him to treasure or any type of damages***. Courts have very limited resources and it would not serve the interests of justice to obligate the District Court of New Mexico to spend time on this case where ***Plaintiff has failed to allege facts that state a plausible claim for breach of contract***.

[Doc 46 at 8 (citations omitted) (emphasis added)]

In short, the Courts' Order was in no way ambiguous. The Estate entirely prevailed on its personal jurisdiction defense ***and*** successfully obtained the dismissal of Mr. Erskine's implausible and untenable Complaint, rather than its transfer to the New Mexico District Court. In addition, the Court agreed that the Estate qualified for an award of attorneys' fees as the "successful party" in an action "arising out of a contract" within the meaning of Section 12-341.01(A). The Estate's overall success was therefore not "partial," but as complete and thorough as it could be.

Turning to the reasonableness of the amount of attorneys' fees claimed by the Estate, Mr. Erskine sweepingly contends that "[c]ompared to case substance, the hours expended in defense, rates reflecting seniority, and total Fees appear excessive." It is well established, however, that such a general challenge to the reasonableness of a fee application is "insufficient as a matter of law." *Nolan v. Starlight Pines Homeowners Ass'n,* 216 Ariz. 482, 490-91 (App. 2007).

> Once a party establishes its entitlement to fees and meets the minimum requirements in its application and affidavit for fees, the burden shifts to the party opposing the fee award to demonstrate the impropriety or unreasonableness of the requested fees. *State ex rel. Corbin v. Tocco,* 173 Ariz. 587, 594, 845 P.2d 513, 520 (App. 1992). "[A]n opposing party does not meet [that] burden merely by asserting broad challenges to the application. It is not enough … simply to state, for example, that the hours claimed are excessive and the rates submitted too high." *Id.* (quoting *Arizona v. Maricopa County Med. Soc'y,* 578 F.Supp. 1262, 1264 (D.Ariz.

3

1984)[.]

*Nolan,* 216 Ariz. at 491, *followed in Assyia v. State Farm Mut. Auto. Ins. Co.,* 229 Ariz. 216, 223, ¶29 (App. 2012): s*ee also* LRCiv 54.2(f) ("The responsive memorandum of points and authorities in opposition to a motion for award of attorneys' fees … shall identify with specificity all disputed issues of material fact and shall separately identify each and every disputed time entry or expense item.").

Given that Mr. Erskine makes not a single specific objection to the reasonableness of any particular time entries described in the Estate's fee motion, he has presented no sufficient basis for any reduction of the amount of attorneys' fees claimed.  Moreover, to the extent that Mr. Erskine is arguing that the fees requested by the Estate are disproportionate to the purported "simplicity" of this case, as explained in its fee motion, the Estate agrees that this matter could have been resolved more efficiently had Mr. Erskine confined his efforts to addressing the personal jurisdiction issues raised in Mr. Fenn's early Motion to Dismiss. Instead, however, Mr. Erskine chose to greatly and unnecessarily expand the scope of litigation by engaging in personal attacks and pursuing numerous extraneous issues and motions.  Mr. Erskine "also should have recognized from a reading of A.R.S. § 12-341.01(A) that, in the event of a loss, the risk of paying [his] opponents' attorney's fees was high." *All-Way Leasing, Inc. v. Kelly,* 182 Ariz. 213, 219 (App. 1994). "Indeed, one purpose of section 12-341.01(A) is to encourage litigants in contract actions to consider such risks before filing suit." *Id.*

Finally, as he has done in numerous prior motion papers, Mr. Erskine raises two other entirely irrelevant arguments in apparent opposition to the Estate's fee motion.  First, Mr. Erskine asserts that defense counsel made improper "threats" during the pre-motion consultation mandated by LRCiv 54.2(d)(1).  As that Rule plainly states, the purpose of the consultation is to require the parties to attempt to resolve, in good faith, any disputed issues relating to attorneys' fees before motion practice begins.  To facilitate that (telephonic) consultation, defense counsel provided Mr. Erskine in advance with then current working drafts of the task-based itemized statements of fees for both Sacks Tierney and Sommer

4

Karnes & Associates (the final versions of which were used as exhibits to the Estate's fee motion).[1] During the consultation itself, Mr. Erskine offered no suggestions for resolving any disputed fee issues, while defense counsel indicated that the Estate would be willing to accept a substantially reduced payment of attorneys' fees in exchange for mutual releases of all known and unknown claims, including (but not limited to) any claims that the Estate might be considering for malicious abuse of process, as well as Mr. Erskine's alleged claim to the treasure chest. Such an unsurprising settlement proposal (to which Mr. Erskine never responded) clearly met the "good faith" standard of LRCiv 54.2(d)(1) and was in no manner intended to "threaten" or intimidate Mr. Erskine.

Second, consistent with his prior wholly unsupported conjectures, Mr. Erskine asserts that the filing and service of his "exceptional" lawsuit caused Mr. Fenn to "end" the search for his hidden treasure chest, thereby saving potential lives, promoting public safety, and curtailing "projected **net** court cases." Response at 4. In recognition of this "public service," Mr. Erskine therefore argues that "any Fee award should be stayed pending appeal." *Id.* Whether or not an appeal stay should be granted has, of course, nothing to do with the Estate's instant motion for attorneys' fees. Indeed, until such time that a judgment awarding fees is entered, there is nothing to stay. Moreover, if and when such a judgment is entered, the procedure for obtaining a stay pending appeal and supersedeas bond will be governed by Fed.R.Civ.P. 62 and Fed.R.App.P. 8.

For all of the reasons discussed above and in its February 12 Motion, the Estate respectfully urges the Court to award it the full amount of attorneys' fees it has requested, particularly given Mr. Erskine's failure to sufficiently challenge the Estate's eligibility for and entitlement to such an award, and the reasonableness of the amount requested.

---

[1] On page 2 of his Response, Mr. Erskine contends that the attorneys' fees of New Mexico counsel (Sommer Karnes & Associates) should "perhaps" be omitted from any award entered by the Court because he purportedly had no chance to review those fees and "the total expressed by defense counsel exceeded the written record by over ten thousand dollars ($10,000)." As demonstrated by the attached email transmitting both defense firms' draft fee itemizations to Mr. Erskine, these statements by Mr. Erskine are simply false.

DATED this 4th day of March, 2021

        SACKS TIERNEY P.A.

        */s/ James W. Armstrong*
        James W. Armstrong
        Brian E. Ditsch


        SOMMER KARNES & ASSOCIATES

        */s/ Karl H. Sommer*
        Karl H. Sommer

        *Attorneys for Zoe Fenn Old, as Personal Representative of the Estate of Forrest Burke Fenn*

## CERTIFICATE OF SERVICE

I hereby certify that on March 4, 2021, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Brian Erskine
1338 Sabatina Street
Prescott, Arizona 86301
*Plaintiff pro per*

　　　　　　　　　　　　　　　　　　　　*/s/ Toni Cooper*

[2957757]