IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brian Erskine,<br><br>           Plaintiff,<br><br>v.<br><br>Forrest Fenn,<br><br>           Defendant. | No. CV-20-08123-PCT-JJT<br><br>**ORDER** |

      Defendant, the Estate of Forrest Burke Fenn, through personal representative Zoe Fenn Old, filed a Motion for Award of Attorneys' Fees (Doc. 49) to which Plaintiff filed a Response in opposition (Doc. 51); Defendant then filed a Reply (Doc. 53). No party requested oral argument on the matter and the Court concludes such a hearing would not assist in resolution of the Motion. See LRCiv 7.2(f). The operative facts of this matter are well chronicled in the Court's earlier Order granting Defendant's Motion to Dismiss (Doc. 46) and it therefore will not repeat them here.

      A.R.S. § 12-341.01(A) provides in relevant part that "[i]n any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorneys' fees." This matter arose out of contract. Plaintiff alleged that Defendant's conduct created a "unilateral" contract, and the cornerstone of his claim was an alleged breach of that contract. And there is no doubt Defendant was the successful party. The Court granted Defendant's Motion for dismissal of the matter in full for lack of jurisdiction. (Doc. 46.) For a defendant there can be no greater success than full dismissal.

To the extent Plaintiff argues that because the Court dismissed on jurisdictional grounds rather than on the merits of the contract question, Defendant was not the "successful party," the Court rejects that argument soundly. Defendant won. The case is over. He—now his estate—is the "successful party" in "a contested action arising out of contract" for purposes of Section 12-341.01. *See, e.g., Balestrieri v. Balestrieri*, 232 Ariz. 25, 28 (App. 2013); *Britt v. Steffen*, 220 Ariz. 265, 267 (App.2008). Defendant is thus eligible for reasonable attorneys' fees under the statute.

Having determined Defendant's eligibility for a fee award, the Court applies the following factors to determine whether Defendant also is entitled to such fee: 1) the merits of the claim presented by the unsuccessful party; 2) whether the litigation could have been avoided or settled and thus the successful party's efforts were completely superfluous in achieving the result; 3) whether assessing fees against the unsuccessful party would cause an extreme hardship; 4) whether the successful party did not prevail with respect to all of the relief sought; 5) the novelty of the legal question presented; 6) whether such claim previously had been adjudicated in the jurisdiction; and 7) whether the award would discourage other parties with tenable claims from litigating or defending legitimate contract issues for fear of incurring liability for substantial amounts of attorneys' fees. *Associated Indem. Corp. v. Warner*, 143 Ariz. 567, 570 (Ariz. 1985).

These factors favor the award sought. As the Court determined in its dismissal Order, Plaintiff failed to demonstrate the Court had personal jurisdiction over Defendant, finding that general jurisdiction was "plainly absent" and specific jurisdiction has "clearly not been met." (Doc. 15 at 6, 8.) Plaintiff's threshold claim of personal jurisdiction thus had no merit. It also is clear from the parties' filings that the litigation could not have been avoided, and thus defense counsel's efforts were necessary to resolve this matter, as Plaintiff rebuffed Defendant's documented efforts to otherwise resolve the matter and Plaintiff subsequently took extreme positions once he instituted the action. And Plaintiff has not addressed in his Response, and therefore has failed to meet his burden to show,

whether an award of fees would cause an extreme hardship for him. *See Woensdregt v. Handyman Connection*, 2019 WL 4316556 (Ariz. App. Ct. Sept. 12, 2019).

Defendant prevailed with respect to all relief sought—he achieved dismissal of the action. The legal question presented to the Court was not novel and is regularly adjudicated in the state and District of Arizona. Finally, the Court finds easily that an award of fees here would not discourage other parties with tenable claims from litigating legitimate contract issues for fear of incurring attorney fee liability, the operative words here being *tenable* and *legitimate*. Thus, the Court concludes Defendant is entitled to an award of attorneys' fees in this matter.

Finally, the Court concludes what amount of fees is reasonable as an award. Defendant has complied with LRCiv 54.2 by providing briefing and supporting documentation to allow the Court to evaluate the reasonableness of the fee award. In determining what award is reasonable, the Court must consider factors including: 1) the time and labor required of counsel; 2) the novelty and difficulty of questions presented; 3) the skill requisite to perform the legal service properly; 4) preclusion of other employment by counsel because of accepting this action; 5) the customary fee charged in matters of the type involved; 6) whether the fee is fixed or contingent; 7) any time limitations imposed by the client or circumstances; 8) the amount of money involved and results obtained; 9) the experience, reputation and ability of counsel; 10) the "undesirability" of the case; 11) the nature and length of the professional relationship between counsel and client; 12) awards in similar actions; and 13) other matters deemed appropriate under the circumstances. LRCiv 54.2(c)(3).

The Court finds the amount of time and labor required by counsel to complete the tasks before it ultimately was reasonable. Ordinarily, the Court would question how attorneys' fees of nearly $100,000 would be justified in defending a matter that was dismissed on a Rule 12(b) motion before discovery commenced on the sole issue of personal jurisdiction—which, as set forth *supra* and considered again here as a reasonableness factor, is not novel and has been decided by courts of this state and District

many times. But a review of the docket, the filings contained in it and the itemized billing statement reveals that due to the volume, aggressiveness and at times inscrutability of Plaintiff's filings, significant additional time was required of defense counsel. Next, the factor discussing preclusion of other work as a result of accepting this matter is largely neutral here, as the matter did not consume an inordinate amount of time for any counsel involved, though at times would have precluded acceptance of new work of an urgent nature. Similarly, the time limitations imposed by the matter were routine in that in every litigation, counsel must adhere to court deadlines for pleading and motion practice.

With respect to customary fees charged for a matter of this type, the Court finds that the hourly rates charged by the three attorneys representing Defendant in this matter are reasonable in light of: 1) the market in which counsel practice, respectively; 2) the area and level of practice in which they engage; 3) the skill requisite to perform the legal services required here properly and 4) the experience, reputation and ability of counsel—these last two characteristics being factors the Court must independently consider here under Rule 54.2. Moreover, Plaintiff does not challenge the hourly rates established by the respective fee agreements. The fee agreements provided for, and the billing statements reflect, billing at an hourly rate rather than a fixed fee or on a contingency basis, which shifts the risk to the client and therefore does not in and of itself justify a higher fee to compensate for risk assumed by counsel. The results obtained in the matter for Defendant—full dismissal before having to engage in discovery, dispositive motion practice and trial—militate toward the fee being reasonable. There was nothing "undesirable" about this matter justifying a higher fee, and the length of relationship between any counsel and their client is neutral in this evaluation. An award of the amount requested here is consistent with other awards in similar matters involving the level of litigiousness observed.

Upon evaluation of these factors, the Court concludes the requested award of $98,891.12 in attorneys' fees is reasonable and will award same to Defendant. The Court also will award Defendant $1,100.12 in costs, which comply with the rules' requirements.

**IT IS ORDERED** granting Defendant's Motion for Award of Attorneys' Fees (Doc. 49.) Defendant is awarded $98,891.12 in fees and $1,100.12 in costs.

Dated this 1st day of December, 2021.

_____
Honorable John J. Tuchi
United States District Judge